**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION**
DOUGLAS J. CAMPION, ESQ. (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No.: **'13CV0131 JLS WMC**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227** *et seq.*<br><br>DEMAND FOR JURY TRIAL |

1

*Molnar et al v. NCO Financial Systems, Inc.*
CLASS ACTION COMPLAINT

## INTRODUCTION

1. Jeffrey Molnar and Wesley Thornton ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NCO Financial Systems, Inc. ("Defendant"), in negligently, and /or willfully contacting Plaintiffs through telephone calls on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, a Pennsylvania corporation, is, and at all times herein mentioned was registered and doing business in the County of San Diego, State of California.

///

///

## PARTIES

4.  Plaintiff Jeffrey Molnar is, and at all times mentioned herein was, a citizen and resident of the State of Ohio. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

5.  Plaintiff Wesley Thornton is, and at all times mentioned herein was, a citizen and resident of the State of Virginia. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6.  Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a Pennsylvania corporation, and a "person," as defined by 47 U.S.C. § 153 (32).

7.  On information and belief, Defendant, a Pennsylvania corporation registered to do business in California, is engaged in the business of collecting debts in California. Defendant's principal place of business is located at 507 Prudential Road, Horsham, PA 19044. Defendant is perhaps the nation's largest debt collector with more than 100 office locations throughout the U.S. and in six foreign countries.

8.  Plaintiffs allege that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

9.  Commencing approximately October 3, 1012, through the present, Plaintiff Jeffrey Molnar received a number of unsolicited, prerecorded, phone messages to his wireless phone, for which Plaintiff provided no consent to call.

10.  Plaintiff Jeffrey Molnar has attempted blocking the unsolicited calls from Defendant, however Defendant continues to call from a number of different phone numbers including: 760-303-4034, 716-404-2231, 866-233-9291, 800-709-8625, 888-899-4780.

11. Commencing approximately January 1, 2009, through the present, Plaintiff Wesley Thornton received a number of unsolicited, prerecorded, phone messages to his wireless phone, for which Plaintiff provided no consent to call.

12. Plaintiff Wesley Thornton receives hundreds of calls and voicemails, sometimes up to seven times per day.

13. These unsolicited phone calls placed to Plaintiffs' wireless telephones were placed via an "automatic telephone dialing system," ("ATDS") or an artificial or pre-recorded voice system, as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to produce or store and dial numbers randomly or sequentially, to place telephone calls and / or SMS or text messages to Plaintiffs' cellular telephone.

14. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiffs incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

15. Plaintiffs did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

16. These phone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

18. Plaintiffs represent, and are a member of the Class, consisting of all persons within the United States who receive any unsolicited telephone calls from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. Section

227(B)(1)(A)(3) or artificial or prerecorded voice, which telephone call by Defendant or its agents was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

19. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

20. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

24. As persons that received at least one unsolicited telephone call to their cell phones without Plaintiffs' prior express contest, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

25. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

26. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

27. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

28. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

31. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

33. Plaintiffs incorporate by reference the above paragraphs 1 through 28 inclusive, of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and / or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

35. As a result of Defendant's knowing and /or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

37. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

39. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

40. As a result of Defendant's, and Defendant's agents', willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

42. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 16, 2013          */s/ Ronald A. Marron*
                                 By: Ronald A. Marron
                                 **LAW OFFICES OF RONALD A. MARRON, APLC**
                                 RONALD A. MARRON
                                 SKYE RESENDES
                                 ALEXIS WOOD
                                 3636 4th Avenue, Suite 202
                                 San Diego, California 92103
                                 Telephone: (619) 696-9006
                                 Facsimile: (619) 564-6665

                                 **LAW OFFICES OF DOUGLAS J. CAMPION**
                                 DOUGLAS J. CAMPION
                                 409 Camino Del Rio South, Suite 303
                                 San Diego, California 92108

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*doug@djampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

**Attorneys for Plaintiffs and the Proposed Class**