Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Ste 150
San Diego, CA  92108
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situate and the general public,<br><br>    Plaintiff,<br><br>    vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>    Defendant. | Case No.  13-CV-0131 JLS MC<br><br>MEMORANDUM OF POINTS AND AUTHORITITES IN SUPPORT OF NCO FINANCIAL SYSTEMS, INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404<br><br>Date: May 23, 2013<br>Time: 1:30 p.m.<br>Judge Janis L. Sammartino |

Defendant, NCO Financial Systems, Inc. ("NCO"), moves this Court for an order transferring this matter from the United States District Court, Southern District of California to the Eastern District of Pennsylvania for the convenience of the parties and witnesses.  There is no connection between the parties, any witness and the Southern District of California.

Transfer is especially warranted here, as neither Plaintiff is a California resident (Plaintiff Molnar is an Ohio resident, Plaintiff Thornton is a Virginia resident). And although NCO is deemed to reside in this district for venue purposes under 28 U.S.C. § 1391(d), NCO is both incorporated and headquartered in Pennsylvania. Finally, the calls allegedly received by Plaintiffs were not directed to or sent from this district, and the majority of anticipated witnesses and evidence are located in Pennsylvania or its neighboring states. Indeed, the only connection this matter has to Southern District of California is the location of Plaintiffs' counsel.

This matter should not have been filed in the Southern District of California, and transferring the matter to the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and serve the interests of justice.

### I.     Out of State Plaintiffs Filed Their TCPA Claim in the Southern District of California

This is a putative class action bringing claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Plaintiffs' individual claims arise out of NCO's alleged attempts to contact them on their cell phones. However, Plaintiffs do not allege any facts that are connected to this district. They do not allege any of the calls originated from this district. They do not allege any of the calls were directed to this district. Neither Plaintiff resides in this district, and NCO is neither incorporated nor headquartered in California or this district.

Rather, Plaintiff Molnar alleges he is an Ohio resident (Doc. #1, Complaint, ¶ 4.) and Plaintiff Thornton alleges he is a Virginia resident. (Doc. #1, Complaint, ¶ 5.) Plaintiffs allege NCO is a Pennsylvania corporation with a principal place of business in Horsham, Pennsylvania. (Doc. #1, Complaint, ¶ 7.) Despite these facts, Plaintiffs filed their complaint in the Southern District of California.

## II. This Case Should Be Transferred to the Eastern District of Pennsylvania

Pursuant to 28 U.S.C. § 1404(a), this Court may, for the convenience of the parties and witnesses, and in the interest of justice, transfer any civil action to any other district where the action might have been brought.

As an initial matter, NCO concedes venue would be proper in this district, as it is subject to personal jurisdiction here.  Next, there can be no dispute that this matter could have been filed in the Eastern District of Pennsylvania, as that is the district in which NCO's principal place of business is located.  As explained below, the interests of justice will be well served by a change in venue as the convenience factors strongly favor a transfer.

<u>Party Convenience Favors Transfer</u>: The Eastern District of Pennsylvania is much more convenient for all of the parties, as NCO is located there, and it is thousands of miles closer to both Plaintiffs than San Diego, and travelling for depositions would not involve a three hour time change if the matter were venued in the Eastern District of Pennsylvania.  Furthermore, litigation expenses such as travel costs would be dramatically reduced for all parties if the case were transferred to the Eastern District of Pennsylvania.  As such, the Eastern District of Pennsylvania is not only more convenient for NCO, but for Plaintiffs as well.

<u>Witness Convenience Favors Transfer</u>: Likewise, the Eastern District of Pennsylvania is much more convenient for the anticipated witnesses.  NCO expects the fact witnesses proffered by Plaintiffs will reside Plaintiffs' home states of Ohio and Virginia.  NCO anticipates none of Plaintiffs' fact witnesses will reside in San Diego.  NCO expects the majority of its witnesses will work out of Horsham, Pennsylvania. Requiring non-party witnesses to travel cross-country to San Diego for trial would be an incredible inconvenience for any such witness.

Additional Factors: When determining whether transfer is appropriate, the courts may consider additional factors such as: 1) plaintiff's choice of form; 2) the parties contacts with the forum; 3) contacts in the chosen forum that relate to plaintiff's claims; 4) litigation costs; 5) the availability of compulsory process to compel the attendance of unwilling witnesses; 6) access to evidence; and 7) the unfairness of imposing jury duty on citizens in an unrelated forum.  See *Pavao v. Unifund CCR Partners*, 2013 WL 1289756, at 2 (S.D. Cal. 2013); *Sweet-Reddy v. Vons Cos., Inc.*, 2007 WL 841792, at 2 (N.D. Cal., 2007).

An Out-of-State Plaintiffs' Choice of Forum is Entitled to Little Deference: In matters such as this one where neither plaintiff resides in this district, their choice of forum is afforded little weight. See *In re Apple, Inc*. 602 F.3d 909, 913 (8th Cir. 2010); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 236 (1981); see also *Sweet-Reddy v. Vons Cos., Inc.*, 2007 WL 841792, at 3 (N.D. Cal., 2007).  Indeed, the proposed transferee court is thousands of miles closer to their home states.

Plaintiffs Have No Substantial Contacts with This Forum: Plaintiffs have not alleged any personal contact with this forum, as they do not claim to have received any calls in this district.  Nor do Plaintiffs claim to have ever stepped foot in this district.  Plaintiffs reside on the other side of the country, and have no established contact with this district.  On the other hand, NCO has significant contacts with the Eastern District of Pennsylvania, as its principal place of business is located there, and it is a Pennsylvania corporation.

Indeed, Plaintiffs' only contact with this forum is their counsel, which is not an appropriate reason to keep the case here.  See *In re Horseshoe Ent*., 337 F.3d 429, 434 (5th Cir. 2003).

Plaintiffs' Causes of Action Have No Connection to this Forum: Plaintiffs do not allege they were damaged by any calls originating from or received in this

district.  To the contrary, Plaintiffs allege they were citizens and residents of Ohio and Virginia at all times mentioned in the complaint.

<u>Litigation Costs Favor Transfer</u>: It will be more expensive to litigate this case in San Diego, as any party appearance will require cross-country travel and overnight stays if the case remains in this district.  Such concerns are greatly alleviated if the case is transferred to the Eastern District of Pennsylvania, as party witnesses are either located in or are much closer to that district.

<u>The Availability of Compulsory Process is a Neutral Factor</u>:  Although the availability of compulsory process is a neutral factor, the inconvenience to any non-party witness is greatly reduced if the case is venued in the Eastern District of Pennsylvania should their attendance be required at a court proceeding.

<u>Evidence Is More Easily Accessed in the Eastern District of Pennsylvania</u>: NCO is headquartered in the Eastern District of Pennsylvania, and witnesses and documents relevant to Plaintiffs' claims and defenses will be located there.  To the extent NCO is required to produce voluminous records related to Plaintiffs and the putative class, that production is more easily accomplished where NCO is headquartered.

<u>It is Unfair to Impose Jury Duty on the Citizens of the Southern District of California</u>: It would be unreasonable to burden the citizens of the Southern District by requiring them to sit on a jury to resolve claims of Ohio and Virginia residents against a Pennsylvania corporation.  *Pavao*, 2013 WL 1289756 at 5.

<u>The Location of Plaintiffs' Counsel Should Not Be Considered</u>: There is only one way in which the Southern District of California is more convenient – for Plaintiffs' counsel, whose office is located in San Diego.  As mentioned above, the convenience of counsel is not a reason to keep the case in the Southern District of California.  See *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003)("The

factor of 'location of counsel' is irrelevant and improper for consideration in determining the question o f the transfer of venue.").

### III.   Conclusion

Because this district has no connection to the case, Plaintiffs reside on the other side of the country, none of the alleged wrongs occurred here, NCO is incorporated and headquartered in Pennsylvania, and the Eastern District of Pennsylvania is far more convenient to the parties and anticipated witnesses, NCO respectfully requests this Court transfer this case to the Eastern District of Pennsylvania.

Dated: 4/23/13                     SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

   */s/ Albert R. Limberg*
   Albert R. Limberg
   Attorney for Defendant
   NCO Financial Systems, Inc.