**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-00131-JLS-WMC<br>CLASS ACTION<br>Filed: January 16, 2013<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTION**<br><br>Hon. Janis L. Sammartino<br><br>Date:    June 20, 2013<br>Time:   1:30 p.m.<br>Ctrm:   4a |

| | |
|---|---|
| ROSEMARY HOUSE, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-00-685-JLS-WMC<br>CLASS ACTION<br>Filed: March 21, 2013 |

# I.   INTRODUCTION AND BACKGROUND

On January 16, 2013, Jeffrey Molnar and Wesley Thornton, on behalf of themselves, others similarly situated and the general public ("Plaintiffs"), brought this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), against NCO Financial Systems, Inc. ("NCO" or "Defendant") for negligently, knowingly, and/or willfully contacting Plaintiffs on their cellular telephones, in violation of the TCPA, thereby invading Plaintiffs' privacy and causing them damages ("*Molnar*"). Dkt. No 1; *see also* Declaration of Ronald A. Marron filed concurrently herewith ("Marron Decl."), Ex. 1. On February 22, 2013, Defendant filed its Answer. *See* Dkt. No. 10.

On March 21, 2013, Rosemary House filed a nearly identical case against Defendant in this Court, styled *House v. NCO Financial Systems, Inc.*, No. 3:13-cv-685-L-BLM (S.D. Cal.) ("*House*"). Marron. Decl., Ex. 2. Thereafter, on March 22, 2013, *House* was transferred to the *Molnar* Court pursuant to the Low-Number Rule. *See House* Dkt. No. 4 (Honorable Janis L. Sammartino consenting to the transfer); Marron Decl., Ex. 3. In that order the Court determined the *Molnar* and *House* cases:

(1)   arise from the same or substantially identical transactions, happenings or events; or

(2)   involve the same or substantially the same parties or property; or

(4)   call for determination of the same or substantially identical questions of law; or

(6)   for other reasons would entail unnecessary duplication of labor if heard by different judges.

*See id.* Accordingly, on March 28, 2013, this Court officially related the *Molnar* and *House* cases. *See id.*

A month later, on April 23, 2013, Defendant filed a motion to change venue pursuant to 28 U.S.C. § 1404. Dkt. No. 18. Defendant's motion, however, failed to mention the related case currently pending before this Court.

1

The *Molnar* Plaintiffs now bring this motion to consolidate the *Molnar* and *House* cases (collectively, the "Related Actions").[1] Given the close similarities between the two actions against the same Defendant, involving the same conduct by Defendant in violation of the TCPA as it relates to the same putative class of individuals, consolidation for all purposes is warranted.

## II.   CONSOLIDATION IS WARRANTED

### A.   Legal Standard

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ P. 42(a)(2). "The district court has broad discretion under Rule 42 to consolidate cases pending in the same district." *Yanek v. Staar Surgical Co.*, Nos. CV 04-8007 SJO (CWx), et al.,, 2004 WL 5574358 at *3 (C.D. Cal. Dec. 15, 2004) (citing *Investors Research Co. v. U.S. Dist Ct. for Central Dist of Cal.*, 877 F.2d 777 (9th Cir. 1989)). "The purpose of consolidation is not only to enhance efficiency of the trial court by avoiding unnecessary duplication of evidence and procedures, but also to avoid inconsistent adjudications." *Team Enters., LLC v. W. Inv. Real Estate Trust*, Nos. 1:08-cv-00872 LJO-SMS, et al., 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008); *see E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 55 (8th Cir. 1998); *see also In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999). Furthermore, California courts have recognized "[t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Burnett v. Rowzee*, Nos. SACV07-641 DOC (ANx), et al., 2007 WL 4191991, at *2 (C.D. Cal. Nov. 26, 2007) (citations omitted). While "exercising its broad discretion to order consolidation of actions," a district court also "weighs the saving of time and effort

---

[1] Plaintiffs' counsel informed Defendant's counsel during their 26(f) conference that counsel for the Related Action were discussing the potential consolidation of the cases, and otherwise coordinating their litigation efforts. *See* Marron Decl., ¶¶ 5-8, Ex. 4.

consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984).

As explained further below, consolidation of the Related Actions is appropriate and would promote efficiency in these matters and therefore, the instant motion should be granted in its entirety.[2]

**B.   The Cases should be Consolidated because Both Cases Involve the Same Defendant and Present Common Questions of Law and Fact**

The Related Actions currently pending before this Court share common questions of law and fact, which make consolidation of these matters appropriate. First, the core factual allegations of these cases are identical. Plaintiffs allege that NCO made unsolicited phone calls to their cellular telephones, along with the cellular phones of the putative class, without their prior express consent. *See Molnar* Compl. ¶¶ 9-12, *House* Compl. ¶¶ 2-3, 10-16, 18. NCO made these calls using an automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice system, which had the capacity to produce, store and dial numbers randomly or sequentially, and place telephone calls to the Plaintiffs' and the class members' cellular telephones. *See Molnar* Compl. ¶ 13, *House* Compl. ¶ 17. In response to that unlawful conduct, Plaintiffs filed the Related Actions and now seek to represent the same class of persons within the United States who received such unsolicited calls from NCO. *See Molnar* Compl. ¶ 18, *House* Compl. ¶ 20.

---

[2] Another TCPA case was filed against Defendant on January 31, 2013 in the Superior Court of the State of California County of Fresno, styled *Federico v. NCO Financial Systems, Inc.* Defendant filed a notice of removal on March 12, 2013. *See Federico v. NCO Fin. Sys., Inc.*, Case No. 1:13-cv-355-LJO-SAB (E.D. Cal.), Dkt. No. 1. Unlike the Related Actions, the *Federico* case asserts claims for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), and California Rosenthal Fair Debt Collection (Cal. Civ. Code § 1788), in addition violations of the TCPA.

3

Additionally, and based upon the Related Actions' shared factual foundation, several common questions arise in both cases, including: (1) whether Defendant's conduct constitutes violations of the TCPA; (2) whether Defendant placed telephone calls to persons without their prior express consent; (3) whether Defendant used an ATDS, or artificial or pre-recorded voice system to place the calls as contemplated by the TCPA; (4) whether Plaintiffs and class members are entitled to damages and/or trebling of damages based on the willfulness of Defendant's conduct; and (5) whether Defendant should be enjoined from engaging in such conduct in the future. *See Molnar* Compl. ¶ 23, *House* Compl. ¶ 24.

In sum, both cases are putative class actions that seek certification of the same class and involve the same core issues—violations of the TCPA—against the same Defendant. These circumstances strongly support consolidation. *See Levitte v. Google, Inc.*, Nos. C 08-03369 JW, 2009 WL 482252, at *1 (N.D. Cal. Feb. 25, 2009) (finding consolidation of related cases with the same defendant appropriate where the related cases shared the same "core issue"); *Burnett v. Rowzee*, Nos. SACV07-641 DOC (ANx), 2007 WL 4191991, at *2 (finding defendant's "scheme to defraud is a common factual issue among all of the cases," even though "the complaints differ in specifics, [because] as a general matter each rests on the same series of transactions – [defendant's] sale of non-existent securities by herself and through others"); *Osher v. JNI Corp.*, No. 01-CV-0557-J (NLS), 2001 WL 36176415, at *2 (S.D. Cal. July 10, 2001) (finding that Rule 42 does not "require[] that the actions be identical before they may be consolidated").

    C.    <u>**The Cases should be Consolidated because it would Serve the Interests of the Justice, Judicial Economy and Efficiency**</u>

Furthermore, consolidation will aid in the efficient and economic disposition of the Related Actions. As an initial matter, consolidation is warranted because any discovery regarding NCO's conduct will necessarily and substantially be the same for

4

both of the Related Actions. *See Backe v. Novatel Wireless, Inc.*, Nos. 08-CV-01689-H (RBB), 08-CV-01714-H (RBB), 2008 WL 5214262, at *2 (S.D. Cal. Dec. 10, 2008) (finding consolidation of related cases naming the same defendants appropriate "[b]ecause [where] the related actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to both lawsuits"). By way of example, in order to prove their claims here all Plaintiffs in the Related Actions will need to seek, *inter alia*, information related to (i) NCO's internal telephone collection policies, (ii) its policies, practices, and procedures (if any) for ensuring compliance with the TCPA, (iii) its records indicating how it obtained Plaintiffs' and the class's cell phone numbers (e.g., by skip tracing or number trapping), and (iv) its policies, practices and procedures for obtaining consent to call debtors, including records of any such consent. If these cases proceed separately, however, those discovery efforts will necessarily be duplicated across the Actions and will force the Parties—and NCO in particular—to expend significant extra efforts and costs in the litigation of identical claims. By contrast, consolidation would streamline those efforts and minimize the expenditure of time and other resources by the Parties.

Consolidation would also allow the Court to avoid spending unnecessary time and effort presiding over duplicative motion practice, class certification proceedings, discovery matters, and trials. And, of course, given that the Related Actions arise from the same set of facts and affect the same substantive rights of overlapping class members, consolidation would also avoid the risk of potentially inconsistent results. *See Burnett v. Rowzee*, Nos. SACV07-641 DOC (ANx), *et al.*, 2007 WL 4191991, at *3 (after finding a common factual issue, the court also held that "[t]he real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive motions or trial in an uncoordinated manner").

/ / /

/ / /

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order consolidating the Related Actions for all further proceedings.  In addition, Plaintiffs respectfully request 21 days from the date of the Order to Consolidate for Plaintiffs to File a Consolidated Complaint, that the Related Actions subsequently be referred to as IN RE NCO FINANCIAL SYSTEMS TCPA LITIGATION, and that all previously and subsequently filed related actions asserting TCPA violations on a class-wide basis against NCO be consolidated into this action.

DATED:  May 8, 2013                           Respectfully submitted,

**LAW OFFICES OF RONALD A. MARRON, APLC**
/s/ Ronald A. Marron
RONALD A. MARRON
SKYE RESENDES
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
/s/ Douglas J. Campion
DOUGLAS J. CAMPION
doug@djcampion.com
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*