13 NOV 18 PM 1:40

[stamp: DEPUTY]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situate and the general public,<br><br>      Plaintiff,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>      Defendant. | Case No. 13-CV-0131 JLS MC<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**<br><br>Hon. Magistrate William McCurine, Jr. |

*Molnar v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

1

The Court grants the parties Defendant NCO Financial System, Inc ("Defendant") and plaintiffs Jeffrey Molnar and Wesley Thornton ("Plaintiff") (collectively, "Party" or "Parties") Joint Motion for a Protective Order and accordingly enters the order below:

1. In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3. Any Party and any third party responding to any request to exchange information, or any discovery, in the Litigation who objects to the disclosure of information it deems to be confidential, protected by the right of privacy, proprietary, trade secret, or otherwise protected or prohibited by law from

*Molnar v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

2

disclosure (hereinafter referred to as "Confidential Information") may disclose such Confidential Information pursuant to the terms of this Order.

  4. Any person or entity that chooses to designate documents and information as Confidential Information ("Designated Party") shall make such designations only as to those documents and information the person or entity believes in good faith contain:

  a. Trade Secrets;

  b. Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

  c. Information subject to federal or state privacy rights;

  d. Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (confidential research, development, or commercial information i.e. technical, cost, price, marketing, etc.); or

  e. Information that has not been disclosed to the public and if disclosed to the public would adversely affect business, commercial, financial or personal interest or be reasonably likely to pose a risk of significant harm to competitive or financial position.

  5. The disclosure of Confidential Information shall only be made as provided herein. Unless this Order states otherwise, Confidential Information produced pursuant to this Order is to be produced only to the Parties and their counsel ("Receiving Parties") and the persons listed in Paragraph 9 below and is to be used only by the persons authorized under this Order, and solely for the purpose of preparing for and conducting the Litigation, or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or

*Molnar v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

3

otherwise disclosed to any other persons or entities, except as otherwise provided herein. Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures access is limited to the persons authorized under this Order. Any person in possession of Confidential Information, including the Parties and their respective counsel, shall exercise the same care with regard to the storage, custody, or use of such Confidential Information as they would apply to their own material of the same or comparable sensitivity.

6. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

7. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

8. Confidential Information shall be used only for the purpose of the prosecution, defense, or settlement of this action, including any appeal, or to enforce the terms of any settlement or judgment in this action, and for no other purpose.

9. Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court, to the jury, to counsel for a party

(including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "Qualified Persons" as designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) personnel associated with the insurance carrier for either party; and

(f) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Information, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

10. Depositions that are designated as Confidential shall be taken only in the presence of Qualified Persons.

11. Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its own Confidential Information as it deems appropriate.

12. If Confidential Information, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

*Molnar v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

13. In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

14. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. Challenging Confidentiality Designations: Nothing in this Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated as Confidential Information under this Order. If a dispute arises regarding the designation of documents or information as Confidential Information, the following procedures shall be followed:

a. In the event a Receiving Party believes, in good faith, that a document or information produced or disclosed, which had been designated as Confidential Information under this Order is not confidential, the Receiving Party shall send the Designating Party a written objection specifically identifying the information or document(s) (by bates-number) sought to be disclosed. Within ten (10) business days of receipt of the Receiving Party's written objection, the Designating Party shall submit a written response to the Receiving Party's objection that states the reasons why said Information or document(s) should be so designated and/or subject to this Order.

b. Within ten (10) business days of receipt of the written response described in Paragraph 16.a. above, the Parties must conduct a telephonic meet and confer conference. If the Parties are unable to agree upon a satisfactory resolution during the meet and confer conference, within ten (10) business days after the conclusion of the meet and confer process, as confirmed in writing, the Party challenging the designation may move the Court for a ruling on the objection. The Confidential Information at issue must be treated according to the designation of the Designating Party, until the court has ruled on the objection or the matter has been otherwise resolved. The Designating Party shall in any proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Order and applicable law.

*Molnar v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER

7

17. Filing Under Seal: All requests to seal documents filed with the Court shall comply with Local Civil Rule 79.2. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

Any document that is not confidential, privileged, or otherwise protectable in its entirely will not be filed under seal if the confidential portions can be redacted. If the documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

18. This Order in no way alters the law regarding the type of information that may be deemed Confidential Information, nor the burdens for demonstrating confidentiality or the right to discovery of Confidential Information.

19. Confidential Material Subpoenaed or Ordered Produced in Other Matters. Any Receiving Party who receives a subpoena or other process from a Non-Party, or order, to produce, or disclose Confidential Information shall provide the Designating Party with written notice thereof (the notice shall

include a copy of the subpoena or other process or order or other information necessary to reasonably inform) within seventy-two (72) hours of receipt of said written notice to enable the Designating Party to take whatever action it deems appropriate. The Designating Party may then seek an order from the court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena, process or order. The Receiving Party may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 16 of this Order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

20. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

///

///

///

21. The Court may modify the protective order in the interests of justice or for public policy reasons and other considerations. This Court may modify this Order sua sponte in the interest of justice.

**IT IS SO ORDERED.**

DATED: 11/18/13

Hon. Magistrate William McCurine, Jr.
United States Magistrate Judge

**Attachment A**

**NONDISCLOSURE AGREEMENT**

I, _____, state that I have been shown and know the terms of the Protective Order entered in *Jeffrey Molnar and Wesley Thornton v. NCO Financial Systems, Inc.*, United States District Court for the Southern District of California, Civil Action No. 13-CV-0131 JLS-MC, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____