**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION, ESQ. (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, and AILEEN MARTINEZ on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | Case No.: 3:13-cv-00131-JLS-WMC<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*** <br><br>DEMAND FOR JURY TRIAL |

*Molnar et al v. NCO Financial Systems, Inc.*, Case No. 3:13-cv-00131-JLS-WMC
FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1. Jeffrey Molnar, Wesley Thornton and Aileen Martinez ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NCO Financial Systems, Inc. ("Defendant"), in negligently, and /or willfully contacting Plaintiffs through telephone calls on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant, a Pennsylvania corporation, is, and at all times herein mentioned was registered and doing business in the County of San Diego, State of California.

/ / /

1

# PARTIES

5. Plaintiff Jeffrey Molnar is, and at all times mentioned herein was, a citizen and resident of the State of Ohio. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6. Plaintiff Wesley Thornton is, and at all times mentioned herein was, a citizen and resident of the State of Virginia. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

7. Plaintiff Aileen Martinez is, and at all times mentioned herein was, a citizen and resident of the State of California. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

8. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a Pennsylvania corporation, that maintains its principal place of business at 507 Prudential Road, Horsham, PA 19044, and is a "person," as defined by 47 U.S.C. § 153 (32).

9. Defendant is registered to do business in California, Entity Number C2007868 and maintains an entity address as Sessions, Fishman, Nathan & Israel, 3850 N. Causeway Boulevard, Suite 200, Metairie, LA 70002. Defendant maintains at least three offices in California, including one in this District located at 8885 Rio San Diego Drive, #107, San Diego, CA 92108; telephone: 619-298-7103.

10. Defendant is engaged in the business of collecting debts throughout the United States, including in California and in San Diego. In fact, since 1998, Defendant has brought at least 129 cases as plaintiff in the Superior Court of California, County of San Diego.

11. Defendant is perhaps the nation's largest debt collector with more than 100 office locations throughout the U.S. and in six foreign countries.

12. Plaintiffs allege that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

**Facts Relating to Plaintiff Molnar**

13. Commencing approximately October 3, 1012, through the present, Plaintiff Jeffrey Molnar received a number of unsolicited, prerecorded, phone messages to his wireless phone, for which Plaintiff provided no consent to call.

14. Plaintiff Jeffrey Molnar has attempted blocking the unsolicited calls from Defendant, however Defendant continues to call from a number of different phone numbers including: 760-303-4034, with a prefix indicating the number is located within this judicial district, 716-404-2231, 866-233-9291, 800-709-8625, 888-899-4780.

15. The unsolicited phone calls placed to Plaintiff Molnar's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") or an artificial or pre-recorded voice system, as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to produce or store and dial numbers randomly or sequentially, and to dial such calls, and to place telephone calls to Plaintiff's cellular telephone.

16. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff Molnar incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17. Plaintiff Molnar did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

18. None of Defendant's telephone calls placed to Plaintiff Molnar were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19. These phone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

**Facts Relating to Plaintiff Thornton**

20. Commencing approximately January 1, 2009, through the present, Plaintiff Wesley Thornton received a number of unsolicited, prerecorded, phone messages to his wireless phone, for which Plaintiff provided no consent to call.

21. Plaintiff Wesley Thornton receives hundreds of calls and voicemails, sometimes up to seven times per day.

22. The unsolicited phone calls placed to Plaintiff Thornton's wireless telephone were placed via an ATDS or an artificial or pre-recorded voice system, as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to produce or store and dial numbers randomly or sequentially, and to dial such calls, and to place telephone calls to Plaintiff's cellular telephone.

23. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff Thornton incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

24. Plaintiff Thornton did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

25. None of Defendant's telephone calls placed to Plaintiff Thornton were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26. These phone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

**Fact Relating to Plaintiff Martinez**

27. Commencing approximately January 1, 2010, through the present, Plaintiff Aileen Martinez received a number of unsolicited, prerecorded, phone messages to her wireless phone, for which Plaintiff provided no consent to call.

28. Plaintiff Martinez receives unsolicited calls and voicemails from Defendant. At least one number Defendant used to call Plaintiff was 877-864-0370.

29. The unsolicited phone calls placed to Plaintiff Martinez's wireless telephone were placed via an ATDS or an artificial or pre-recorded voice system, as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to produce or store and dial numbers randomly or sequentially, to dial such numbers, and to place telephone calls to Plaintiff's cellular telephone.

30. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff Martinez incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

31. Plaintiff Martinez did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

32. None of Defendant's telephone calls placed to Plaintiff Martinez were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

33. These phone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

35. Plaintiffs represent, and are a member of the Class, consisting of all persons within the United States who received any unsolicited telephone calls from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the call, through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3),

which telephone call by Defendant or its agents was not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of the original Complaint filed in this action.

36. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

38. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

39. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

40. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and

fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or pre-recorded voice system, to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

41. As persons that received at least one unsolicited telephone call to their cell phones without Plaintiffs' prior express contest, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

42. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

43. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

1  44. A class action is a superior method for the fair and efficient
2  adjudication of this controversy. Class-wide damages are essential to induce
3  Defendant to comply with federal law. The interest of Class members in
4  individually controlling the prosecution of separate claims against Defendant is
5  small because the maximum statutory damages in an individual action for violation
6  of privacy are minimal. Management of these claims is likely to present
7  significantly fewer difficulties than those presented in many class claims.

8  45. Defendant has acted on grounds generally applicable to the Class,
9  thereby making appropriate final injunctive relief and corresponding declaratory
10 relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 *ET SEQ.***

14 46. Plaintiffs incorporate by reference all of the above paragraphs of this
15 Complaint as though fully stated herein.

16 47. The foregoing acts and omissions of Defendant and its agents
17 constitute numerous and multiple negligent violations of the TCPA, including but
18 not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227
19 *et seq*.

20 48. As a result of Defendant's, and Defendant's agents', negligent
21 violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and the Class are entitled to an
22 award of $500.00 in statutory damages, for each and every violation, pursuant to
23 47 U.S.C. § 227(b)(3)(B).

24 49. Plaintiffs and the Class are also entitled to and seek injunctive relief
25 prohibiting such conduct in the future.

26 / / /
27 / / /
28 / / /

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

50.   Plaintiffs incorporate by reference the above paragraphs 1 through 45 inclusive, of this Complaint as though fully stated herein.

51.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

52.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

53.   Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

54.   As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.   Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

56.   Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

57. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

58. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

59. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: December 6, 2013

*/s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*/s/ Douglas J. Campion*
**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
doug@djampion.com

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

Telephone: (619) 299-2091
Facsimile: (619) 858-0034

***Attorneys for Plaintiffs and
the Proposed Class***