Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA 92108-3426
Tel: 619/758-1891
Fax: 619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, and AILEEN MARTINEZ on behalf of themselves, all others similarly situated and the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation <br><br> Defendant. | Case No. 13-CV-0131JLS-WMC <br><br> NCO FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

Defendant, NCO Financial Systems, Inc. (hereinafter "NCO"), for itself alone, responds to the First Amended Complaint filed by Plaintiffs, Jeffrey Molnar and Wesley Thornton ("Plaintiffs"), as follows:

## INTRODUCTION

1.     NCO admits that Plaintiffs purport to seek redress for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, as alleged in ¶ 1 of the Complaint.  Except as expressly admitted herein, NCO denies the remaining allegations contained in ¶ 1.

## JURISDICTION AND VENUE

2.     NCO admits the allegations contained in ¶ 2 for jurisdiction purposes only.

3.     NCO denies the allegations contained in ¶ 3 as calling for a legal conclusion.

4.     NCO denies that venue is proper.  *See* 28 U.S.C. 1391.  NCO admits that it is registered to do business in California, and that it conducts business in California.   Except as expressly admitted herein, NCO denies the remaining allegations contained in ¶ 4.

## PARTIES

5.     NCO denies the allegations contained in ¶ 5 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

6.     NCO denies the allegations contained in ¶ 6 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

7.     NCO denies the allegations contained in ¶ 7 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

8. NCO admits that it is a Pennsylvania corporation. Except as specifically admitted, NCO denies the allegations contained in ¶ 8 as calling for a legal conclusion.

9. NCO admits that it is a Pennsylvania corporation as alleged in ¶ 9. NCO further admits that it is registered to do business in the State of California, and that it does business in California. NCO admits it conducts debt collection related services in California. Except as expressly admitted, NCO denies the allegations contained in ¶ 9.

10. NCO admits that it conducted business in State of California, the County of San Diego, and this judicial district and that it collects debts throughout the United States. Except as expressly admitted, NCO denies the allegations contained in ¶ 10.

11. NCO denies the allegations contained in ¶ 11 for lack of sufficient information to justify a reasonable belief therein.

12. NCO admits that it conducted business in State of California, the County of San Diego, and this judicial district. Except as expressly admitted, NCO denies the allegations contained in ¶ 12.

## FACTUAL ALLEGATIONS

**Facts Relating to Plaintiff Molnar**

13. NCO denies the allegations contained in ¶ 13.

14. NCO denies the allegations contained in ¶ 14.

15. NCO denies the allegations contained in ¶ 15.

16. NCO denies the allegations contained in ¶ 16.

17. NCO denies the allegations contained in ¶ 17.

18. NCO admits the allegations contained in ¶ 18.

19. NCO denies the allegations contained in ¶ 19.

**Facts Relating to Plaintiff Thornton**

20. NCO denies the allegations contained in ¶ 20 for lack of sufficient information to justify a reasonable belief therein.

21. NCO denies the allegations contained in ¶ 21.

22. NCO denies the allegations contained in ¶ 22.

23. NCO denies the allegations contained in ¶ 23 for lack of sufficient information to justify a reasonable belief therein.

24. NCO denies the allegations contained in ¶ 24.

25. NCO admits the allegations contained in ¶ 25.

26. NCO denies the allegations contained in ¶ 26.

**Facts Relating to Plaintiff Martinez**

27. NCO denies the allegations contained in ¶ 27 for lack of sufficient information to justify a reasonable belief therein.

28. NCO denies the allegations contained in ¶ 28 for lack of sufficient information to justify a reasonable belief therein.

29. NCO denies the allegations contained in ¶ 29.

30. NCO denies the allegations contained in ¶ 30 for lack of sufficient information to justify a reasonable belief therein.

31. NCO denies the allegations contained in ¶ 31.

32. NCO admits the allegations contained in ¶ 32.

33. NCO denies the allegations contained in ¶ 33.

## CLASS ACTION ALLEGATIONS

34. NCO admits that Plaintiffs bring this Class Action lawsuit on behalf of themselves and on behalf of a class, but denies any wrongdoing or violations of

any statutes to the extent alleged in ¶ 34 and further denies that this lawsuit meets the requirements of a class action.

35. NCO denies the allegations in ¶ 35 and further denies that this lawsuit meets the requirements of a class action.

36. NCO denies the allegations in ¶ 36 and further denies that this lawsuit meets the requirements of a class action.

37. NCO denies the allegations in ¶ 37 and further denies that this lawsuit meets the requirements of a class action.

38. NCO denies the allegations in ¶ 38 and further denies that this lawsuit meets the requirements of a class action.

39. NCO denies the allegations in ¶ 39 and further denies that this lawsuit meets the requirements of a class action.

40. NCO denies the allegations in ¶ 40, including sub-parts (a) through (c), and further denies that this lawsuit meets the requirements of a class action.

41. NCO denies the allegations in ¶ 41 and further denies that this lawsuit meets the requirements of a class action.

42. NCO denies the allegations in ¶ 42 and further denies that this lawsuit meets the requirements of a class action.

43. NCO denies the allegations in ¶ 43 and further denies that this lawsuit meets the requirements of a class action.

44. NCO denies the allegations in ¶ 44 and further denies that this lawsuit meets the requirements of a class action.

45. NCO denies the allegations in ¶ 45 and further denies that this lawsuit meets the requirements of a class action.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE

## CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

46.     NCO reasserts the foregoing as if fully incorporated herein.

47.     NCO denies the allegations in ¶ 47.

48.     NCO denies the allegations in ¶ 48.

49.     NCO denies the allegations in ¶ 49.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

50.     NCO reasserts the foregoing as if fully incorporated herein.

51.     NCO denies the allegations in ¶ 51.

52.     NCO denies the allegations in ¶ 52.

53.     NCO denies the allegations in ¶ 53.

## PRAYER FOR RELIEF

54.     NCO denies that Plaintiffs are entitled to the relief sought.

55.     NCO denies that Plaintiffs are entitled to the relief sought.

56.     NCO denies that Plaintiffs are entitled to the relief sought.

57.     NCO denies that Plaintiffs are entitled to the relief sought.

58.     NCO denies that Plaintiffs are entitled to the relief sought.

59.     NCO denies that Plaintiffs are entitled to the relief sought.

## <u>JURY DEMAND</u>

60.     NCO admits that Plaintiffs have requested a jury trial.

# **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, NCO alleges Plaintiffs' Complaint should be dismissed because it has been brought in an improper venue. None of the named plaintiff reside in this district.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, NCO alleges Plaintiffs' Complaint should be dismissed because the complaint fails to state claims upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, NCO alleges that one or more of the Plaintiffs consented to and/or invited the conduct for which he seeks relief. Plaintiffs' claims are barred by assumption of risk and/or consent in that Plaintiffs or someone on their behalf provided the phone number at issue to the creditor(s) and/or its/their agents or otherwise consented to calls at that number.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, NCO alleges, Plaintiffs knowingly and voluntarily waived their rights to obtain any or all of the relief sought in the complaint.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, NCO alleges Plaintiffs' claims are barred in whole or in part by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, NCO alleges that some of the calls it allegedly made were manual not dialer calls. Further, the dialer that NCO uses is not an ATDS as defined by the TCPA.

## SEVENTH AFFRMATIVE DEFENSE

As a seventh affirmative defense, NCO alleges that 1 or more of the alleged calls were not to a wireless a/k/a mobile a/k/a cellular phone number.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, NCO alleges that Plaintiffs' Complaint should be dismissed for failure to mitigate, estoppel, waiver, unclean hands, and/or assumption of risk. One or more of the Plaintiffs did not write or call NCO to curtail or stop the alleged phone calls. Rather, he/they "sat on his/their hands," did nothing, and allowed the alleged calls and any resulting statutory damages to accrue. Plaintiffs communicated no dispute, cease and desist, or objection to NCO. Without more than nominal expense and/or effort, Plaintiffs could have and should have either wrote or answered an alleged call or returned a message and requested that the alleged calls stop or be directed to a different number. Plaintiffs further knowingly and intentionally allowed and facilitated the calls to continue with the sole purpose to accumulate alleged statutory damages under the TCPA.

## NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, NCO alleges that any harm suffered by Plaintiffs was legally and proximately caused by persons or entities other than NCO and was beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

## TENTH AFFIRMATIVE DEFENSE

As an tenth affirmative defense, NCO alleges on information an belief that one or more of the accounts involved in this matter may be subject to an arbitration clause.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, NCO alleges that some of the alleged calls are barred by a release.

## TWELFTH AFFIRMATIVE DEFENSE

NCO currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. NCO reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, NCO respectfully requests that:

1.      Plaintiff takes nothing by way of his Complaint;

2.      Judgment of dismissal be entered in favor of NCO;

3.      NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4.      NCO be granted such other and further relief as the Court deems just and proper.

Dated: December 23, 2013      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.


*/s/Debbie P. Kirkpatrick*
Debbie P. Kirkpatrick
Attorney for Defendant
NCO Financial Systems, Inc.