1    Douglas J. Campion (SBN 75381)
doug@djcampion.com
2    LAW OFFICES OF DOUGLAS J CAMPION, APC
409 Camino Del Rio South, Suite 303
3    San Diego, California 92108
Tel: 619.299.2091
4    Fax: 619.858.0034

5
Jay Edelson (Admitted *Pro Hac Vice*)
6    jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
7    rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
8    brichman@edelson.com
Christopher Dore (Admitted *Pro Hac Vice*)
9    cdore@edelson.com
EDELSON PC
10   350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
11   Tel: 312.589.6370
Fax: 312.589.6378
12

13   *Counsel for Plaintiffs and the Putative Classes*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situated, and the general public, | Case Nos. 3:13-cv-00131-JLS-BGS<br>3:13-cv-00685-JLS-BGS |
| *Plaintiffs*, | CLASS ACTION |
| v. | **JOINT MOTION TO FILE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, | |
| *Defendant*. | |
| ROSEMARY HOUSE, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | |
| v. | |
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation, | |
| *Defendant*. | |

Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez and Rosemary House ("Plaintiffs") and Defendant NCO Financial Systems, Inc. ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel of record and pursuant to Federal Rules of Civil Procedure 15(a)(2) and 41(a)(1)(A)(ii), hereby stipulate and agree to the filing of a Consolidated Amended Class Action Complaint, naming as additional party-plaintiffs Chiquita Bell, Teyia Bolden, and Antoinette Stansberry, and dismissing Plaintiff Rosemary House's individual claims *without prejudice*. In support of the instant stipulation, the Parties state as follows:

WHEREAS, on January 16, 2013, Plaintiffs Jeffrey Molnar and Wesley Thornton filed their Class Action Complaint, asserting claims for Defendant's alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") (Case No. 3:13-cv-00131 ("*Molnar*") Dkt. 1);

WHEREAS, on March 21, 2013, Plaintiff Rosemary House filed her Class Action Complaint against Defendant asserting similar claims for Defendant's alleged violations of the TCPA  (Case No. 3:13-cv-00685 ("*House*") Dkt. 1);

WHEREAS, on May 8, 2013, Plaintiffs Molnar and Thornton moved to consolidate their action with the *House* matter (*Molnar*, Dkt. 19);

WHEREAS, on May 30, 2013, Plaintiffs Molnar and Thornton moved for leave to file a first amended complaint to name Aileen Martinez as an additional plaintiff (Dkt. 24);

WHEREAS, on November 22, 2013, the Court granted Molnar's and Thornton's Motion to Consolidate and Motion for Leave to Amend (*Molnar*, Dkt. 54; );

WHEREAS, on December 6, 2013, Plaintiffs Molnar, Thornton and Martinez filed their First Amended Class Action Complaint (*Molnar*, Dkt. 55);

WHEREAS, Federal Rule of Civil Procedure 15(a)(2) allows "a party [to] amend its pleadings . . . with the opposing party's written consent";

WHEREAS, in light of the consolidation of the *Molnar* and *House* matters, the Parties have conferred and agreed to the filing of a Consolidated Class Action Complaint (a true and accurate copy of which is attached as Exhibit 1);

WHEREAS, the Parties have further agreed to dismiss from this action, *without prejudice*, Plaintiff Rosemary House, and additionally to name as party-plaintiffs Chiquita Bell, Teyia Bolden, and Antoinette Stansberry;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby **STIPULATE** and **AGREE** as follows:

1.      Plaintiffs Molnar, Thornton and Martinez shall file their Consolidated Class Action Complaint *instanter*, and name as additional party-plaintiffs Chiquita Bell, Teyia Bolden, and Antoinette Stansberry; and,

2.      Plaintiff Rosemary House's individual claims in the *House* matter are hereby dismissed *without prejudice*.

**IT IS SO STIPULATED.**

Respectfully submitted,

**JEFFREY MOLNAR** and **WESLEY THORNTON**, on behalf of themselves, all others similarly situated, and the general public,

Dated:  February 13, 2014      By: */s/Ronald A. Marron*
                                One of Plaintiffs' Attorneys

Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Skye Resendes (SBN 278511)
skye@consumersadvocates.com
Alexis Wood (SBN 270200)
alexis@consumersadvocates.com
Kas L. Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

**ROSEMARY HOUSE**,

Dated:  February 13, 2014          By: */s/ Douglas Campion*
                                          One of Plaintiffs' Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

**NCO FINANCIAL SYSTEMS, INC**., a
Pennsylvania corporation,

Dated:  February 13, 2014          By: *Michael D. Slodov* ____
                                          One of Plaintiffs' Attorneys

Albert R. Limberg
alimber@sessions-law.biz
Debbie P. Kirkpatrick
dpk@sessions-law.biz
Sessions Fishman Nathan & Israel LLP
1545 Hotel Circle South, Suite 150
San Diego, California 92108
Tel: 619.758.1891
Fax: 619.296.2013

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael D. Slodov (Admitted *Pro Hac Vice*)
mslodov@sessions-law.biz
Sessions, Fishman, Nathan & Israel, LLC
15 East Summit Street
Chagrin Falls, Ohio 44022
Tel: 440.318.1073

James K. Schultz (Admitted *Pro Hac Vice*)
jschultz@sessions-law.biz
Sessions Fishman Nathan & Israel LLC
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Tel: 312.578.0990

1

## CERTIFICATE OF SERVICE

2

3     I, Ronald A. Marron, an attorney, hereby certify that on February 13, 2014, I

4     served the above and foregoing *Joint Motion to File Consolidated Amended Class*

5     *Action Complaint*, by causing a true and accurate copy of such paper to be filed and

6     transmitted to all counsel of record via the Court's CM/ECF electronic filing

7     system, on this 13th day of February 2014.

8

                                        */s/ Ronald A. Marron*
                                        Ronald A. Marron

# EXHIBIT 1

Douglas J. Campion (SBN 75381)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

[Additional counsel appearing on signature page]

*Counsel for Plaintiffs and the Putative Classes*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>*v.*<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania corporation,<br><br>   *Defendant*. | Case No.  3:13-cv-00131-JLS-BGS<br><br>   3:13-cv-00685-JLS-BGS<br><br><br>**CONSOLIDATED CLASS ACTION COMPLAINT AND JURY DEMAND** |

**CONSOLIDATED CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden and Antoinette Stansberry bring this class action complaint against Defendant NCO Financial Systems, Inc., to stop Defendant's practice of making unsolicited telephone calls and text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiffs, for their consolidated class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE ACTION

1.      Defendant NCO Financial Systems, Inc. is a debt collector.

2.      Defendant repeatedly made unsolicited telephone calls and text message calls to Plaintiffs' and the other members of the Classes' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Text messages are "calls" under the TCPA.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

3.      Neither Plaintiffs, nor the other members of the proposed Classes, ever provided the cellular telephone numbers on which they received telephone calls and/or text message calls to Defendant for any purpose related to a debt, nor did they provide prior express consent to have Defendant make telephone calls or send text message calls to those telephone numbers.

4.      By making the telephone calls and text message calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls and text message calls and the monies paid to their wireless carriers for the receipt of such telephone calls and text message calls.

5.      The TCPA was enacted to protect consumers from unsolicited

telephone calls and text message calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs filed two separate lawsuits that, by Court order, have now been consolidated. The instant lawsuit seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.   Plaintiff Jeffrey Molnar is a natural person and citizen of the State of Ohio.

7.   Plaintiff Wesley Thornton is a natural person and citizen of the State of Virginia.

8.   Plaintiff Aileen Martinez is a natural person and citizen of the State of California.

9.   Plaintiff Chiquita Bell is a natural person and citizen of the State of Georgia.

10.   Plaintiff Teyia Bolden is a natural person and citizen of the State of New Jersey.

11.   Plaintiff Antoinette Stansberry is a natural personal and citizen of the State of Illinois.

12.   Defendant NCO Financial Systems, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO Financial Systems does business throughout the United States, the State of California, and this District.

13.   Defendant is registered to do business in California (entity number C2007868). Defendant also maintains at least three offices in California, including one in this District located at 8885 Rio San Diego Drive, #107, San Diego, California 92108.

**JURISDICTION AND VENUE**

14.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including making telephone calls to consumers located in this District and collecting payments from consumers living in this District, as well as maintaining an office here.

**COMMON FACTUAL ALLEGATIONS**

16.     Defendant placed and continues to place repeated and harassing telephone calls and text messages calls to consumers who allegedly owe a debt held by Defendant or by a third party on whose behalf Defendant is acting.

17.      Plaintiffs and the other members of the Classes never provided Defendant the phone numbers called for any purpose related to an outstanding debt or to any transaction underlying a debt.

18.     Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

19.     As such, Defendant did not have prior express consent to place the telephone calls and text message calls at issue to Plaintiffs and the members of the Classes.

20.     According to NCO, it utilizes automatic telephone dialing systems to make prerecorded calls and text messages. For example, on its website, NCO asserts:

> NCO's Interactive Voice Messaging (IVM) solution uses advanced technology to deliver high quality automated messaging to our clients' customers globally. Whether the goal is to reduce inbound call volume, increase customer self-service, or connect customers to a live agent, NCO's IVM solution enables our clients to deliver branded, repeatable, messaging to its customers while maximizing the customer experience and your revenue.

*See* NCO, <u>Multi-Channel Solutions</u>, available at: http://www.ncogroup.com/
Turnkey/Communications/Multi-Channel_Solutions.html?ht=text%20text (last
visited, January 26, 2014).

21.     Similarly, NCO asserts:

***Text messaging is everywhere, and NCO's Text Messaging Solutions is a creative way to quickly communicate with your customers.***

Cellphone users in the United States will send an estimated 600.5 billion text
messages in 2008. NCO's Text Messaging Services are a cost-effective way for
financial institutions to communicate with their customers. Our text messaging
campaigns are easy to set up and are free for end users to receive. Using text
messaging, we can help financial institutions communicate with large groups
of people simultaneously, relaying a wide variety of information, including:

- Collection notices
- Information about new services
- Confirmation numbers and other important information

NCO's Text Messaging Services can also be used in conjunction with our
interactive voice messaging services for a multi-channel campaign, and we can
also add agent support for two-way communication with customers.

*Id.*

22.     Defendant has placed calls and sent text messages for the purpose of
alleged debt collection to thousands of consumers in the past four years.

23.     Defendant is and was aware that these telephone calls and text message
calls were and are being placed to Plaintiffs and members of the Classes without
their express consent to receive such calls.

## Facts Relating to Plaintiff Molnar

24.     Beginning in or around October 3, 2012, and continuing through the
present, Plaintiff Jeffrey Molnar received numerous prerecorded phone messages on
his wireless phone from Defendant, for which Plaintiff provided Defendant no
consent to call.

25.     Plaintiff Molnar has attempted to block the unsolicited calls from
Defendant; however, Defendant continues to call from varying phone numbers
including: (760) 303-4034, (716) 404-2231, (866) 233-9291, (800) 709-8625, and
(888) 899-4780.

26.     In making the calls to Plaintiff Molnar, Defendant utilizes an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

27.     The unsolicited phone calls placed to Plaintiff Molnar's wireless telephone also included telephone calls featuring an artificial or pre-recorded voice system, rather than a live person.

28.     Plaintiff Molnar did not provide Defendant or its agents prior express consent to receive phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

29.     None of Defendant's telephone calls placed to Plaintiff Molnar were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30.     The phone calls made by Defendant or its agents to Plaintiff Molnar violated 47 U.S.C. § 227(b)(1).

## Facts Relating to Plaintiff Thornton

31.     Beginning in or around January 1, 2009, and continuing through 2011, Plaintiff Wesley Thornton received numerous prerecorded phone messages on his wireless phone from Defendant, for which Plaintiff provided no consent to call.

32.     Plaintiff Wesley Thornton has received hundreds of calls and voicemails, sometimes up to seven times per day.

33.     In making the calls to Plaintiff Thorton, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant had the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing

equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

34.     The unsolicited phone calls placed to Plaintiff Thorton's wireless telephone also included telephone calls featuring an artificial or pre-recorded voice system, rather than a live person.

35.     On March 24, 2011, Plaintiff Thorton received a telephone call on his cellphone that resulted in the following female pre-recorded and/or artificial voicemail message:

> This is an important message N.C.O. Financial Systems, a debt collection company.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please return the call to Annett Class at (800) 924-3587.  Again, that's [Annett Class] at (800) 924-3587.  Thank you.  NCO Financial Systems is a debt collection company.  This is an attempt to collect a debt and any information obtained will used for that purpose.  When calling, please refer to your ID code, 2C7E4B. Again, your ID code is 2C7E4B.

36.     Plaintiff Thornton did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

37.     None of Defendant's telephone calls placed to Plaintiff Thornton were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

38.     The phone calls made by Defendant or its agents to Plaintiff Thornton violated 47 U.S.C. § 227(b)(1).

**Facts Relating to Plaintiff Martinez**

39.     Beginning in or around January 1, 2010, and continuing through approximately October 2012, Plaintiff Aileen Martinez received numerous prerecorded phone messages on her wireless phone from Defendant, for which Plaintiff provided no consent to call.

40.     Defendant has placed calls to Plaintiff using, at least, the telephone number (877) 864-0370.

41.     In making the calls Plaintiff Martinez, Defendant utilized an automatic

telephone dialing system. Specifically, the hardware and software used by
Defendant had the capacity to generate and store random numbers, or receive and
store lists of telephone numbers, and to dial those numbers, *en masse*, in an
automated fashion without human intervention. Defendant's automated dialing
equipment also is, or includes features substantially similar to, a predictive dialer,
meaning that it is capable of making numerous phone calls simultaneously and
automatically connecting answered calls to then available telemarketers and
disconnecting the rest.

42.    The unsolicited phone calls placed to Plaintiff Martinez's wireless
telephone also included telephone calls featuring an artificial or pre-recorded voice
system, rather than a live person.

43.    Plaintiff Martinez did not provide Defendant or its agents prior express
consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

44.    None of Defendant's telephone calls placed to Plaintiff Martinez were
for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

45.    The phone calls made by Defendant or its agents to Plaintiff Martinez
violated 47 U.S.C. § 227(b)(1).

**Facts Relating to Plaintiff Bell**

46.     Beginning in or around July 1, 2012, Plaintiff Chiquita Bell received
numerous text message calls on her wireless phone from Defendant, for which
Plaintiff provided Defendant no consent, instructing Plaintiff Bell to contact NCO
about an important business matter.

47.    In making the text message calls to Plaintiff Bell, Defendant utilized an
automatic telephone dialing system. Specifically, the hardware and software used by
Defendant had the capacity to generate and store random numbers, or receive and
store lists of telephone numbers, and to dial those numbers, *en masse*, in an
automated fashion without human intervention.  Defendant's automated dialing
equipment also is, or includes features substantially similar to, a predictive dialer,
meaning that it is capable of making numerous phone calls simultaneously and

1 automatically connecting answered calls to then available telemarketers and
2 disconnecting the rest.

3     48.    Plaintiff Bell did not provide Defendant or its agents prior express
4 consent to receive unsolicited text message calls pursuant to 47 U.S.C. § 227
5 (b)(1)(A).

6     49.    None of Defendant's text message calls placed to Plaintiff Bell were for
7 emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

8     50.    The text message calls made by Defendant or its agents to Plaintiff Bell
9 violated 47 U.S.C. § 227(b)(1).

10     **Facts Relating to Plaintiff Bolden**

11     51.    Beginning in or around January 1, 2011, Plaintiff Teyia Bolden
12 received numerous prerecorded phone messages on her wireless phone from
13 Defendant, for which Plaintiff provided no consent to call.

14     52.    At times when Plaintiff Bolden waited for a live person to come to the
15 line, Plaintiff told Defendant to stop contacting her on her wireless phone.

16     53.    Beginning in or around January 1, 2013, Plaintiff Teyia Bolden
17 received numerous text message calls on her wireless phone from Defendant, for
18 which Plaintiff provided Defendant no consent to call, instructing Plaintiff Bolden to
19 contact NCO about an important business matter.

20     54.    In making the calls and text message calls to Plaintiff Bolden,
21 Defendant utilizes an automatic telephone dialing system. Specifically, the hardware
22 and software used by Defendant has the capacity to generate and store random
23 numbers, or receive and store lists of telephone numbers, and to dial those numbers,
24 *en masse*, in an automated fashion without human intervention.  Defendant's
25 automated dialing equipment also is, or includes features substantially similar to, a
26 predictive dialer, meaning that it is capable of making numerous phone calls
27 simultaneously and automatically connecting answered calls to then available
28 telemarketers and disconnecting the rest.

    55.    Plaintiff Bolden did not provide Defendant or its agents prior express

1  consent to receive unsolicited phone calls or text message calls pursuant to 47
2  U.S.C. § 227 (b)(1)(A).

3      56.     None of Defendant's telephone calls or text message calls placed to
4  Plaintiff Bolden were for emergency purposes as defined by 47 U.S.C. § 227
5  (b)(1)(A)(i).

6      57.     The telephone calls and text message calls made by Defendant or its
7  agents to Plaintiff Bolden violated 47 U.S.C. § 227(b)(1).

8                **Facts Relating to Plaintiff Stansberry**

9      58.     Beginning in or around January 1, 2013, and continuing through the
10 present, Plaintiff Antoinette Stansberry received numerous prerecorded phone
11 messages on her wireless phone from Defendant, for which Plaintiff provided no
12 consent to call.

13     59.     At times when Plaintiff Stansberry waited for a live person to come to
14 the line, Plaintiff told Defendant to stop contacting her on her wireless phone.

15     60.     Beginning in or around January 1, 2013, and continuing through in or
16 around October 2013, Plaintiff Antoinette Stansberry received approximately three
17 text message calls on her wireless phone from Defendant, for which Plaintiff
18 provided Defendant no consent to call, instructing Plaintiff Stansberry to contact
19 NCO about an important business matter.

20     61.      In making the telephone calls and text message calls to Plaintiff
21 Stansberry, Defendant utilizes an automatic telephone dialing system. Specifically,
22 the hardware and software used by Defendant has the capacity to generate and store
23 random numbers, or receive and store lists of telephone numbers, and to dial those
24 numbers, *en masse*, in an automated fashion without human intervention.
25 Defendant's automated dialing equipment also is, or includes features substantially
26 similar to, a predictive dialer, meaning that it is capable of making numerous phone
27 calls simultaneously and automatically connecting answered calls to then available
28 telemarketers and disconnecting the rest.

       62.     Plaintiff Stansberry did not provide Defendant or its agents prior

express consent to receive unsolicited telephone calls or text message calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

63.    None of Defendant's telephone calls or text message calls placed to Plaintiff Stansberry were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

64.    The telephone calls and text message calls made by Defendant or its agents to Plaintiff Stansberry violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

65.    Plaintiffs jointly bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and two classes defined as follows:

**Auto-Dialer Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive telephone calls from Defendant.

**Robo-Call Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) that featured an artificial or pre-recorded voice; (3) who never consented to receive telephone calls from Defendant at the number called.

Plaintiffs Bell, Bolden, and Stansberry bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class defined as follows:

**Text Message Class:** Any person in the United States to whom Defendant (1) placed a text message call in connection with the collection of a debt; (2) made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive text message calls from Defendant.

66.    **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Defendant has made telephone and text message calls to thousands of consumers who fall into the definition of the Classes. Class members can be

1    identified through Defendant's records.

2         67.    **Typicality**: Plaintiffs' claims are typical of the claims of other

3    members of the Classes, in that Plaintiffs and the Class members sustained damages

4    arising out of Defendant's uniform wrongful conduct and unsolicited telephone and

5    text message calls.

6         68.    **Adequate Representation**: Plaintiffs will fairly and adequately

7    represent and protect the interests of the Classes and have retained counsel

8    competent and experienced in complex class actions. Plaintiffs have no interests

9    antagonistic to those of the Classes, and Defendant has no defenses unique to

10   Plaintiffs.

11        69.    **Commonality and Predominance**: There are many questions of law

12   and fact common to the claims of Plaintiff and the Classes, and those questions

13   predominate over any questions that may affect individual members of the Classes.

14   Common questions for the Classes include, but are not necessarily limited to the

15   following:

16             (a)    whether Defendant's conduct constitutes a violation of the

17                    TCPA;

18             (b)    whether the equipment Defendant used to make the telephone

19                    calls in question was an automatic telephone dialing system as

20                    contemplated by the TCPA;

21             (c)    whether Defendant systematically made calls to members of the

22                    Robo-Call Class that featured an artificial or pre-recorded voice;

23             (d)    whether Defendant systematically made telephone calls to

24                    persons who did not previously provide Defendant with their

25                    prior express consent to receive such telephone calls; and

26             (e)    whether members of the Classes are entitled to treble damages

27                    based on the willfulness of Defendant's conduct.

28        70.    **Superiority**: This case is also appropriate for class certification

because class proceedings are superior to all other available methods for the fair and

1  efficient adjudication of this controversy because joinder of all parties is
2  impracticable. The damages suffered by the individual members of the Classes will
3  likely be relatively small, especially given the burden and expense of individual
4  prosecution of the complex litigation necessitated by Defendant's actions. Thus, it
5  would be virtually impossible for the individual members of the Class to obtain
6  effective relief from Defendant's misconduct. Even if members of the Classes could
7  sustain such individual litigation, it would still not be preferable to a class action,
8  because individual litigation would increase the delay and expense to all parties due
9  to the complex legal and factual controversies presented in this Complaint. By
10 contrast, a class action presents far fewer management difficulties and provides the
11 benefits of single adjudication, economy of scale, and comprehensive supervision by
12 a single Court. Economies of time, effort and expense will be fostered and
13 uniformity of decisions ensured.

### FIRST CAUSE OF ACTION

**Violation of the TCPA, 47 U.S.C. § 227**

**(On behalf of Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the Auto-Dialer Class)**

18  71.    Plaintiffs Molnar, Thornton, Martinez, Bolden and Stansberry
19 incorporate by reference the foregoing allegations as if fully set forth herein.

20  72.    Defendant made unsolicited telephone calls to cellular telephone
21 numbers belonging to Plaintiffs Molnar, Thornton, Martinez, Bolden, and
22 Stansberry and the other members of the Auto-Dialer Class without their prior
23 express consent.

24  73.    Defendant made the telephone calls using equipment that had the
25 capacity to store or produce telephone numbers to be called using a random or
26 sequential number generator, and/or receive and store lists of phone numbers, and to
27 dial such numbers.

28  74.    Defendant utilized equipment that made the telephone calls to Plaintiffs
Molnar, Thornton, Martinez, Bolden, and Stansberry and other members of the

1  Auto-Dialer Class simultaneously and without human intervention.

2       75.    By making the unsolicited telephone calls to Plaintiffs Molnar,

3  Thornton, Martinez, Bolden, and Stansberry and the Auto-Dialer Class's cellular

4  telephones without prior express consent, and by utilizing an automatic telephone

5  dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

6       76.    As a result of Defendant's unlawful conduct, Plaintiffs Molnar,

7  Thornton, Martinez, Bolden, and Stansberry and the members of the Auto-Dialer

8  Class suffered actual damages in the form of monies paid to receive the unsolicited

9  telephone calls on their cellular phones and under section 227(b)(3)(B) are each

10  entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the

11  TCPA.

12       77.    Should the Court determine that Defendant's conduct was willful and

13  knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of

14  statutory damages recoverable by Plaintiffs Molnar, Thornton, Martinez, Bolden,

15  and Stansberry and the other members of the Auto-Dialer Class.

16       <u>**SECOND CAUSE OF ACTION**</u>

17       **Violation of the TCPA, 47 U.S.C. § 227**

18  **(On behalf of Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry**

19       **and the Robo-Call Class)**

20       78.    Plaintiffs Molnar, Thornton, Martinez, Bolden and Stansberry

21  incorporate by reference the foregoing allegations as if fully set forth herein.

22       79.    Defendant made unsolicited telephone calls to telephone numbers

23  belonging to Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry and the

24  other members of the Robo-Call Class without their prior express consent.

25       80.    Defendant made unsolicited telephone calls to telephone numbers

26  belonging to Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry and the

27  other members of the Robo-Call Class featuring a prerecorded or artificial voice,

28  more commonly known as a "robo-call."

       81.    By making unsolicited robo-calls utilizing an artificial or prerecorded

voice without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

82.     As a result of Defendant's illegal conduct, Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry and the other members of the Robo-Call Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the Act.

83.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry, and the other members of the Robo-Call Class.

## THIRD CAUSE OF ACTION

### Violation of the TCPA, 47 U.S.C. § 227

### (On behalf of Plaintiffs Bell, Bolden, and Stansberry

### and the Text Message Class)

84.     Plaintiffs Bell, Bolden and Stansberry incorporate by reference the foregoing allegations as if fully set forth herein.

85.     Defendant and/or its agents made unsolicited text message calls to telephone numbers belonging to Plaintiffs Bell, Bolden and Stansberry and other members of the Text Message Class without their prior express consent.

86.     Defendant made the unsolicited text message calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random of sequential number generator, and to dial such numbers. Likewise, Defendant and/or its agents utilized equipment that made the text message calls to Plaintiffs Bell, Bolden and Stansberry and other members of the Text Message Class simultaneously and without human intervention.

87.     By making, or having made on its behalf, unsolicited text message calls to Plaintiffs Bell, Bolden, and Stansberry and the other members of the Text Message Class's cellular phones using an automated dialing system and without

1   prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

2       88.     As a result of Defendant's unlawful conduct, Plaintiffs Bell, Bolden,

3   and Stansberry and the members of the Text Message Class suffered actual damages

4   in the form of monies paid to receive unsolicited text message calls and, under

5   section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory

6   damages for each violation of the Act.

7       89.     Should the Court determine that Defendant's misconduct was willful

8   and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of

9   statutory damages recoverable by Plaintiffs Bell, Bolden and Stansberry and the

10  other members of the Text Message Class.

11                          **PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez,

13  Chiquita Bell, Teyia Bolden and Antoinette Stansberry individually and on behalf of

14  the Classes, pray for the following relief:

15      1.     An order certifying the Classes as defined above, appointing Plaintiffs

16  Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden,

17  and Antoinette Stansberry as the representatives of the Classes, and appointing their

18  counsel as Class Counsel;

19      2.     An award of actual and statutory damages;

20      3.     An injunction requiring Defendant to cease all unsolicited telephone

21  calling activities, and otherwise protecting the interests of the Classes;

22      4.     An award of reasonable attorneys' fees and costs; and

23      5.     Such other and further relief that the Court deems reasonable and just.

24

25

26

27

28

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

**JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHHIQUITA BELL, TEYIA BOLDEN** and **ANTOINETTE STANSBERRY** individually and on behalf of all others similarly situated,

Dated:  February 13, 2014

By: */s/ Ronald A. Marron*
One of Plaintiffs' Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

Ronald A. Marron (SBN 175650)
ron@consumersadvocates.com
Skye Resendes (SBN 278511)
skye@consumersadvocates.com
Alexis Wood (SBN 270200)

alexis@consumersadvocates.com
Kas L. Gallucci (SBN 288709)
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Keith J. Keogh*
keith@keoghlaw.com
KEOGH LAW, LTD.
55 West Monroe, Ste. 3390
Chicago, Illinois 60603
Tel: 312.726.1092
Fax: 312.726.1093

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
LESTER & ASSOCIATES
5694 Mission Center Road, No. 385
San Diego, California 92108
Tel: 619.665.3888
Fax: 314.241.5777

D. Frank Davis*
fdavis@davisnorris.com
John E. Norris*
jnorris@davisnorris.com
DAVIS & NORRIS LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Tel: 205.930.9900

*Pro hac vice application to be filed