1   Douglas J. Campion (SBN 75381)
    *doug@djcampion.com*
2   **LAW OFFICES OF DOUGLAS J. CAMPION, APC**
    409 Camino Del Rio South, Suite 303
3   San Diego, California 92108
    Tel: 619.299.2091
4   Fax: 619.858.0034

5   Jay Edelson (Admitted *Pro Hac Vice*)
    *jedelson@edelson.com*
6   Rafey S. Balabanian (Admitted *Pro Hac Vice*)
    *rbalabanian@edelson.com*
7   Benjamin H. Richman (Admitted *Pro Hac Vice*)
    *brichman@edelson.com*
8   Christopher Dore (Admitted *Pro Hac Vice*)
    *cdore@edelson.com*
9   **EDELSON PC**
    350 North LaSalle Street, Suite 1300
10  Chicago, Illinois 60654
    Tel: 312.589.6370
11  Fax: 312.589.6378

12  [Additional counsel appearing on signature page]

13  *Counsel for Plaintiffs and the Putative Classes*

14

15                **UNITED STATES DISTRICT COURT**

16              **SOUTHERN DISTRICT OF CALIFORNIA**

17  JEFFREY MOLNAR, WESLEY              Case No. 3:13-cv-00131-JLS-BGS
    THORNTON, AILEEN MARTINEZ,                    3:13-cv-00685-JLS-BGS
18  CHIQUITA BELL, TEYIA BOLDEN,
    and ANTOINETTE STANSBERRY
19  individually and on behalf of all others    **CONSOLIDATED CLASS ACTION**
    similarly situated,                          **COMPLAINT AND JURY DEMAND**
20
              *Plaintiffs,*
21
    *v.*
22
    NCO FINANCIAL SYSTEMS, INC., a
23  Pennsylvania corporation,
24              *Defendant.*
25

26

27

28

## CONSOLIDATED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden and Antoinette Stansberry bring this class action complaint against Defendant NCO Financial Systems, Inc., to stop Defendant's practice of making unsolicited telephone calls and text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiffs, for their consolidated class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.     Defendant NCO Financial Systems, Inc. is a debt collector.

2.     Defendant repeatedly made unsolicited telephone calls and text message calls to Plaintiffs' and the other members of the Classes' cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Text messages are "calls" under the TCPA.  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009).

3.     Neither Plaintiffs, nor the other members of the proposed Classes, ever provided the cellular telephone numbers on which they received telephone calls and/or text message calls to Defendant for any purpose related to a debt, nor did they provide prior express consent to have Defendant make telephone calls or send text message calls to those telephone numbers.

4.     By making the telephone calls and text message calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls and text message calls and the monies paid to their wireless carriers for the receipt of such telephone calls and text message calls.

5.     The TCPA was enacted to protect consumers from unsolicited telephone

CONSOLIDATED CLASS
ACTION COMPLAINT

CASE NOS. 3:13-CV-00131-JLS-BGS
3:13-CV-00685-JLS-BGS

calls and text message calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiffs filed two separate lawsuits that, by Court order, have now been consolidated. The instant lawsuit seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Jeffrey Molnar is a natural person and citizen of the State of Ohio.

7.      Plaintiff Wesley Thornton is a natural person and citizen of the State of Virginia.

8.      Plaintiff Aileen Martinez is a natural person and citizen of the State of California.

9.      Plaintiff Chiquita Bell is a natural person and citizen of the State of Georgia.

10.     Plaintiff Teyia Bolden is a natural person and citizen of the State of New Jersey.

11.     Plaintiff Antoinette Stansberry is a natural personal and citizen of the State of Illinois.

12.     Defendant NCO Financial Systems, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO Financial Systems does business throughout the United States, the State of California, and this District.

13.     Defendant is registered to do business in California (entity number C2007868). Defendant also maintains at least three offices in California, including one in this District located at 8885 Rio San Diego Drive, #107, San Diego, California 92108.

**JURISDICTION AND VENUE**

14.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

15.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District including making telephone calls to consumers located in this District and collecting payments from consumers living in this District, as well as maintaining an office here.

**COMMON FACTUAL ALLEGATIONS**

16.     Defendant placed and continues to place repeated and harassing telephone calls and text messages calls to consumers who allegedly owe a debt held by Defendant or by a third party on whose behalf Defendant is acting.

17.      Plaintiffs and the other members of the Classes never provided Defendant the phone numbers called for any purpose related to an outstanding debt or to any transaction underlying a debt.

18.     Instead, Defendant acquires phone numbers through various means such as "skip tracing" or "number trapping."

19.     As such, Defendant did not have prior express consent to place the telephone calls and text message calls at issue to Plaintiffs and the members of the Classes.

20.     According to NCO, it utilizes automatic telephone dialing systems to make prerecorded calls and text messages. For example, on its website, NCO asserts:

> NCO's Interactive Voice Messaging (IVM) solution uses advanced technology to deliver high quality automated messaging to our clients' customers globally. Whether the goal is to reduce inbound call volume, increase customer self-service, or connect customers to a live agent, NCO's IVM solution enables our clients to deliver branded, repeatable, messaging to its customers while maximizing the customer experience and your revenue.

---

3

CONSOLIDATED CLASS
ACTION COMPLAINT

CASE NOS. 3:13-cv-00131-JLS-BGS
3:13-cv-00685-JLS-BGS

*See* NCO, <u>Multi-Channel Solutions</u>, available at: http://www.ncogroup.com/ Turnkey/Communications/Multi-Channel_Solutions.html?ht=text%20text (last visited, January 26, 2014).

21.     Similarly, NCO asserts:

***Text messaging is everywhere, and NCO's Text Messaging Solutions is a creative way to quickly communicate with your customers.***

Cellphone users in the United States will send an estimated 600.5 billion text messages in 2008. NCO's Text Messaging Services are a cost-effective way for financial institutions to communicate with their customers. Our text messaging campaigns are easy to set up and are free for end users to receive. Using text messaging, we can help financial institutions communicate with large groups of people simultaneously, relaying a wide variety of information, including:

- Collection notices
- Information about new services
- Confirmation numbers and other important information

NCO's Text Messaging Services can also be used in conjunction with our interactive voice messaging services for a multi-channel campaign, and we can also add agent support for two-way communication with customers.

*Id*.

22.     Defendant has placed calls and sent text messages for the purpose of alleged debt collection to thousands of consumers in the past four years.

23.     Defendant is and was aware that these telephone calls and text message calls were and are being placed to Plaintiffs and members of the Classes without their express consent to receive such calls.

### <u>Facts Relating to Plaintiff Molnar</u>

24.     Beginning in or around October 3, 2012, and continuing through the present, Plaintiff Jeffrey Molnar received numerous prerecorded phone messages on his wireless phone from Defendant, for which Plaintiff provided Defendant no consent to call.

25.     Plaintiff Molnar has attempted to block the unsolicited calls from Defendant; however, Defendant continues to call from varying phone numbers including: (760) 303-4034, (716) 404-2231, (866) 233-9291, (800) 709-8625, and (888) 899-4780.

CONSOLIDATED CLASS
ACTION COMPLAINT

CASE NOS. 3:13-CV-00131-JLS-BGS
3:13-CV-00685-JLS-BGS

26.    In making the calls to Plaintiff Molnar, Defendant utilizes an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

27.    The unsolicited phone calls placed to Plaintiff Molnar's wireless telephone also included telephone calls featuring an artificial or pre-recorded voice system, rather than a live person.

28.    Plaintiff Molnar did not provide Defendant or its agents prior express consent to receive phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

29.    None of Defendant's telephone calls placed to Plaintiff Molnar were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30.    The phone calls made by Defendant or its agents to Plaintiff Molnar violated 47 U.S.C. § 227(b)(1).

## Facts Relating to Plaintiff Thornton

31.    Beginning in or around January 1, 2009, and continuing through 2011, Plaintiff Wesley Thornton received numerous prerecorded phone messages on his wireless phone from Defendant, for which Plaintiff provided no consent to call.

32.    Plaintiff Wesley Thornton has received hundreds of calls and voicemails, sometimes up to seven times per day.

33.    In making the calls to Plaintiff Thorton, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant had the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or

includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

34.     The unsolicited phone calls placed to Plaintiff Thorton's wireless telephone also included telephone calls featuring an artificial or pre-recorded voice system, rather than a live person.

35.     On March 24, 2011, Plaintiff Thorton received a telephone call on his cellphone that resulted in the following female pre-recorded and/or artificial voicemail message:

> This is an important message N.C.O. Financial Systems, a debt collection company.  This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please return the call to Annett Class at (800) 924-3587.  Again, that's [Annett Class] at (800) 924-3587.  Thank you.  NCO Financial Systems is a debt collection company.  This is an attempt to collect a debt and any information obtained will used for that purpose.  When calling, please refer to your ID code, 2C7E4B. Again, your ID code is 2C7E4B.

36.     Plaintiff Thornton did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

37.     None of Defendant's telephone calls placed to Plaintiff Thornton were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

38.     The phone calls made by Defendant or its agents to Plaintiff Thornton violated 47 U.S.C. § 227(b)(1).

**Facts Relating to Plaintiff Martinez**

39.     Beginning in or around January 1, 2010, and continuing through approximately October 2012, Plaintiff Aileen Martinez received numerous prerecorded phone messages on her wireless phone from Defendant, for which Plaintiff provided no consent to call.

40.     Defendant has placed calls to Plaintiff using, at least, the telephone number (877) 864-0370.

41.     In making the calls Plaintiff Martinez, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant

CONSOLIDATED CLASS                    CASE NOS. 3:13-CV-00131-JLS-BGS
ACTION COMPLAINT                                   3:13-CV-00685-JLS-BGS

had the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

42.     The unsolicited phone calls placed to Plaintiff Martinez's wireless telephone also included telephone calls featuring an artificial or pre-recorded voice system, rather than a live person.

43.     Plaintiff Martinez did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

44.     None of Defendant's telephone calls placed to Plaintiff Martinez were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

45.     The phone calls made by Defendant or its agents to Plaintiff Martinez violated 47 U.S.C. § 227(b)(1).

## Facts Relating to Plaintiff Bell

46.      Beginning in or around July 1, 2012, Plaintiff Chiquita Bell received numerous text message calls on her wireless phone from Defendant, for which Plaintiff provided Defendant no consent, instructing Plaintiff Bell to contact NCO about an important business matter.

47.     In making the text message calls to Plaintiff Bell, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant had the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention.  Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

7

48.     Plaintiff Bell did not provide Defendant or its agents prior express consent to receive unsolicited text message calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

49.     None of Defendant's text message calls placed to Plaintiff Bell were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

50.     The text message calls made by Defendant or its agents to Plaintiff Bell violated 47 U.S.C. § 227(b)(1).

**Facts Relating to Plaintiff Bolden**

51.     Beginning in or around January 1, 2011, Plaintiff Teyia Bolden received numerous prerecorded phone messages on her wireless phone from Defendant, for which Plaintiff provided no consent to call.

52.     At times when Plaintiff Bolden waited for a live person to come to the line, Plaintiff told Defendant to stop contacting her on her wireless phone.

53.     Beginning in or around January 1, 2013, Plaintiff Teyia Bolden received numerous text message calls on her wireless phone from Defendant, for which Plaintiff provided Defendant no consent to call, instructing Plaintiff Bolden to contact NCO about an important business matter.

54.     In making the calls and text message calls to Plaintiff Bolden, Defendant utilizes an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention.   Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

55.     Plaintiff Bolden did not provide Defendant or its agents prior express consent to receive unsolicited phone calls or text message calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

56.    None of Defendant's telephone calls or text message calls placed to Plaintiff Bolden were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

57.    The telephone calls and text message calls made by Defendant or its agents to Plaintiff Bolden violated 47 U.S.C. § 227(b)(1).

## Facts Relating to Plaintiff Stansberry

58.    Beginning in or around January 1, 2013, and continuing through the present, Plaintiff Antoinette Stansberry received numerous prerecorded phone messages on her wireless phone from Defendant, for which Plaintiff provided no consent to call.

59.    At times when Plaintiff Stansberry waited for a live person to come to the line, Plaintiff told Defendant to stop contacting her on her wireless phone.

60.    Beginning in or around January 1, 2013, and continuing through in or around October 2013, Plaintiff Antoinette Stansberry received approximately three text message calls on her wireless phone from Defendant, for which Plaintiff provided Defendant no consent to call, instructing Plaintiff Stansberry to contact NCO about an important business matter.

61.    In making the telephone calls and text message calls to Plaintiff Stansberry, Defendant utilizes an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, or receive and store lists of telephone numbers, and to dial those numbers, *en masse*, in an automated fashion without human intervention.  Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available telemarketers and disconnecting the rest.

62.    Plaintiff Stansberry did not provide Defendant or its agents prior express consent to receive unsolicited telephone calls or text message calls pursuant to 47

CONSOLIDATED CLASS
ACTION COMPLAINT

CASE NOS. 3:13-CV-00131-JLS-BGS
3:13-CV-00685-JLS-BGS

U.S.C. § 227 (b)(1)(A).

63.   None of Defendant's telephone calls or text message calls placed to Plaintiff Stansberry were for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

64.   The telephone calls and text message calls made by Defendant or its agents to Plaintiff Stansberry violated 47 U.S.C. § 227(b)(1).

## CLASS ALLEGATIONS

65.   Plaintiffs jointly bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and two classes defined as follows:

> **Auto-Dialer Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive telephone calls from Defendant.

> **Robo-Call Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) that featured an artificial or pre-recorded voice; (3) who never consented to receive telephone calls from Defendant at the number called.

Plaintiffs Bell, Bolden, and Stansberry bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and a class defined as follows:

> **Text Message Class:** Any person in the United States to whom Defendant (1) placed a text message call in connection with the collection of a debt; (2) made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive text message calls from Defendant.

66.   **Numerosity**: The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Defendant has made telephone and text message calls to thousands of consumers who fall into the definition of the Classes. Class members can be identified through Defendant's records.

67.   **Typicality**: Plaintiffs' claims are typical of the claims of other members

of the Classes, in that Plaintiffs and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone and text message calls.

68.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

69.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant's conduct constitutes a violation of the TCPA;

(b)     whether the equipment Defendant used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

(c)     whether Defendant systematically made calls to members of the Robo-Call Class that featured an artificial or pre-recorded voice;

(d)     whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls; and

(e)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

70.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively

CONSOLIDATED CLASS
ACTION COMPLAINT

CASE NOS. 3:13-CV-00131-JLS-BGS
3:13-CV-00685-JLS-BGS

small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## **FIRST CAUSE OF ACTION**

### **Violation of the TCPA, 47 U.S.C. § 227**

### **(On behalf of Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the Auto-Dialer Class)**

71.    Plaintiffs Molnar, Thornton, Martinez, Bolden and Stansberry incorporate by reference the foregoing allegations as if fully set forth herein.

72.    Defendant made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the other members of the Auto-Dialer Class without their prior express consent.

73.    Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers.

74.    Defendant utilized equipment that made the telephone calls to Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and other members of the Auto-Dialer Class simultaneously and without human intervention.

75.    By making the unsolicited telephone calls to Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the Auto-Dialer Class's cellular telephones

without prior express consent, and by utilizing an automatic telephone dialing system, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

76.     As a result of Defendant's unlawful conduct, Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the members of the Auto-Dialer Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and under section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

77.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the other members of the Auto-Dialer Class.

## SECOND CAUSE OF ACTION

### Violation of the TCPA, 47 U.S.C. § 227

### (On behalf of Plaintiffs Molnar, Thornton, Martinez, Bolden, and Stansberry and the Robo-Call Class)

78.     Plaintiffs Molnar, Thornton, Martinez, Bolden and Stansberry incorporate by reference the foregoing allegations as if fully set forth herein.

79.     Defendant made unsolicited telephone calls to telephone numbers belonging to Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry and the other members of the Robo-Call Class without their prior express consent.

80.     Defendant made unsolicited telephone calls to telephone numbers belonging to Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry and the other members of the Robo-Call Class featuring a prerecorded or artificial voice, more commonly known as a "robo-call."

81.     By making unsolicited robo-calls utilizing an artificial or prerecorded voice without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

82.     As a result of Defendant's illegal conduct, Plaintiffs Molnar, Thorton,

Martinez, Bolden, and Stansberry and the other members of the Robo-Call Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the Act.

83.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs Molnar, Thorton, Martinez, Bolden, and Stansberry, and the other members of the Robo-Call Class.

### THIRD CAUSE OF ACTION

### Violation of the TCPA, 47 U.S.C. § 227

### (On behalf of Plaintiffs Bell, Bolden, and Stansberry

### and the Text Message Class)

84.     Plaintiffs Bell, Bolden and Stansberry incorporate by reference the foregoing allegations as if fully set forth herein.

85.     Defendant and/or its agents made unsolicited text message calls to telephone numbers belonging to Plaintiffs Bell, Bolden and Stansberry and other members of the Text Message Class without their prior express consent.

86.     Defendant made the unsolicited text message calls, or had them made on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random of sequential number generator, and to dial such numbers. Likewise, Defendant and/or its agents utilized equipment that made the text message calls to Plaintiffs Bell, Bolden and Stansberry and other members of the Text Message Class simultaneously and without human intervention.

87.     By making, or having made on its behalf, unsolicited text message calls to Plaintiffs Bell, Bolden, and Stansberry and the other members of the Text Message Class's cellular phones using an automated dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

88.     As a result of Defendant's unlawful conduct, Plaintiffs Bell, Bolden, and

1   Stansberry and the members of the Text Message Class suffered actual damages in the
2   form of monies paid to receive unsolicited text message calls and, under section
3   227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages
4   for each violation of the Act.

5          89.    Should the Court determine that Defendant's misconduct was willful and
6   knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of
7   statutory damages recoverable by Plaintiffs Bell, Bolden and Stansberry and the other
8   members of the Text Message Class.

9   **PRAYER FOR RELIEF**

10         WHEREFORE, Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez,
11   Chiquita Bell, Teyia Bolden and Antoinette Stansberry individually and on behalf of
12   the Classes, pray for the following relief:

13         1.    An order certifying the Classes as defined above, appointing Plaintiffs
14   Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden, and
15   Antoinette Stansberry as the representatives of the Classes, and appointing their
16   counsel as Class Counsel;

17         2.    An award of actual and statutory damages;

18         3.    An injunction requiring Defendant to cease all unsolicited telephone
19   calling activities, and otherwise protecting the interests of the Classes;

20         4.    An award of reasonable attorneys' fees and costs; and

21         5.    Such other and further relief that the Court deems reasonable and just.

22   **JURY DEMAND**

23   Plaintiffs request a trial by jury of all claims that can be so tried.

24

25   Respectfully submitted,

26   **JEFFREY MOLNAR, WESLEY
27   THORNTON, AILEEN MARTINEZ,
     CHHIQUITA BELL, TEYIA BOLDEN** and
28   **ANTOINETTE STANSBERRY** individually
     and on behalf of all others similarly situated,

Dated: February 13, 2014        By: */s/ Ronald A. Marron*
                                    One of Plaintiffs' Attorneys

Jay Edelson (Admitted *Pro Hac Vice*)
*jedelson@edelson.com*
Rafey S. Balabanian (Admitted *Pro Hac Vice*)
*rbalabanian@edelson.com*
Benjamin H. Richman (Admitted *Pro Hac Vice*)
*brichman@edelson.com*
Christopher Dore (Admitted *Pro Hac Vice*)
*cdore@edelson.com*
**EDELSON PC**
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN 289009)
*meisen@edelson.com*
**EDELSON PC**
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Douglas J. Campion
*doug@djcampion.com*
**LAW OFFICES OF DOUGLAS J CAMPION, APC**
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

Ronald A. Marron (SBN 175650)
*ron@consumersadvocates.com*
Skye Resendes (SBN 278511)
*skye@consumersadvocates.com*
Alexis Wood (SBN 270200)
*alexis@consumersadvocates.com*
Kas L. Gallucci (SBN 288709)
*kas@consumersadvocates.com*
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Keith J. Keogh*
*keith@keoghlaw.com*
**KEOGH LAW, LTD.**
55 West Monroe, Ste. 3390
Chicago, Illinois 60603
Tel: 312.726.1092
Fax: 312.726.1093

---

16

CONSOLIDATED CLASS                    CASE NOS. 3:13-cv-00131-JLS-BGS
ACTION COMPLAINT                                   3:13-cv-00685-JLS-BGS

1

Patric A. Lester (SBN 220092)
*pl@lesterlaw.com*
**LESTER & ASSOCIATES**
5694 Mission Center Road, No. 385
San Diego, California 92108
Tel: 619.665.3888
Fax: 314.241.5777

2

3

4

5

D. Frank Davis*
*fdavis@davisnorris.com*
John E. Norris*
*jnorris@davisnorris.com*
**DAVIS & NORRIS LLP**
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Tel: 205.930.9900

6

7

8

9

10

*Pro hac vice* application to be filed

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

17