**BEFORE THE UNITED STATES**
**JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE: *NCO FINANCIAL SYSTEMS, INC. TCPA Litigation*   MDL No. 2533

**PLAINTIFF ALEXANDER MONGE'S RESPONSE TO MOTION TO TRANSFER**

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager (SBN 252114)
nbontrager@attorneysforconsumers.com
Suren N. Weerasuriya (SBN 278521)
sweerasuriya@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228

**ASAF LAW**
Asaf Agazanof, Esq. (SBN: 285043)
Asaf@Lawasaf.com
8730 Wilshire Blvd. #310
Beverly Hills, CA 90211
Telephone: (424)254-8870
Facsimile: (888)254-0651

*Counsel for Plaintiff Alexander Monge*

14cv460-GPC-JMA
13cv131-JLS-BGS
13cv685-JLS-BGS

I. **Introduction**

Plaintiff, Alexander Monge ("Plaintiff") filed a class action lawsuit against Defendant, NCO Financial Systems, Inc. ("Defendant") in the Central District of California ("C.D. Cal."), alleging violations of the Telephone Consumer Protection Act ("TCPA"). *See Monge v. NCO Financial Systems, Inc.*, Case No. No. 14-cv-00143-ODW-AS (C.D. Cal.). Shortly thereafter, Plaintiff's class action lawsuit against Defendant was transferred to the Southern District of Califoria ("S.D. Cal."). *See Monge v. NCO Financial Systems, Inc.*, Case No. No. 14-cv-00460-GPC-JMA (S.D. Cal.) However, three similar TCPA class action cases were filed against Defendant. Two of them are currently in the Southern District of California: 1) *Molnar v. NCO Financial Systems, Inc.*, Case No. 13-cv-00131-JSL-BGS; and 2) *House v. NCO Financial Systems, Inc.* Case No. 13-cv-00685-JSL-BGS. And the other is currently in the Eastern District of New York: *Baranski v. NCO Financial Systems, Inc.*, Case No. 13-cv-06349-ILG-JMA.

Plaintiff's counsel in *Baranski v. NCO Financial Systems, Inc.* moves to consolidate these four cases before the Honorable I. Leo Glasser of the Eastern District of New York.

Plaintiff opposes his case being transferred to the Eastern District of New York and consolidated into an MDL, along with the *Molnar* and *House* cases. Instead, Plaintiff requests that his case remain in the Southern District of California, and for it to be consolidated into an MDL, along with the *Molnar*, *House*, and *Baranski* actions. In the alternative, if the Panel determines that this case and the others must be transferred to *another* district, Plaintiff requests that transfer and consolidation be made to and in the Eastern District of Pennsylvania.

Plaintiff is opposed to a transfer to and consolidation in the Eastern District of New York, as the factors which determine the appropriateness of a (potential )transferee venue suggest that

the Southern District of California is the most logical forum for transfer and consolidation, as further discussed below.

In the interests of judicial economy, Plaintiff will not reiterate the procedural history of these cases, as it has been sufficiently outlined in Plaintiff *Baranski's* motion.

## II. Legal Argument

### A. Standard For Determining Proper Forum For Transfer

In determining whether cases should be transferred to a particular district as part of a consolidation, the Panel generally considers the following factors: 1) whether the parties agree on a transferee forum; 2) the location of the parties and witnesses; 3) the centrality of the location for the convenience of the parties and witnesses; 4) where the cases are pending; 5) the congestion of the potential transferee forum's docket; and 6) the judge's familiarity with the issues involved. *See In re "Factor VIII or IX Concentrate Blood Prods." Liab. Litig.*, 853 F. Supp. 454, 455 (J.P.M.L.); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001); *In re SIGG Switzerland (USA), Inc., Aluminum Bottles Mktg. and Sales Practices Litig.*, 628 F. Supp. 2d 1347, 1349 (J.P.M.L. 2010).

### B. The Southern District of Is The Most Proper Forum to Which The Cases Should be Transferred to and Consolidated In

#### i. Whether Parties Agree on a Transferee Forum

The *Molnar* lawsuit was filed in the Southern District of California, thus clearly establishing the *Molnar* plaintiffs' consent to litigate this case further in the same district. Specifically, the *Molnar* lawsuit has six (6) named Plaintiffs. Moreover, the *House* lawsuit, now currently consolidated with the *Molnar* lawsuit was filed in the Southern District of California, thus also clearly establishing the *House* plaintiff's consent to litigate this case further in the same district. Finally, Plaintiff did not oppose Defendant's motion to transfer its case from the Central

District to the Southern District, *See Monge*, Dkt. No. 9 (Motion to Change Venue to United States District Court for the Southern District of California filed by Defendant NCO Financial Systems, Inc.) thus further establishing Plaintiff and Defendant's agreement and desire to litigate the cases in the Southern District of California.

The only parties objecting to the Southern District of California as a proper forum for the MDL are the *Baranski* Plaintiffs.

Thus, with eight (8) of the ten (10) named plaintiffs *and* Defendant in agreement that the Southern District is a proper forum for transfer and consolidation, this factor weighs in favor of a transfer to and consolidation in the Southern District.

### ii. Location of the Parties and Witnesses and Centrality of Location

Counsel for the *Molnar* lawsuit both have offices within the Southern District of California. Plaintiff's Counsel and Counsel for the *House* lawsuit also offices within California. Moreover, Plaintiff's Counsel for the *Baranski* lawsuit also has an office within the Southern district of California located at 707 Broadway, Suite 1000, San Diego, CA 92101. Additionally, Defendant maintains at least three offices in California, including one in the Southern District located at 8885 Rio Dan Diego Drive, #107, San Diego, Califonia 92108. *See Molnar*, Dkt. No. 66 (Amended Complaint with Jury Demand against NCO Financial Systems, Inc.) Finally, Defendant's counsel maintains an office within the Southern District of California located at 1545 Hotel Circle South, Suite 150, San Diego, CA 92108.

In addition, a majority of the named Plaintiffs are located within California. Specifically, three (3) of the ten (10) named plaintiffs are located within California, whereas only one of the named plaintiffs is located in New York: Plaintiff Aileen Martinez is a natural person and citizen of the state of Califoria *See Molnar*, Dkt. No. 66 (Amended Complaint with Jury Demand

against NCO Financial Systems, Inc.); Plaintiff Rosemary House is a natural person and citizen of the state of California *See House*, Dkt. No. 1 (Complaint with Jury Demand against NCO Financial Systems, Inc.); Plaintiff Alexander Monge is a natural person and citizen of the state of California *See Monge*, Dkt. No. 1 (Class Action Complaint against Defendants NCO Financial Systems, Inc.).

Thus, with three (3) of six (6) named plaintiffs' counsel having offices within the Southern District, the other three (3) having offices within California, Defendant and Defendant's counsel having offices within the Southern District, and three (3) of ten (10) named plaintiffs residing within California, the location factor weighs heavily in favor of the Southern District of California being the proper forum for transfer and consolidation.

### iii. Where The Cases Are Pending

Here three (3) of the four (4) filed cases are currently pending in the Southern District. Moreover, the first lawsuit to be filed alleging TCPA class action violations, the *Molnar* lawsuit, was filed within the Southern District. As such, the Southern District is the logical and most appropriate choice for transfer and consolidation.

### iv. Congestion of Potential Transferee Forum's Docket

The Southern District of California currently only has seven (7) MDLs pending.[1] The Eastern District of New York on the other hand currently has ten (10) MDLs pending.[2] Moreover, neither the Honorable Jannis L. Sammartino (currently presiding over the *Molnar* and

---

[1] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-19-2014.pdf
[2] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-19-2014.pdf

5

*House* lawsuits) or the Honorable Gonzalo P. Curiel (currently presiding over Plaintiff's lawsuit) are presiding over an any MDLs.[3]

Thus, this factor weighs in favor of a transfer to the Southern District of California.

### v. The Judge's Familiarity With the Issues Involved

While judges in any of the proposed forums are well qualified to preside over the proposed MDL, the Southern District is currently handling two TCPA MDLs (Midland Credit Management, Inc., Telephone Consumer Protection Act (TCPA) Litigation and Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act (TCPA) Litigation).[4]

The Eastern district of New York on the other hand does not currently have any pending TCPA MDLs.

Thus, the judges in the Southern District of California are more likely to be familiar with issues involved in the proposed TCPA MDL action.

### C. In The Alternative, the Eastern District Of Pennsylvania is An Appropriate and Proper Forum to Which The Cases Should Be Transferred to and Consolidated In

As an alternative, Plaintiff respectfully submits that the Eastern District of Pennsylvania in Philadelphia would be a suitable forum for the MDL.

The parties are in agreement that the Eastern District of Pennsylvania is an appropriate forum. Specifically, the *Baranski* Plaintiffs do not object to the Eastern District of Pennsylvania as an alternative forum in their Motion For Transfer of Actions. Moreover, in the *Molnar* lawsuit Defendant attempted to transfer the action to the Eastern District of Pennsylvania. *See Molnar*, Dkt. No. 54.

---

[3] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-19-2014.pdf
[4] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-19-2014.pdf

Furthermore, the Eastern District of Pennsylvania is the district in which Defendant is headquartered and thus relevant witnesses and evidence relating to the policies and procedures for placing telephone calls will be there. Defendant is headquartered in Horsham, Pennsylvania which is less than 30 miles from the Eastern District of Pennsylvania. Additionally, Plaintiff's counsel maintains an office in Philadelphia.

Thus, the Eastern District of Pennsylvania is the second most logical forum to transfer and consolidate all of the pending cases to and a more appropriate forum for transfer and consolidation than the Eastern District of New York.

### III. Conclusion

With almost all parties in agreement that the Southern District of California is the proper forum for transferring and consolidating the cases, it is *the* most logical choice; however, as an alternative, the factors considered by Panel suggest that the Eastern District of Pennsylvania is the second most logical choice, and a more appropriate forum for transfer and consolidation than the Eastern District of New York. Thus, Plaintiff humbly requests that the Panel transfer all cases to, and consolidate them in, the Southern District of California, and in the alternative, the Eastern District of Pennsylvania.

**Dated: March 17, 2014.**            **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

**By: /s/Todd M. Friedman**
Todd M. Friedman (SBN 216752)

**ASAF LAW**
Asaf Agazanof, Esq. (SBN: 285043)
Asaf@Lawasaf.com
8730 Wilshire Blvd. #310
Beverly Hills, CA 90211
Telephone: (424)254-8870
Facsimile: (888)254-0651

**Attorneys for Plaintiff, Alexander Monge**

BEFORE THE UNITED STATES
JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: *NCO FINANCIAL SYSTEMS, INC. TCPA Litigation*     MDL No. 2533

**PLAINTIFF ALEXANDER MONGE'S RESPONSE TO MOTION TO TRANSFER**

Certificate of Service

Pursuant to Rule 4.1(a) of the Rules of Procedure for the U.S. Judicial Panel on Multidistrict Litigation, I hereby certify that a copy of the following document(s) was/were electronically filed, and served on all parties listed below, via ECF, on March 17, 2014:

**PLAINTIFF ALEXANDER MONGE'S RESPONSE TO MOTION TO TRANSFER**

The Court's CM/ECF filing system will generate a Notice of Electronic Filing ("NEF") to the filing party, the assigned judge, and ECF-registered users. This NEF constitutes serve of the above listed document(s). Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

Parties Served

Ronald Marron
Law Office of Ronal Marron
651 Arroyo Drive
San Diego, CA 92103
(619) 696-9006; Fax: (619)564-6665
Email: ron@consumersadvocates.com
*Counsel for Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden, and Antoinette Stansberry*

Douglas J Campion
Law Office of Douglas J Campion
409 Camino Del Rio South
San Diego, CA 92108
(619) 299-2091; Fax: (619)858-0034
Email: doug@djcampion.com
*Counsel for Plaintiffs Jeffrey Molnar, Wesley Thornton, and Aileen Martinez*

Benjamin H. Richman
EDELSON P.C.
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
(312) 589-6370; Fax: (312)589-6378
birchman@Edelson.com
*Counsel for Plaintiff Rosemary House*

Joseph P. Guglielmo
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue, 40th Floor
New York, NY 10174
(212) 223-6444; Fax: (212) 223-6334
jguglielmo@scott-scott.com
*Counsel for Plaintiffs John Baranski and James LaCourte*

David R. Scott
Erin Green Comite
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street, P.O. Box 192
Colchester, CT 06415
(860) 537-5537; Fax: (860) 537-4432
david.scott@scott-scott.com
ecomite@scott-scott.com
*Counsel for Plaintiffs John Baranski and James LaCourte*

Joseph S. Tusa
TUSA P.C.
1979 Marcus Avenue, Suite 210
Lake Success, NY 11042
(516) 622-2212; Fax: (212) 658-9685
joseph.tusapc@gmail.com
*Counsel for Plaintiffs John Baranski and James LaCourte*

Oren Giskan
Catherine E. Anderson
GISKAN, SOLOTAROFF, ANDERSON
& STEWART LLP
11 Broadway, Suite 2150
New York, NY 10004
(212) 847-8315
ogiskan@gslawny.com
canderson@gslawny.com
*Counsel for Plaintiffs John Baranski and James LaCourte*

Eric L. Foster
LINDH FOSTER, LLC
29 Soundview Road, Suite 11B
Guilford, CT 06437
(203) 533-4321; Fax: (203) 538-1007
efoster@lindhfoster.com
*Counsel for Plaintiffs John Baranski and James LaCourte*

Aaron R Easley
Sessions Fishman Nathan & Israel LLC
3 Cross Creek Drive
Flemington, NJ 08822
(908)237-1660; Fax: 908-237-1663
aeasley@sessions-law.biz
*Counsel for Defendant NCO Financial Systems, Inc.*

Albert R Limberg
Sessions Fishman Nathan & Israel LLC
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
(619)758-1891; Fax: (619)296-2013
alimberg@sessions-law.biz
*Counsel for Defendant NCO Financial Systems, Inc.*

David Israel
Sessions Fishman Nathan & Israel LLC
3850 North Causeway Blvd., Suite 200
Metairie, LA 70002
(504)828-3700; Fax: (504)828-3737
disrael@sessions-law.biz
*Counsel for Defendant NCO Financial Systems, Inc.*

Michael D. Slodov
Sessions Fishman Nathan & Israel LLC
15 E Summit St.
Chagrin Falls, OH 44022
(440)318-1073; Fax: (216)359-0049
mslodov@sessions-law.biz
*Counsel for Defendant NCO Financial Systems, Inc.*

I have arranged for service of a copy of the foregoing on the following court clerks, as required by the Judicial Panel on Multidistrict Litigation's Panel Rules:

Clerk of the Court
U.S. District Court
Southern District of California
Office of the Clerk
333 West Broadway, Suite 420
San Diego, CA 92101

Clerk of the Court
U.S. District Court
Eastern District of New York
Office of the Clerk
225 Cadman Plaza East
Brooklyn, NY 11201

Clerk of the Panel
United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8041

| | |
|---|---|
| **Dated: March 17, 2014.** | **LAW OFFICES OF TODD M. FRIEDMAN, P.C.** |
| | **By: /s/Todd M. Friedman** |
| | Todd M. Friedman (SBN 216752) |
| | **ASAF LAW** |
| | Asaf Agazanof, Esq. (SBN: 285043) |
| | Asaf@Lawasaf.com |
| | 8730 Wilshire Blvd. #310 |
| | Beverly Hills, CA 90211 |
| | Telephone: (424)254-8870 |
| | Facsimile: (888)254-0651 |
| | **Attorneys for Plaintiff, Alexander Monge** |