Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805 )
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER MONGE, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>                    Defendant. | Case No. 3:14-cv-00460-GPC-JMA<br><br>NCO FINANCIAL SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE<br><br>Hon. Gonzalo P. Curiel<br><br>Date: May 1, 2014<br>Time: 1:30 p.m.<br>Courtroom: 4A |
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY, on behalf of themselves, all others similarly situated,<br><br>                    Plaintiffs, | Case No.  3:13-cv-00131-JLS-BGS<br>                    3:13-cv-00685-JLS-BGS<br><br>Hon. Janis L. Sammartino |

|                                    |   |
|------------------------------------|---|
| vs.                                | ) |
|                                    | ) |
| NCO FINANCIAL SYSTEMS, INC.,       | ) |
| a Pennsylvania Corporation,        | ) |
|                                    | ) |
|             Defendant.             | ) |
| _____     | ) |

## I. INTRODUCTION

Plaintiff Alexander Monge commenced a putative class action against NCO Financial Systems, Inc. ("NCO") on January 7, 2014, in the Central District of California, alleging claims for negligent and willful TCPA violations arising from alleged calls made to his cellular phone without his consent. *Monge v. NCO Financial Systems, Inc.,* Case No. 3:14-cv-00460-GPC-JMA, [Dkt. 1, ¶¶ 8-15]. On February 12, 2014, NCO moved to transfer this action to the Southern District of California under the first-to-file rule. *Id.* at [Dkt. 9].

By order dated February 28, 2014, the honorable Judge Otis D. Wright, II of the U.S. District Court of the Central District of California granted NCO's motion. *Id.* at [Dkt. 10]. The Court found that the action involved similar parties, and similar issues with two cases pending in this Court, both of which were previously filed. *Id.* By virtue of the transfer order, the case was docketed with this Court on February 28, 2014, and assigned the new case number. Pursuant to Local Rule 40.1(f), NCO filed notice of related actions on March 24, 2014. *Id.* at [Dkt. 16].

NCO now moves this Court for an order pursuant to Fed.R.Civ.P. 42 consolidating *Monge v. NCO Financial Systems, Inc.,* Case No. 3:14-cv-00460-GPC-JMA, with the previously consolidated matters styled *Molnar et al., v. NCO Financial Systems, Inc.,* Case No. 3:13-cv-00131-JLS-BGS and *House et al., v. NCO Financial Systems, Inc. ,*Case No. 3:13-cv-00685-JLS-BGS.

Counsel for Plaintiff Monge stipulates to the proposed consolidation of the *Monge* action with the *Molnar/House* case, and counsel for *Molnar/House* have made previous representations in court filings indicating that they do not oppose consolidation.  *See* Declaration of Damian P. Richard, ¶¶ 7-8, filed concurrently.

## II. ARGUMENT

Federal Rules of Civil Procedure Rule 42(a) provides:

(a) Consolidation**.** If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

District Courts enjoy broad discretion in controlling their dockets and in passing on requests to consolidate actions. 9A Charles A. Wright, et al., Federal Practice & Procedure § 2382 (3d ed.).  "[U]nder Rule 42, the main question a court must address is whether there are common questions of law or fact[;]" secondarily, the Court must also "'weigh[ ] the saving of time and effort consolidation would

produce against any inconvenience, delay or expense that it would cause.'" *Single Chip Systems Corp. v. Intermec IP Corp.,* 495 F.Supp.2d 1052, 1057 (S.D.Cal. 2007) (quoting *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984)).

Plaintiff Monge seeks to certify a TCPA class consisting of all "persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint." *Monge,* Compl. ¶ 16.

Similarly, the *Molnar/House* Plaintiffs (Plaintiffs Molnar, Thornton, Martinez, Bell, Bolden and Stansberry) allege they each received calls from NCO on their cellular phones without their prior express consent. *See* Case No. 1:13-cv-0131, [Dkt. No. 66], at ¶¶ 24-30; 31-38; 39-45; 46-50; 51-57; 58-64. Plaintiffs currently seek to certify three TCPA classes consisting of:

> **Auto-Dialer Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive telephone calls from Defendant.
> **Robo-Call Class:** Any person in the United States to whom Defendant (1) placed a call in connection with the collection of a debt; (2) that featured an artificial or pre-recorded voice; (3) who never consented to receive telephone calls from Defendant at the number called.
> \*   \*   \*
> **Text Message Class:** Any person in the United States to whom Defendant (1) placed a text message call in connection with the collection of a debt; (2)

made through the use of any automatic telephone dialing system; (3) to a cellular telephone number; (4) on which the individual called never consented to receive text message calls from Defendant.

*Id.* at ¶ 65.

In previously granting Plaintiffs' motion to consolidate the *Molnar* and *House* cases, Judge Sammartino held: "[B]oth cases involve TCPA claims against NCO and both cases involve similar allegations regarding unauthorized calls to Plaintiffs' cell phones. Although the factual allegations are not identical, the actions appear to be similar enough that it would make little sense to have them proceed on an entirely separate schedule for discovery and other pre-trial matters." *Id.* at [Dkt. 54.]

The same holds true here. While the factual allegations are not identical, these actions involve TCPA claims against NCO involving similar allegations of unauthorized calls to plaintiffs' cell phones, and it would make little sense to have the cases proceed separately.

## III. CONCLUSION

For all the foregoing reasons, NCO respectfully requests this Court consolidate *Monge v. NCO Financial Systems, Inc.,* Case No. 3:14-cv-00460-GPC-JMA, with *Molnar et al., v. NCO Financial Systems, Inc.,* Case No. 3:13-cv-

00131-JLS-BGS and *House et al., v. NCO Financial Systems, Inc.* ,Case No. 3:13-cv-00685-JLS-BGS.

Dated: March 26, 2014            SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Damian P. Richard*
Damian P. Richard
Attorney for NCO Financial Systems, Inc.