# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, on behalf of themselves, all others similarly situated and the general public,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv131-JLS (JLB)<br><br>ORDER GRANTING JOINT MOTION TO EXTEND ALL SCHEDULED DATES BY 90 DAYS<br><br>[ECF Nos. 61, 80] |

　　　　Presently before the Court is the Joint Motion to Extend All Scheduled Dates By 90 Days filed by the parties in this action. (ECF No. 80.) For good cause appearing, the Joint Motion is GRANTED. Accordingly, the dates and deadlines set for the Scheduling Order issued on January 29, 2014, (ECF No. 61), are hereby RESET as follows:

　　　　1. The parties shall disclose the identity of their respective experts *regarding class certification* in writing by **July 7, 2014**. The date for the disclosure of the identity of rebuttal experts *regarding class certification* shall be on or before **July 28, 2014**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial**

**to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts.**

2. On or before **August 15, 2014**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its *class certification* disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before **August 29, 2014**.

4. The parties shall disclose the identity of their respective experts *regarding merits* in writing by **January 5, 2015**. The date for the disclosure of the identity of rebuttal experts *regarding merits* shall be on or before **January 26, 2015**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts.**

5. On or before **February 9, 2015**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

6. Any party shall supplement its *merits-related* disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c) on or before **February 23, 2015**.

/ / /

/ / /

7. **ALL discovery, including experts**, shall be completed by all parties on or before **March 23, 2015**. "Completed" means that all discovery under Rules 30- 36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, **but in no event shall discovery motions be filed more than 30 days after the close of discovery**.

8. Plaintiff shall file its motion for class certification on or before **September 23, 2014**. All other pretrial motions, including motions for summary judgment, must be filed on or before **March 13, 2015**. (In intellectual property cases, this would include claims construction hearings.) **Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.** Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. For example, you should contact the judge's law clerk in advance of the motion cut-off to calendar the motion. Failure to make a timely request a motion date may result in the motion not being heard.

9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before **May 27, 2015**.

10. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **May 27, 2015**.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before **June 3, 2015**.

///

13. Objections to Pre-trial disclosures shall be filed no later than **June 10, 2015**.

14. The Proposed Final Pretrial Conference Order required by Local Rule 16.1(f)(6) shall be prepared, served, and lodged on or before **June 10, 2015**.

15. The final Pretrial Conference is scheduled on the calendar of **Judge Janis L. Sammartino** on **June 18, 2015** at **1:30 p.m.** A trial date will be given at the Pretrial Conference.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

IT IS SO ORDERED.

DATED:  April 10, 2014

JILL L. BURKHARDT
United States Magistrate Judge