1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-00131-JLS-JLB<br><br>CLASS ACTION<br><br>**DISCOVERY MATTER**<br><br>**JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Hon. Magistrate Jill L. Burkhardt |

**Introduction and Declaration of Compliance with Meet and Confer Requirement**

Pursuant to Civil Local Rule 26.1.a and this Court's May 6th Minute Order (Dkt. 84), counsel for Plaintiff, Alexis Wood, Kas Gallucci and Douglas Campion, and counsel for Defendant, Michael Slodov and Damian Richard, conferred telephonically, in regard to Defendant's First Round of Subpoenas issued April 1st & 2nd, 2014, Defendant's Second Round of Subpoenas issued April 28th & 29th, 2014, and Defendant's proposed language to modify the scope of the language in the second round of subpoenas, or for a Third Round of Subpoenas.

In response to Plaintiffs' claim of defective service, Defendant withdrew all outstanding Subpoenas served in Round One in which third parties had not produced (four third parties had produced prior to compliance without regard to the Plaintiffs' respective objections). On April 28th & 29th, NCO issued subpoenas to creditors -ADT (concerning Martinez); American Express (concerning Martinez); Optimum/Cablevision (concerning Bolden); Bally's (concerning Bolden); Progressive (concerning Bell); Sprint (concerning Stansberry); Global Payments (concerning Stansberry); Certegy (concerning Stansberry); New River Light & Power (concerning Thornton); IDT (concerning Stansberry); American Honda (concerning Thornton); TD Bank (concerning Bolden). NCO also issued subpoenas to phone carriers AT&T (concerning Martinez); Verizon (concerning Thornton); Verizon (concerning Bell); Sprint (concerning Bolden); AT&T  (concerning Stansberry); and proposed to issue a subpoena to Verizon (concerning Bolden). Plaintiffs timely objected to all subpoenas.

During the May 6th hearing with the Court, it was ordered that the parties meet and confer further regarding modified language to the Subpoenas served in Round Two and submit the instant joint motion concerning any disputes regarding the third party subpoenas that could not be resolved through further meet and confers.  Prior to the parties' meet and confer conference on May 8, 2014 concerning Plaintiffs deficient discovery responses, Defendant provided proposed language to modify the scope of the language in the second round of subpoenas, or for a Third Round of Subpoenas. The Defendant's proposed modifications narrowed each request to include documents

1

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

concerning the subject account that identified, described or contained any one of 11 categories of information: 1. Telephone numbers supplied by the Plaintiff to the creditor; 2. Telephone numbers the creditor supplied to NCO; 3. Placement of an account for collection with NCO; 4. Identification of the person(s) obligated on the account; 5. Governing terms and conditions related to the account; 6. Address provided by the creditor to NCO; 7. Home phone number the creditor provided to NCO; 8. Work phone number the creditor provided to NCO; 9. Cellular phone number the creditor provided to NCO; 10. The account application provided by the plaintiff to the creditor; and 11. Particular phone numbers associated with the plaintiff.  NCO also proposed to modify the subpoena issued to AT&T to revise the time frame from January 1, 2010; all others provide a time-frame of January 1, 2009 forward.

On May 12, Plaintiffs provided their redline edits to the proposed language in which three categories of requests within the category of Subpoenas to Creditors were agreed upon including: (1) Any telephone number supplied to the specific creditor by the particular plaintiff, (2) Home telephone number the creditor provided to NCO, and (3) The cellular telephone number the creditor provided to NCO.  Thus, the parties' dispute regards eight (8) categories of requests within the category of Subpoenas to Creditors (identified above as items 2-6, 8, 10-11), two (2) categories of requests within the category of Subpoenas to Carriers, and the production of documents from four (4) non-parties that complied with Subpoenas served in Round One. *Id*.

Due to the volume of all subpoenas in dispute, the parties offer the language of two as exemplars to discuss the nature of their dispute - the subpoena to ADT (concerning Plaintiff Martinez) and subpoena to AT&T (concerning Martinez).

## I.     Subpoenas to Creditors - ADT/Martinez subpoena- Exhibit A[1]

---

[1] Text appearing **<u>underlined and bolded</u>** is in dispute; NCO proposed to modify the scope of its subpoenas to include the proposed language, to which Plaintiffs objected. Unless otherwise noted, Plaintiffs request the deletion of the entire text of the underlined and bolded language in the description of documents sought by NCO's subpoenas.

Any and all documents and records related to account number(s) 7194267 in the name of Aileen Martinez that identify, describe or contain:

A.  Any telephone number supplied to you by Aileen Martinez.  [Agreed]

**B.  <u>Any telephone numbers you provided to NCO Financial Systems, Inc.</u>**

i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

a. Plaintiffs lack standing to object to this request. *In re REMEC, Inc. Sec. Litig.*, CIV 04CV1948 JLS AJB, 2008 WL 2282647, *1 (S.D. Cal. 2008).

b. NCO requested this information from Plaintiffs in discovery, but Plaintiffs refused to provide it. Further, evidence that telephone number(s) were supplied by the creditor when the account was placed for collection with NCO relates to prior express consent, predominance, commonality and typicality, and tends to establish that the numbers NCO called were not obtained through skip-tracing. See *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) *cert. denied,* 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (2013)(construing *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling,* 23 FCC Rcd. 559, 565 (Jan. 4, 2008)(hereinafter "2008 FCC Ruling"); *Chyba v. First Fin. Asset Mgmt., Inc.*, No. 12–cv–1721–BEN (WVG), 2014 WL 1744136, * 11-12 (S.D. Cal. Apr. 30, 2014).

c. Evidence tending to show the numbers were supplied by the creditor to the debt collector relates to the source of the phone number called and whether common questions predominate. *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 107 (N.D. Ill. 2013) *reconsideration denied,* 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013)(evidence showing source of information provided to debt collector by creditor is relevant to predominance).

d. Consent may be withdrawn after it is initially given. *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270-71 (3rd Cir. 2013); *Osorio v. State Farm Bank, F.S.B.*, --- F.3d ----, 2014 WL 1258023, *8-9 (11th Cir. Mar 28, 2014). If a number were supplied at the time the account was opened on a credit application, and subsequently the consumer informed the creditor to cease calling that number, and to call a different

3

1  number, that information is also relevant to prior express consent. See *Sharp v. Allied*

2  *Interstate Inc.*, 2014 WL 1224656, *2 (W.D.N.Y. Mar. 24, 2014)(quoting *Moore v.*

3  *Firstsource Advantage, LLC*, 2011 WL 4345703 (W.D.N.Y. Sept.15, 2011).

4    ii.  Plaintiffs' Position: The legal basis for the objection by the responding party:

5    Plaintiffs do not dispute NCO's right to discovery facts "relevant to the

6  claim[s]" presented in the operative complaint.  *See* FRCP 26.  However, this case is

7  simply a Telephone Consumer Protection Act, 47 U.S.C §§ 227 *et seq*. ("TCPA")

8  action seeking statutory damages only for NCO's alleged violation in calling Plaintiffs

9  on their phone without prior express consent. With these Subpoenas NCO seeks

10  documents to attempt to learn if Plaintiffs provided prior express consent to creditors –

11  in hopes of establishing an affirmative defense *after the fact* of calling the Plaintiffs!

12  NCO is likely embarking on this extensive fishing expedition for one simple reason: it

13  has no evidence that it ever obtained prior express consent to contact the Plaintiffs on

14  their cell phones.  However, NCO's lack of evidence does not entitle it to harass

15  Plaintiffs and non-parties with grossly overbroad subpoenas.

16    FRCP 45(c)(3) permits a party to file a motion to quash a nonparty subponeas so

17  long as the party demonstrates some proprietary right or interest in the documents

18  requested.  *See, e.g., In Re: Ashworth, Inc., Sec. Litig*., No. 99-cv-0121 L (JAH), 2002

19  WL 33009225, at *2 (S.D. Cal. May 10, 2002) (quashing third party subpoenas on

20  defendant's motion based on defendant's "proprietary interest" in commercial

21  information critical to maintenance of competitive business).  Further, Rule 26 also

22  provides the Court latitude to issue any order which justice requires "to protect a party

23  or person from annoyance, embarrassment, oppression, or undue burden or expense."

24  FRCP 26(C)(1); *see also Food Lion, Inv. V. Capital Cities/ABC Inc*., 1996 WL 575946,

25  at *2 (M.D. N.C. 1996) (granting defendant's motion for protective order with respect

26  to third-party subpoenas served by plaintiffs because the discovery threatened

27  defendant's rights and imposed undue burden on nonparties); *Moon v. SCP Pool Corp.,*

28  232 F.R.D. 633, 637 (C.D. Cal. 2005) ("Although irrelevance is not among the litany of

enumerated reasons for quashing a subpoena found in Rule 45, courts have

incorporated relevance as a factor when determining motions to quash a subpoena."); *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [a non-party] would be by definition 'undue.'").   The party issuing a subpoena bears the burden of demonstrating that "the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005).

Here, NCO is requesting from the Court leave to conduct a fishing expedition into the private financial records of Plaintiffs' creditors.  Such invasion of Plaintiffs' privacy provides standing for Plaintiffs to object pursuant to Rule 45.  *See U.S. v. Ail*, 2007 WL 1229415 (D. Or. Apr. 24, 2007) ("since the subpoenas seek financial documents that belong to the Pankratzs, they clearly have standing to object.") Further, despite Plaintiffs agreeing to categories of requests which would provide any and all documents relevant to Defendant's "prior express consent" affirmative defense including: (1) Any telephone number supplied to the specific creditor by the particular plaintiff, (2) Home telephone number the creditor provided to NCO, (3) The cellular telephone number the creditor provided to NCO, and (4) The account application supplied by the particular plaintiff, including any revisions, modifications, reaffirmations related thereto, if that application provided contains contact telephone number(s) for the particular plaintiff, NCO continues to request additional, overly broad, categories documents.   If NCO receives from each creditor any and all documents and records that contain any telephone number supplied by the particular Plaintiffs, what additional categories of documents are needed?  Furthermore, even as to those customers who listed their cellular phone numbers on applications for services, NCO must provide evidence that they "clearly and unmistakably" provided prior express consent to receive calls on his cellular telephone via an "artificial or prerecorded voice" and / or an "automatic telephone dialing system."  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *Gutierrez v. Barclays Grp.*,

5

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

2011 WL 579238, at *2 (S.D. Cal. Feb. 9, 2011). Thus, the only relevant documents are those that "clear and unmistakably" evidence prior express consent.

"Any and all documents and records…that identify, describe or contain…[a]ny telephone number you provided to NCO Financial System, Inc," will not produce documents relevant to Plaintiffs' claims or Defendant's defenses, but will produce various irrelevant and private financial documents of the Plaintiffs.  The documents will order the non-party to produce not only documents wherein the Plaintiff him or herself would have provided his or her number, but would produce various documents just because a number is also listed – even though not provided by the Plaintiff.

C. **The amount placed for collection with NCO Financial Systems, Inc. on or about October 18, 2011 in the amount of $200.58.**

i. NCO's Position: Why the discovery is needed, including legal basis:

a. Evidence that tends to show NCO was in fact, attempting to collect a debt on behalf of a creditor at the time the calls were made relates to prior express consent, commonality, typicality, superiority, predominance and ascertainability, because the form of prior express consent required to make calls collecting a debt differs from other types of calls. 2008 FCC Ruling at 564–65, ¶ 10 ("We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.").

ii. Plaintiffs' Position: The legal basis for the objection by the responding party:

Here, NCO requests information and provides 2008 FCC Ruling at 564–65, ¶ 10 as legal authority.   However, NCO's request does not order the production of an application, but "any and all documents and records…that identify, describe or contain the amount placed for collection."   These are Plaintiffs' private, financial documents and completely unrelated Plaintiff's allegations in their complaint – that NCO called their phone without consent.  The only relevant documents would be those documents in which Plaintiffs provided their number to the creditor as consent for that creditor to call them regarding the debt.  Documents related to the actual debt will not lead to admissible evidence.

D. **The identity of person or persons obligated to ADT Security Services, Inc. on your account nos. 7194267, regarding 2404937**.

    i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

    a. NCO seeks to establish that the called party was the person obligated on the account; evidence that tends to show the identity of the person or persons obligated to a creditor relates prior express consent. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 642 (7th Cir. 2012), reh'g denied (May 25, 2012).

    iii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>:

The information NCO seeks is completely irrelevant.  What is relevant is whether the Plaintiffs provided consent to be called.  *Soppet*, as NCO references does not allow for this broad discovery.  *Soppet* discusses the issue of the "called party" and finds that it is the "called party," not the "intended recipient of the call" is who the TCPA protects.  *Soppet* at 642.

E. **The terms and conditions of any agreements between you and Aileen Martinez, including any and all amendments thereto, governing your relationship**.

    i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

    a. NCO requested this information from Plaintiffs in discovery issued in February and March, 2014, but Plaintiffs refused to provide it. Evidence that tends to show the consumer waived her right to sue in a representative capacity, agreed to arbitrate claims with her creditor and others acting on the creditor's behalf, expressly consented to be called using an ATDS, and relates to standing. *O'Brien v. Am. Exp. Co.*, 11-CV-1822-BTM BGS, 2012 WL 1609957 (S.D. Cal. May 8, 2012) *objections overruled*, 11CV01822 BTM BGS, 2012 WL 3628667 (S.D. Cal. Aug. 21, 2012);  *Onley v. Job.com, Inc.*, 1:12-CV-01724-LJO, 2013 WL 5476813 (E.D. Cal. Sept. 30, 2013).

    ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>:

NCO did not broach this subject during the parties' discovery conference. Furthermore, this case was filed January 16, 2013 – nearly a year and a half ago.  NCO obviously has no documents that any Plaintiff has waived his or her right to sue, and NCO should not be allowed a fishing expedition into such a broad array of creditor documents in order to find such document now.  Plaintiffs have already served three

7

rounds of discovery, and Defendant has already produced thousands of documents. Thus, it is Plaintiffs' position that Defendant waived any right to arbitration.

F. **The address you provided to NCO Financial Systems, Inc. for Aileen Martinez**.

    i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

    a. This information is required to ensure that the party called was in fact, the plaintiff. *Soppet*, 679 F.3d at 642.

    b. Plaintiffs lack standing to object to this request. *In re REMEC, Inc. Securities Litigation*, CIV 04CV1948 JLS AJB, 2008 WL 2282647, *1 (S.D. Cal. 2008).

    ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>:

"A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *In re REMEC, Inc. Sec. Litig*., 2008 WL 2282647 (S.D. Cal. May 30, 2008). The address each creditor provided NCO is completely irrelevant to this case. This matter is regarding calls. NCO provides no reason how an address could possibly lead to discoverable evidence.

G. The home telephone number you provided to NCO Financial Systems, Inc. for Aileen Martinez. [agreed].

H. **The work (place of employment) telephone number you provided to NCO Financial Systems, Inc. for Aileen Martinez**.

    i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

    a. Plaintiffs may have identified a cellular number as a place of employment contact number. For example, upon information and belief, Ms. Martinez had established a martial arts business and used the credit card here in her business; she may have provided American Express her cellular number as her business phone number.

    b. Plaintiffs lack standing to object to this request. *In re REMEC, Inc. Securities Litigation*, CIV 04CV1948 JLS AJB, 2008 WL 2282647, *1 (S.D. Cal. 2008).

    ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>:

NCO will have all relevant numbers provided by Plaintiffs within the scope of request A ("[a]ny telephone number supplied to you by [Plaintiff]"). If Plaintiffs

8

supplied a cell number to the creditor and stated that number was a work number, this information will be produced in request A.  Additional documents, such as documents with a Plaintiffs' alleged work number is overly broad and irrelevant and harassing.

I.  The cellular telephone number you provided to NCO Financial Systems, Inc. for Aileen Martinez.  [agreed]

J.  The account application supplied by Aileen Martinez, including any revisions, modifications, reaffirmations related thereto, **containing a contact telephone number(s) for Aileen Martinez**.[2]

i. NCO's Position: Why the discovery is needed, including legal basis:

a. Plaintiff proposed revising the underlined language to state: "if that application contains contact telephone number(s) for Aileen Martinez." Plaintiff provides no basis for this objection. The application, revisions, modifications, or reaffirmations containing a contact number are relevant to prior express consent. 2008 FCC Ruling *supra*.

ii. Plaintiffs' Position: The legal basis for the objection by the responding party:

Documents responsive to Defendant's proposed request will only lead to admissible evidence if the application contains the contact telephone number(s) for the particular Plaintiff.  Thus, all account applications is overly broad and irrelevant.

K. **Telephone number (415) 519-8588**.

i. NCO's Position: Why the discovery is needed, including legal basis:

a. Evidence tending to show the numbers were supplied by the creditor to the debt collector relates to the source of the phone number called and whether common questions predominate. *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 107 (N.D. Ill. 2013) *reconsideration denied,* 12 C 4415, 2013 WL 3872171 (N.D. Ill. July 29, 2013)(evidence showing source of information provided to debt collector by creditor is relevant to predominance).

ii. Plaintiffs' Position: The legal basis for the objection by the responding party:

---

[2] Plaintiff agrees to this request with the underlined language modified as follows: "if that application contains contact telephone number(s) for Aileen Martinez."

NCO will have all relevant numbers provided by the named Plaintiffs with the scope of request A ("[a]ny telephone number supplied to you by [Plaintiff]"). Additional documents, such as documents with a certain number, even though that number was not provided by the particular Plaintiff is overly broad and irrelevant.

L. **Telephone number (415) 260-8611**.

    i. NCO's Position: Why the discovery is needed, including legal basis:

    a. Evidence tending to show the numbers were supplied by the creditor to the debt collector relates to the source of the phone number called and whether common questions predominate. *Jamison, supra*.

    ii. Plaintiffs' Position: The legal basis for the objection by the responding party:
    See above.

M. **Telephone number (415) 268-6723**.

    i. NCO's Position: Why the discovery is needed, including legal basis:

    a. Evidence tending to show the numbers were supplied by the creditor to the debt collector relates to the source of the phone number called and whether common questions predominate. *Jamison, supra*.

    ii. Plaintiffs' Position: The legal basis for the objection by the responding party:
    See above.

**II.**    **Subpoenas to Phone Carriers - AT&T (carrier)/Martinez - Exhibit A**

**A.**    **Any and all records reflecting** the identity, including name and address, of the subscriber(s) for the account(s) related to telephone number(s) 415-519-8588 and 415-260-8611 since January 1, 2010 to **present**.[3]

    i. NCO's Position: Why the discovery is needed, including legal basis:

    a. Who the subscriber is on the account is relevant to standing to sue under the TCPA.  See *Gutierrez v. Barclays Group*, No. 10cv1012–DMS, 2011 WL 579238, at

---

[3] Plaintiff proposed revising this sentence to read: "**Records substantial to reflect** the identity, including name and address, of the subscriber(s) for the account(s) related to telephone number(s) 415-519- 8588 and 415-260-8611 since January 1, 2010 to **December 6, 2013**."

*4–5 (S.D.Cal. Feb. 9, 2011); *Page v. Regions Bank*, 917 F. Supp. 2d 1214, 1219 (N.D. Ala. 2012); *Soppet*, 679 F.3d at 642.

b. The time-frame reflects the allegations in the amended complaint and the class period and seeks relevant evidence. *In re Seagate Tech. II Sec. Litig.*, C-89-2493 (A)-VRW, 1993 WL 293008 (N.D. Cal. June 10, 1993); *Allen v. Similasan Corp.*, 12CV376-BTM JLB, 2014 WL 1672594 (S.D. Cal. Apr. 28, 2014)(reasonable discovery for the entire putative class period is relevant to plaintiffs' claims for injunctive relief). The complaint seeks injunctive relief. ECF No. 66, p. 3, 16. Further, the complaint alleges calls in some instances continued into the present. Id. at ¶¶ 24, 58.

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party:</u>

Plaintiffs propose that NCO receive not "any and all documents", but instead receive documents substantial to show that the particular Plaintiff was the subscriber on the account and only during the time period wherein they allege calls in the compliant and up till the time of filing – as after filing Defendant ceased call.  Any records of subscriber information after the calls cease would be irrelevant.  *See Koh v. S.C. Johnson & Son, Inc.*, 2011 WL 940227 (N.D. Cal. Feb. 18, 2011).

**B.    <u>Any and all records for the account(s) related to telephone number(s) 415-519-8588 and 415-260-8611 showing originating numbers and incoming calls received by telephone number(s) 415-519-8588 and 415-260-8611 from January 1, 2010 to present</u>**.

i. <u>NCO's Position: Why the discovery is needed, including legal basis:</u>

a. Plaintiffs identified these records in their initial disclosures ("Plaintiffs' telephone records of cellular phone calls from Defendant)(April 17 supplemental initial disclosures, p. 3 ¶ 2(D), Plaintiffs initial disclosures, May 6, 2013 ¶ 2(b)); NCO requested these records in NCO's first set of interrogatories and requests for production from Plaintiffs Molnar, Thornton and Martinez on or around February 18, 2014 and Plaintiffs Bell, Bolden and Stansberry on or around March 17, 2014. All Plaintiffs refused to provide these records; the parties most recently held a meet and confer discussion regarding Plaintiffs Molnar, Thornton and Martinez documents on

May 9, 2014. NCO intends to bring this failure to the Court's attention separately, later this week. A separate meet and confer request is intended for Plaintiffs Bell, Bolden and Stansberry's records.

   b. The records have the potential to show that Plaintiffs were forwarding calls made from residential numbers to the cellular numbers.

   c. The records have the potential to show if the calls attempted by NCO were "made" within the meaning of 47 U.S.C. § 227(b)(1)(A). *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737, 742 (6th Cir. 2013) *cert. denied,* 134 S. Ct. 257, 187 L. Ed. 2d 148 (2013)("a reasonable person would understand the expression 'make any call' to require some form of direct telephone communication between two parties."). The phone records have the potential to show that even though a call was attempted by NCO, the call never connected, and did not amount to making a call.

   d. The records have the potential to show that Plaintiffs were mistaken in their stated belief that NCO was calling. For example, Plaintiffs amended complaint identifies (760) 303-4034, (716) 404-2231, (866) 233-9291, (800) 709-8625, and (888) 899-4780 as phone numbers from which Plaintiff Molnar received unsolicited calls. ECF No. 66 ¶ 25. See also id. at ¶ 32 (alleging receipt of "hundreds of calls and voicemails, sometimes up to seven times per day,"); ¶¶ 39, 40 (alleging receipt of numerous calls and voicemails, from "telephone number (877) 864-0370."); *id*. at ¶ 46 (alleging numerous text message calls); *id*. at ¶¶ 51-53, 58-60  NCO is entitled to see Plaintiff's records substantiating these allegations. Further, not all these numbers are believed to have been assigned to NCO.

   e. The records are also relevant to Plaintiffs' claim for damages on a per call basis. ECF No. 66, ¶¶  76, 82, 88; 47 U.S.C. § 227(b)(3)(B).  *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 729 (S.D. Tex. 2012).

   ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party:</u>

      Plaintiffs have proposed to provide redacted phone records to NCO after receipt of all numbers NCO used to call the Plaintiffs.  As Plaintiffs identified in their initial

disclosures, ("Plaintiffs' telephone records of cellular phone calls **from Defendant**) (April 17 supplemental initial disclosures, p. 3 ¶ 2(D), Plaintiffs initial disclosures, May 6, 2013 ¶ 2(b)), only those calls from the NCO are relevant to this matter.  Not calls to and from the Plaintiffs' doctors, lawyers, family or friends.  Plaintiffs have thus requested from NCO a list of all numbers that NCO used to call debtors, so that phone records may be redacted to show only the relevant calls that NCO made to Plaintiffs. Again, this is a TCPA action.  Thus, NCO is liable if only one call is made.  Plaintiffs need not show multiple calls to each Plaintiff.  Further, in regard to NCO's argument that the records have the potential to show that Plaintiffs were mistaken in their stated belief that NCO was calling, that evidence is completely irrelevant.  The only relevant calls are calls that NCO made to the Plaintiffs, not that they didn't make.

### III.   Subpoenas Complied with in Round One

NCO originally served twenty (20) Subpoenas to various non-parties during Round One.  Due to procedural deficiencies, NCO agreed to withdraw and reserve the Subpoenas.  However, four non-parties complied prior to NCO's notice of withdrawal. The non-parties that complied include 3 Creditors (Bowling Green Orthopedics, Stoneberry/Masseys/Mason Easy-Pay, PNC Bank, N.A.) and 1 Carrier (Verizon).

i. NCO's Position: Why the discovery is needed, including legal basis:

a.  Objections relating to service were waived by producing parties. *In re Motorsports Merch. Antitrust Litigation*, 186 F.R.D. 344, 348-49 (W.D. Va. 1999); *Powell v. Time Warner Cable, Inc.*, 2010 WL 546895, *3 (S.D. Ohio 2010).

b. Objections were untimely. As to BG Orthopaedics, the response to the subpoena was provided on April 17; Plaintiff's objections were received April 19 (mailed April 16); as to PNC Bank, the response to the subpoena was provided on April 16, objections were received April 19 (mailed April 16); as to Mason Easy Pay, Stoneberry and Massey, the response was provided April 17 before receipt of any objection.

c. Plaintiffs point to nothing improper, overbroad or irrelevant in the records produced by BG Orthopaedics (NCO 4902-4915).

d. Plaintiffs point to nothing improper, overbroad or irrelevant in the records produced by PNC Bank (NCO 4933-4955).

e. Plaintiffs point to nothing improper, overbroad or irrelevant in the records produced by Mason Easy Pay, Stoneberry and Massey (NCO 4916-4932).

f. The records produced by Verizon are relevant and show Plaintiff Molnar was forwarding calls made to his residential number to his cellular phone.

g. Regarding the records produced by Verizon (NCO 4333-4901), Plaintiffs identified these records in their initial disclosures ("Plaintiffs' telephone records of cellular phone calls from Defendant)(April 17 supplemental initial disclosures, p. 3 ¶ 2(D), Plaintiffs initial disclosures, May 6, 2013 ¶ 2(b)); NCO requested these records in NCO's first set of interrogatories and requests for production from Plaintiffs Molnar, Thornton and Martinez on or around February 18, 2014 and Plaintiffs Bell, Bolden and Stansberry on or around March 17, 2014. All Plaintiffs refused to provide these records; the parties most recently held a meet and confer discussion regarding Plaintiffs Molnar, Thornton and Martinez documents on May 9, 2014. NCO intends to bring this failure to the Court's attention separately, later this week. A separate meet and confer request is intended for Plaintiffs Bell, Bolden and Stansberry's records.

h. The records have the potential to show if the calls attempted by NCO were "made" within the meaning of 47 U.S.C. § 227(b)(1)(A). *Ashland Hosp. Corp.*, 708 F.3d at 742. The phone records have the potential to show that even though a call was attempted by NCO, the call never connected, and did not amount to making a call.

i. The records have the potential to show that Plaintiffs were mistaken in their stated belief that NCO was calling. For example, Plaintiff Molnar's amended complaint identifies (760) 303-4034, (716) 404-2231, (866) 233-9291, (800) 709-8625, and (888) 899-4780 as phone numbers Plaintiff Molnar received unsolicited calls. ECF No. 66 ¶ 25. NCO is entitled to see Plaintiff's records substantiating these allegations. Further, not all these numbers are believed to have been assigned to NCO.

j. Plaintiffs objection based on California law and section 1985.3 is inapt. See *RBS Sec., Inc. v. Plaza Home Mortg., Inc*., 2012 WL 3957894 (S.D. Cal. Sept. 10, 2012).

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party:</u>

NCO was required to provide notice and a copy of the subpoenas on Plaintiffs *before* the subpoenas were *served* on the third parties.  FRCP 45(a)(4).  NCO failed to provide such notice – and only provided notice *after* the subpoenas had been served.  The purpose of this rule is to afford Plaintiffs time to object to the subpoenas and production.  The four subpoenas at issue were served via U.S. Mail on April 1st & 2nd out San Diego, and received on April 2nd & 3rd.  Objections to subpoenas must be served before the earlier or the time specified for compliance or 14 days after the subpoena is served.  FRCP 45(d)(2)(B).  Plaintiffs served their objections on April 15th & 16th.  Thus, Plaintiffs' objections were timely.[4]  Plaintiffs' objections include, *inter alia*, improper notice and service, privacy, privilege, over breadth and relevance.  For example, Verizon produced 569 pages of Mr. Molnar's phone records, which reveal all numbers, dates and duration of calls from July 29, 2010 until April 1, 2014.  This time frame is grossly overbroad – as the lawsuit was initiated on January 16, 2013 about which time calls stopped from NCO.  Why would NCO need all of these records?  The records are not relevant to this case and only serve to harass Plaintiffs.  If phone records were to be produced by Plaintiffs, Plaintiffs would redact all non-relevant portions such as all calls beyond those involving NCO.  Further, NCO's argument regarding calls "made" is misguided.  The TCPA does not define "make," "initiate," or "call" as used in the statute, but the Ninth Circuit has recently defined "call" as it applies to the TCPA, as "to communicate with or try to get into communication with a person by telephone." *Melingonis v. Network Commc'ns Int'l Corp.*, 10 CV 1364 MMA NLS, 2010 WL 4918979 (S.D. Cal. Nov. 29, 2010) (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir.2009)).

Dated: May 13, 2014

*/s/ Ronald A. Marron*
Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive

---

[4] Plaintiffs disagree that the objections were received late – perhaps the dates provided by NCO are the dates NCO's out of state counsel received the objections.

San Diego, California 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

DOUGLAS J. CAMPION
**LAW OFFICES OF DOUGLAS J. CAMPION,
APC**
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

***Counsel for Plaintiffs and Proposed Class***

DATED:  May 13, 2014          */s/ Michael D. Slodov*

Michael D. Slodov
**Sessions, Fishman, Nathan & Israel, L.L.P.**
15 E. Summit St.,
Chagrin Falls, OH 44022

***Attorney for Defendant***

<u>**SIGNATURE CERTIFICATION**</u>

        Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Michael D. Slodov, counsel for Defendant, and that I have obtained Mr. Slodov approval for his electronic signature to this document.

Dated:          May 13, 2014          By: */s/ Ronald A. Marron*
                                            RONALD A. MARRON
                                            **LAW OFFICES OF RONALD A.
                                            MARRON**

16