Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805 )
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:    619/758-1891
Fax:    619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Michael D. Slodov (Ohio SCR# 0051678)
*Admitted Pro Hac Vice*
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
15 E. Summit St.
Chagrin Falls, Ohio 44022
Tel: 440.318.1073
Fax: 216.359.0049
mslodov@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-00131-JLS-JLB<br><br><u>CLASS ACTION</u><br><br>**DISCOVERY MATTER**<br><br>**JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Hon. Magistrate Jill L. Burkhardt |

**Introduction and Declaration of Compliance with Meet and Confer Requirement**

Pursuant to Civil Local Rule 26.1.a and this Court's May 22, 2014 Order, counsel for Plaintiffs, Alexis M. Wood, Kas Gallucci and Douglas J. Campion, and counsel for Defendant, Bryan Shartle, Michael Slodov and Damian Richard, conferred in person on April 25; in writing on April 14, May 5, and May 14, and telephonically April 29 and May 9, 2014, regarding this discovery dispute, which concerns Plaintiffs' initial disclosures, NCO Financial Systems, Inc.'s interrogatories ("Int.") and requests for production of documents ("RFP"), served on Plaintiffs Molnar, Thornton and Martinez on February 18, 2014, Plaintiffs Bell, Bolden and Stansberry on March 17, 2014, Plaintiffs' Int. and RFP responses served on March 24, April 7 and May 5, 2014, and Plaintiffs' May 17, 2014 supplemental initial disclosures. Below, NCO provides the relevant Int., RFP, and/or disclosure item as an exemplar of this dispute, to allow the Court to address the sufficiency of Plaintiff's response and objections, which are shared in common to all plaintiffs.[1]

---

[1] The Int. and RFPs did not all share common numeration. Variations in numeration are noted below. Additionally, to conserve the Court's time, Plaintiffs' objections have been omitted from this Joint Motion. Plaintiffs objections to each to and every request, include, but are not limited to, objections based on relevancy, privacy, over-breadth, unduly burdensome, harassing, information in the possession of NCO, and privilege.

1

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

## I.     IDENTIFICATION OF PLAINTIFFS

**1. Rule 26(a)(1)(A)(i) Witnesses:**[2] Jeffrey Molnar,[3] c/o LAW OFFICES OF RONALD A. MARRON, 651 Arroyo Drive, San Diego, CA 92103, Telephone: (619) 696 9006.

**INTERROGATORY NO. 2:** Identify ... [Plaintiffs], stating [his/her] full name ...; **current telephone numbers (including work, home and cell) and every prior telephone number that [he/she] subscribed to for the past 4 years**;[4] ...; **level of education, current place of employment or business affiliation and position**. ...

**RESPONSE TO INTERROGATORY NO. 2:**   ... [Responses provided Name; current address; current cellular #; prior cellular #;[5] and current home # only].[6]

i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

   a.    The response is deficient; all plaintiffs purport to be members of the "robo-call" class under 47 U.S.C. § 227(b)(1)(B), ECF No. 66 ¶ 81.

   b.    Plaintiffs' initial disclosures are deficient because they do not identify the name, address and phone number for each plaintiff as required by Fed.R.Civ. P. 26(a)(1)(A)(i). See *Viveros v. Nationwide Janitorial Ass'n., Inc*., 200 F.R.D. 681, 683 (N.D. Ga. 2000); *Hartman v. Am. Red Cross*, 2010 WL 1882002, *1 (C.D.Ill. May 11, 2010); *Fausto v. Credigy Svcs. Corp*., 251 F.R.D. 427, 429 (N.D.Ca. 2008).

   c.    These facts sough are relevant to adequacy & standing. 1 McLaughlin on Class Actions § 3:7 (8th ed.); *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1031 (9th Cir. 2012); *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D.Cal.1994).

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>:

   For a class action, to establish standing as a class representative, it is only necessary that each Plaintiff identify one call in violation of the TCPA. *Viveros* cited by NCO provides that the plaintiff objected on the basis of the attorney-client privilege and that *Georgia* does not recognize a blanket privilege for client address. *Viveros* at 683, (emphasis added.)  Likewise, *Hartman*, also out-of-district law, allowed the

---

[2] From Plaintiffs' May 17, 2014 supplemental initial disclosures.
[3] Plaintiffs Thornton, Martinez, Bell, Bolden and Stansberry are similarly listed.
[4] Text appearing **underlined and bolded** is in dispute.
[5] Provided for Plaintiff Martinez, Stansberry and Bell only.
[6] Provided for Plaintiff Molnar only.

1

disclosure of addresses only because there was "at least one legitimate reason for providing the address…namely conducting background investigations." *Hartman* at *1. Here, NCO has no reason to contact the Plaintiffs. Plaintiffs' counsel has already verified with defense counsel via the Plaintiffs' social security numbers that NCO has found the correct Plaintiffs in their system. Plaintiffs have provided all available contact information in response to Int. No. 2. *Fausto* does not support NCO's position that Plaintiffs provided improper initial disclosures. Instead, *Fausto* discussed when to provide a business address for a witness instead of the particularized address and telephone number. *Fausto* at 429. In regard to NCO's argument that the contact information is relevant to adequacy and standing, the case law cited by NCO states no such thing. The attorney-client privilege protects NCO from contacting the Plaintiffs.

## II. IDENTIFICATION OF COMMUNICATIONS WITH NCO

[INT. 3]. **Identify each communication you had with NCO, and each communication NCO had with you, including**:[7] a. **the type of communication (letter, call, email, fax, text messages, telegram)**; b. **the date & time of the communication**; c. **the substance of the communication**; ... f. **(for telephone calls or text messages) the number NCO is alleged to have called to reach you**; g. **(for telephone calls or text messages) the number of the caller**; h. **(for telephone calls or text messages) the result of the call** (e.g., conversed, answered, not answered, answering machine (or voicemail) answered, (no) message left; caller hung up, called party hung up, disconnect, text message received, etc.); i. **(for telephone calls or text messages) the purpose of the communication between the caller and the called party, if any**; ....**RESPONSE TO INTERROGATORY NO. 3:** ... [Responses provided all Plaintiffs cell phone numbers in response to 3(f); in addition, Plaintiff Bell, Bolden and Stansberry provided general descriptions of receiving calls and text messages during the class period].

[Molnar RFP 5]. **Produce all phone records evidencing telephone calls received by you from NCO**.[8] **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** ...Plaintiff objects to this Request ....

[Molnar RFP 10]. **Produce all documents that support your factual allegations in the Complaint**. **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** ... Plaintiff objects to this Request ....

---

[7] NCO agreed to limit the request to the four year period preceding the filing of this action.

[8] This RFP corresponds to Thornton RFP 5; Martinez RFP 2; Bell RFP 2; Bolden RFP 2; Stansberry RFP 2.

2

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

[Martinez RFP 17]: Produce all documents identified in your initial disclosures.[9]
**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** ... Plaintiff objects to this Request ....

i. <u>NCO's Position: Why the discovery is needed, including legal basis:</u>

    a.    The Int. and RFP responses are deficient; the requests relate to each plaintiff's familiarity with the facts of this case, plaintiff's claim on the merits, NCO's defenses and damages. 1 McLaughlin on Class Actions § 3:7 (8th ed.); *Welling v. Alexy*, 155 F.R.D. 654, 659 (N.D.Cal.1994); 47 U.S.C. § 227(b)(3)(B); *In re NCAA Student-Athlete Name & Likeness Lic. Lit.,* 2012 WL 4111728, *4 (N.D.Cal. 2012). The request is relevant to the TCPA claim. See *Rowell v. NCO Fin. Systems*, *Inc*., Case No. 2:13-cv-02514, 2014 WL 2154422, *3-9 (D. Kans. May 22, 2014).

    ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>*:*

    NCO refuses to acknowledge this is simply a TCPA action seeking statutory damages only for NCO's violation of calling Plaintiffs on their cell phones without prior express consent.  Further, this case is styled as a class action.  This is not a debt collection action, as NCO seems to be seeking to defend against, with its requests for each and every detail about each and every contact with NCO – which are wholly immaterial to the issues in this TCPA class-styled action – Plaintiffs must only identity one call in violation of the TCPA.  Plaintiffs' initial disclosure specifically provide for the following documents to support plaintiffs' claims - "Plaintiffs' telephone records of cellular phone calls *from Defendant*."  (emphasis added).  Plaintiffs do not state that *every* call is relevant.  Moreover, on May 20, 2014, the Court determined that NCO may subpoena all of Plaintiff's phone carriers and receive un-redacted phone records.

**III. DAMAGES**

[Molnar INT 11][10] **List any and all expenses, actual loss, damages or injuries you suffered as a result of the actions described in the Complaint, and the date such**

---

[9] Martinez RFP 17; Thornton RFP 21; Molnar RFP 19; Bell RFP 19; Bolden RFP 19; Stansberry RFP 33. Plaintiffs' initial disclosures listed "Plaintiffs' telephone records of cellular phone calls from Defendant." Plaintiffs' Rule 26(a)(1)(A)(ii) disclosures, ¶2(d).

[10] Martinez Int. No. 8; Thornton, Molnar Int. No. 11; Bell Int. Nos. 20, 21; Bolden Int. Nos. & Stansberry Int. No. 9; Martinez RFP No. 4; Thornton, Molnar RFP No. 6;

3

**expenses, actual loss, damages or injuries were sustained**.**RESPONSE TO INTERROGATORY NO. 11:** ...Plaintiff responds as follows: Plaintiffs, and the proposed class, are entitled to statutory damages in the amount of $500 for each of Defendant's negligent violations of the TCPA. Plaintiffs, and the proposed class, are also entitled to statutory damages in the amount of $1,500 for each of Defendant's knowing and/or willful violations of the TCPA.

**Rule 26(a)(1)(A)(iii) Computation of Damages:** Plaintiffs seek statutory damages on behalf of the Class. The documents required to calculate these figures are in Defendant's possession and include the raw data revealing all the telephone numbers called during the statutory period. Plaintiffs and the class members are entitled to an award of $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C §227(b)(3)(B). Furthermore, Plaintiffs and each of the class members are entitled to treble damage, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(6)(3)(c).

i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

  a. The responses are deficient; the complaint alleges the Plaintiffs suffered actual damages. ECF No. 66, ¶¶ 76, 82, 88, prayer ¶ 2. See 47 U.S.C. § 227(b)(3). The request relates to typicality, and predominance. *Perrone v. GMAC*, 232 F.3d 433, 440 (5th Cir. 2000); *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002).

  b. The disclosures are deficient under Rule 26(a)(1)(A)(iii) because they do not provide the computation of each category of damages and documents on which the computation is based. *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000); *Jackson v. U.A. Theatre Circuit, Inc*., 278 F.R.D. 586, 593, 594 (D. Nev. 2011); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D.Cal. 2003). NCO already produced all its records.

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>*:*

  Plaintiffs have advised during all meet and confer conferences as well as in Plaintiffs' discovery responses that Plaintiffs' damages are statutory. Should Plaintiffs pursue actual damages, Plaintiffs will provide a computation as required. Plaintiffs' responses to discovery and initial disclosure are clear that Plaintiffs are seeking statutory damages. Thus, a computation of actual damages is not applicable.

**IV. AGREEMENTS WITH COUNSEL/FUNDING THE LITIGATION**

Bell, Bolden & Stansberry RFP No. 4.

4

[Martinez Int. 13]:[11] **Identify any agreements or understandings, written or oral, which you have concerning the funding of expenses incurred in connection with this litigation and describe all the terms and conditions of any such agreements or understandings**.RESPONSE TO INTERROGATORY NO. 13: ...Plaintiff objects to this Request ....

[Bell RFP No. 20] **Produce a copy of your agreement with Edelson, LLC and/or Law Offices of Ronald A. Marron APLC, concerning the representation provided you in this case**.[12] RESPONSE TO REQUEST FOR PRODUCTION NO. 20: ...Plaintiff objects to this Request ....

[Bell RFP No. 21] **Produce a copy of any other agreement between you and Edelson, LLC and/or Law Offices of Ronald A. Marron APLC**.[13] RESPONSE TO REQUEST FOR PRODUCTION NO. 21: ...Plaintiff objects to this Request ....

i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

a. The requests are relevant. *Elster v. Alexander*, 74 F.R.D. 503, 505 (N.D.Ga.1976); Fed.R.Civ.P. Rule 23(a)(4); *Gusman v. Comcast Corp.*, No. 13–cv–1049, 2014 WL 1340192 (S.D.Ca. Apr. 2, 2014).

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>*:*

Agreements with counsel, including agreements about funding, are irrelevant to Plaintiffs' claims and class certification issues and are not likely to lead to admissible evidence. NCO has not identified *any* reasons or factual basis for speculating for conflicts of interest or the ability to adequately fund the action. Thus, the requests are irrelevant. *See Piazza v. First Am. Title Ins. Co.*, 2007 WL 4287469, at*1 (D. Conn. Dec. 5, 2007) (denying motion to compel fee agreement based on relevancy) (citing *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 2006 WL 149105, at *3 (D. Md. Jan. 9, 2006); *In re McDonnell Douglas Corp. Sec. Litig.*, 92 F.R.D. 761, 763 (E.D. Mo. 1981); 7A Conte and H. Newberg, *Newberg on Class Actions*, § 22:79 (4th Ed. 205) ("Defendants often request discovery regarding fee arrangements between the

---

[11] Thornton Int. 17; Molnar Int. 15;  Bell Int. 15; Bolden Int. 17; Stansberry Int. 20.

[12] Martinez RFP 18 (did not include "and/or Law Offices of Ronald A. Marron APLC"); Thornton RFP 22 (with Edelson only); Molnar RFP 20 (Edelson only); Bolden RFP 24; Stansberry RFP 34.

[13] Martinez RFP 19 (did not include "and/or Law Offices of Ronald A. Marron APLC"); Thornton RFP 23 (with Edelson only);  Molnar RFP 21 (with Edelson only); Bell RFP 21; Bolden RFP 25; Stansberry RFP 35.

5

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification"); Federal Judicial Center, *Manual for Complex Litig.* § 21.141 (4th ed. 2004) ("Precertification inquiries into the named parties' finances or the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 WL 1896934, at *2 (S.D. N.Y. May 7, 2013) (denying request finding defendant "provided no non-speculative basis for raising such concerns"); *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio 2009) (denying request finding the agreements were not relevant and discoverable because defendant did not explain the specific relevance and only sought them because they potentially contained information).

### V.  SANCTIONS AGAINST COUNSEL[14]

[Molnar Int. 20.]  **State whether any lawyer in any of the firms representing you in this litigation has ever:  a. been sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure; b. had a fee request denied in a class action, or reduced by the court in any case, for any reason having to do with the quality of representation by counsel, a claimed duplication of effort, performance of unnecessary or redundant services, or excessive hourly rates;  c. been disqualified by a court for a conflict of interest;  d. had a court refuse to certify a class, or had a court decertify a class, in whole or in part, because of something counsel was asserted to have done or neglected;  e. been sued for malpractice arising out of or related to the handling of a class action, collective action or derivative litigation; f. been found to have violated the Model Rules of Professional Conduct (or any other applicable ethical guidelines or code) or charged with such violation by a court, or been the subject of court comment or holding regarding a claimed ethical violation; or  g. been subject to a grievance by a client for the handling of any matter related to a class action, collective action or derivative litigation**.[15]

**RESPONSE TO INTERROGATORY NO. 20:** ...Plaintiff objects to this Request ....

[Molnar Int. 21].  **For each attorney identified in response to Interrogatory No. 20, identify: a. the lawyer and law firm;  b. the court (or other forum) and action in which the claim was made, the action was taken, or in which the comment or**

---

[14] Martinez Int.17, 18; Molnar Int. 20, 21; Thornton Int. 21, 22.

[15] NCO offered to limit the time frame to the past 10 years, drop the request under paragraph (b), and omit the request under paragraphs (e) and (g) relating to collective actions or derivative litigation.

6

**holding was made; c. any documents relating to the charge, comment or holding; and   d. the resolution of any proceeding or, if still pending, its current status**. **RESPONSE TO INTERROGATORY NO. 21:**...Plaintiff objects to this Request ....

i. NCO's Position: Why the discovery is needed, including legal basis:

a.   A lawyer's unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23. Fed.R.Civ.P. 23(g)(1)(A), (B); *Creative Montessori Learn. Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir.2011); *Bogner v. Masari Inv., LLC*, 257 F.R.D. 529, 533 (D.Ariz.2009).

ii. Plaintiffs' Position: The legal basis for the objection by the responding party*:*

NCO asserts this information is relevant to the suitability of counsel; however, in evaluating adequacy under Fed. R. Civ. P. 23(g)(1)(B), the Court looks to the factors in (1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).  *White v. Experian Info. Solutions*, 87 Fed. R. Serv. 3d 1200 (C.D. Cal. 2014).  NCO has not identified *any* real reasons or factual basis for this overbroad and abusive discovery.  NCO's fishing expedition should not be entertained.  Plaintiffs' counsel are in good standing in their respective state bars, and NCO has presented no reason why the requested information is relevant.

**VI.   PRIOR JUDICIAL PROCEEDINGS**[16]

[Martinez RFP No. 16,].[17] **Regarding judicial, regulatory and administrative proceedings, produce any and all documents identifying: a.  Whether you have ever been accused or convicted of any crime; b. Whether you have ever been incarcerated and any documents relating to that action or proceeding;  c. Whether you have ever been accused or convicted of any contempt of court;  d. Whether you have ever filed for protection under the bankruptcy laws or been subject to an involuntary bankruptcy proceeding, been found bankrupt or insolvent in any administrative or legal proceeding. e. Whether you have ever**

---

[16] NCO agreed to limit this request to the past ten years.

[17] Thornton RFP 20, Int. 14; Molnar RFP 18; Martinez RFP 16;  Bell RFP 18; Bolden RFP 22; Stansberry RFP 32.

7

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

**been named as a defendant in any action, criminal, civil, administrative or regulatory, under any federal, state or local law; f. Whether you have ever been named as a plaintiff in any action, civil, administrative or regulatory, under any federal, state or local law;  g. Whether you have ever participated in or were a member of a class, collective or derivative action during the past ten years;  h. Whether you have ever been refused or denied status as a class representative, participation in a collective action or as a derivative claimant, or been a party to any action in which any party or counsel was so rejected; and i. Whether you have ever been subject to immigration or naturalization proceedings. RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** ...Plaintiff objects to this Request ....

i. NCO's Position: Why the discovery is needed, including legal basis:

    a.    The information sought in this request is relevant, because it goes to credibility and adequacy as a class representative, *Wright v. Circuit City Stores, Inc*. 201 F.R.D. 526, 546, n. 28 (N.D.Ala. 2001); for the potential of impeachment, *Behler v. Hanlon*, 199 F.R.D. 553, 555-61 (D.Md.2001); standing to sue, *Eastman v. Union Pacific RR.*, 493 F.3d 1151 (10th Cir.2007); familiarity with the TCPA, litigation, *Rowell, supra;* and adequacy as class representatives.

ii. Plaintiffs' Position: The legal basis for the objection by the responding party*:*

    The only relevant information regarding suitability to represent a class is whether there is a felony conviction involving moral turpitude.  In *Wright*, the Alabama court was "concerned that the interest of the class members differ[ed] in various ways from those of the putative class." *Id.* at 546.  Further, the court found that "Wright's guilty pleas to possession of a forged instrument impede[d] his credibility."  However, here, NCO requests far more than any convictions for a crime which would affect credibly, including whether the Plaintiffs have ever filed for protection under the bankruptcy laws, named as a defendant or plaintiff, participated in a collective action or as a derivative claimant, or subject to immigration or naturalization proceeding.  This information is <u>completely</u> irrelevant and harassing.  Further, NCO cites to the Maryland case *Behler* for the proposition that that information requested is relevant to impeachment.  However, <u>again</u>, the requested documents far exceed the scope necessary and are instead a fishing expedition which is

8

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

harassing and in violation of the Plaintiffs' privacy.[18] No individual would choose to represent a class if every piece of private information Defendant attempted to elicit were allowable. In regard to NCO's cites to *Eastman* and *Rowell*, Plaintiffs have standing to sue as they were individuals who received calls by Defendant in violation of the TCPA. Information regarding a possible accusation or whether the Plaintiffs have participated in a class action as a class member is irrelevant.

## VII. PLAINTIFFS' DEBTS AND COMMUNICATIONS RELATING TO SAID DEBTS[19]

Thornton Int. 10, Molnar Int. 10; Bell Int. 13(d); Bolden Int. 13(d), 14(n), 15(x); Stansberry Int. 12(d), 13(d), 14(d), 15(d), 16(d), 17(d), and 18(d) sought the telephone number each Plaintiff supplied to specified creditors. For example, Thornton Int. 10 provided: "Identify the contact number you supplied to New River Light and Power Company at or near the time you opened an account with them and at or near the time you received services from them." Bell Int. 13(d) stated: "Describe Progressive Insurance/ Southeast Insurance Account No. xxxxxxxxxxxx- 27104J, including... (d) the phone number you listed on the application for insurance at the time you applied for service, and any amendments thereto[.]" Martinez RFP 3, 7; Thornton RFP 1, 9; Molnar RFP 1, 9; Bell RFP 7, 8, 11; Bolden RFP 7-9, 10, 13-14; Stansberry RFP 7-14, 15, 18-25, all sought information relating to each Plaintiff's debts, and communications concerning the debts which were the subject of NCO's calls referred to in the complaint. For example, Bolden RFP 8 requested "any and all documents relating to or regarding your obligation to TD Bank, N.A. Account No. xxx5983OD,

---

[18] For example, *Behler* found "Rule 609 allows impeachment to be accomplished by proving that the witness has been convicted of a prior crime that *meets certain criteria*….To qualify, the crime must have been a felony, or a misdemeanor that has some logical nexus with the character trait of truthfulness." *Behler*, F.R.D. 553, 559 (emphasis added).

[19] Due to space limitation, the substance of each request and Plaintiffs response is omitted. (Thornton Int. No. 10, Molnar Int. No. 10; Bell Int. No. 13; Bolden Int. Nos. 13-15; Stansberry Int. Nos. 12-18; Martinez RFP Nos. 3, 7; Thornton RFP Nos. 1, 9; Molnar RFP Nos. 1, 9; Bell RFP No. 11; Bolden RFP Nos. 7-9, 13-15; Stansberry RFP Nos. 7-14, 18-25)

9

including the account applications and amendments made thereto." Stansberry RFP 19 sought "a copy of documents in your possession relating to or concerning Stoneberry relating to account no. xxxxxx4933, including communications between you and NCO, NCO and third parties, and/or between you and third parties."

Plaintiffs objected to each request and provided no substantive responses.

i. <u>NCO's Position: Why the discovery is needed, including legal basis</u>:

    a.    The complaint alleges "Defendant placed and continues to place repeated and harassing telephone calls and text messages calls to consumers who allegedly owe a debt held by Defendant or by a third party on whose behalf Defendant is acting." ECF No. 66, ¶ 16. Plaintiffs' claims and NCO's defense requires an evaluation of each plaintiff's financial obligations relative to his or her creditors, and Plaintiffs' communications with their creditors, as providing information to such creditors forms the basis of prior express consent. *In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 23 F.C.C.R. 559, 564–65 ¶ 10 (F.C.C. Jan. 4, 2008)*; Rowell, supra.*

ii. <u>Plaintiffs' Position: The legal basis for the objection by the responding party</u>*:*

This is not a debt collection action, as NCO seems to be seeking to defend against, with its requests for documents about Plaintiffs' communications with their alleged creditors – which is wholly immaterial to the issues in this TCPA action. Defendant has even admitted it is seeking such documents to attempt to learn if possibly any Plaintiff provided prior express consent to any of their alleged creditors – in hopes of establishing an affirmative defense after the fact of calling Plaintiffs. Further, NCO should be in possession of any numbers which were provided by the creditor, and Defendant, as an entity responsible for ensuring TCPA compliance, should have, and is in a better position to maintain these records. Moreover, when answers to these questions were known by Plaintiffs, an answer was provided. For example, Molnar Int. 10 states: "Plaintiff cannot recall with certainty what phone number he provided, but believed he provided XXX-XXX-9119."

10

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO.* 3:13-CV-00131-JLS-JLB
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

Dated: May 28, 2014             SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.C.

                                /s/Michael D. Slodov
                                Michael D. Slodov, Ohio SCR # 0051678
                                *Admitted pro hac vice*
                                Attorneys for Defendant
                                NCO Financial Systems, Inc.

Dated: May 28, 2014             */s/ Ronald A. Marron*
                                Ronald A. Marron
                                **LAW OFFICES OF RONALD A. MARRON**
                                651 Arroyo Drive
                                San Diego, California 92103
                                Telephone: (619) 696-9006
                                Facsimile: (619) 564-6665

                                DOUGLAS J. CAMPION
                                **LAW OFFICES OF DOUGLAS J. CAMPION, APC**
                                409 Camino Del Rio South, Suite 303
                                San Diego, CA 92108
                                *doug@djcampion.com*
                                Telephone: (619) 299-2091
                                Facsimile: (619) 858-0034
                                ***Counsel for Plaintiffs and Proposed Class***

SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Ronald A. Marron, counsel for Plaintiffs, and that I have obtained Mr. Marron's approval for his electronic signature to this document.

Dated: May 28, 2014

                                */s/Michael D. Slodov*
                                Michael D. Slodov, Ohio SCR # 0051678
                                *Admitted pro hac vice*
                                Attorneys for Defendant
                                NCO Financial Systems, Inc.

11

# PROOF OF SERVICE

I, Michael D. Slodov, hereby certify that:

      I am one of the attorneys of record for the Defendant in this action; I am over 18 years of age and not a party to this action, and am employed in the State of Ohio, Cuyahoga County, Village of Chagrin Falls.

      On May 28, 2014, I caused the Joint Statement for Determination of Discovery Dispute to be served upon the parties listed below via the Court's Electronic Filing System:

Beatrice Skye Resendes
Douglas J. Campion
Ronald Marron
Alexis Marie Wood
Kas L. Gallucci
Law Offices of Ronald A. Marron APLC
651 Arroyo Drive
San Diego, CA 92103
Email: skye@consumersadvocates.com
Email: doug@djcampion.com
Email: ron@consumersadvocates.com
Email: alexis@consumersadvocates.com
Email: kas@consumersadvocates.com

Benjamin Richman
Christopher L. Dore
Jay Edelson
Rafey S. Balabanian
Sean Patrick Reis
Mark S. Eisen
Edelson LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
&
Edelson P.C.
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
&
Edelson PC
555 West Fifth Street, 31st Floor

12

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC.*, NO. 3:13-CV-00131-JLS-JLB
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE

Los Angeles, CA 90013
Email: brichman@edelson.com
Email: cdore@edelson.com
Email: jedelson@edelson.com
Email: rbalabanian@edelson.com
Email: sreis@edelson.com
Email: meisen@edelson.com

KEITH JAMES KEOGH
KEOGH LAW, LTD
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Email: *keith@keoghlaw.com*

PATRIC ALEXANDER LESTER
PATRIC LESTER & ASSOCIATES
5694 Mission Center Road #358
San Diego, California 92108
Email: *pl@lesterlaw.com*

Debbie P Kirkpatrick
Damian Richard
James K. Schultz
Bryan C. Shartle
Sessions Fishman Nathan and Israel
1545 Hotel Circle South, Suite 150
San Diego, CA 92108
&
55 West Monroe Street
Suite 1120
Chicago, IL 60603
&
3850 North Causeway Boulevard
Suite 200
Metairie, LA 70002-7227
Email: dpk@sessions-law.biz
Email: drichard@sessions-law.biz
Email: jschultz@sessions-law.biz
Email: bshartle@sessions-law.biz

13

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2014, in Chagrin Falls, Ohio.

> By: *Michael D. Slodov*
> *Admitted pro hac vice*
> Attorneys for Defendant
> NCO Financial Systems, Inc.

14

*MOLNAR ET AL., V. NCO FINANCIAL SYSTEMS, INC., NO. 3:13-CV-00131-JLS-JLB*
JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE