1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

JEFFREY MOLNAR and WESLEY
THORNTON, on behalf of
themselves, all others similarly
situated and the general public,

                    Plaintiffs,

        vs.

NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania Corporation,

                    Defendant.

11
12
13
14
15
16

CASE NO. 13cv131-BAS (JLB)

ORDER ON JOINT STATEMENT
FOR DETERMINATION OF
DISCOVERY DISPUTE

[ECF No. 85]

17
18        Plaintiffs bring this putative class action against Defendant NCO Financial
Systems, Inc. under the Telephone Consumer Protection Act, 47 U.S.C. § 227, to stop
19   defendant's alleged practice of making unsolicited telephone calls and text message
20   calls to the telephones of consumers nationwide and to obtain redress for all persons
21   injured thereby.  (ECF No. 66.)  Presently before the Court is the parties' Joint
22   Statement for Determination of Discovery Dispute for which oral argument was held
23   on May 20, 2014.  (ECF No. 88.)  The parties' discovery dispute concerns the scope
24   of subpoenas served on and documents produced by plaintiffs' creditors and telephone
25   carriers.  The creditors and telephone carriers are not parties to this litigation.  For the
26   reasons stated below, plaintiffs' objections are overruled with the exception that each
27   plaintiff may narrow the time period of call records to the extent they fall outside the
28   time period for which a plaintiff seeks to hold defendant NCO liable.

# I.   Legal Standard

Federal Rule of Civil Procedure 45(d)(3) sets forth the limited reasons for which a subpoena can be quashed.  "As a general proposition, a party lacks standing under Federal Rules of Civil Procedure Rule 45([d])(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *In re REMEC, Inc. Sec. Litig.*, No. 04cv1948, 2008 WL 2282647, *1 (S.D. Cal. May 30, 2008); *Doe v. City of San Diego*, No. 12cv689, 2013 WL 2338713, *2 (S.D. Cal. May 28, 2013).  If the party claims a personal right or privilege with respect to the documents requested in the subpoena, the court "must quash or modify" the subpoena "if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A).  "To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy rights." *Brunsvik v. Hartford Life and Acc. Ins. Co.*, No. 11cv14, 2011 WL 5838221, *3 (E.D. Cal. Nov. 21, 2011).

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a party may move for an order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense."  A subpoena is subject to the relevance requirements set forth in Federal Rule of Civil Procedure 26(b).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*.

# II.   Analysis

## A.   Subpoenas to Creditors

The parties' dispute concerns defendant's requests for eight categories of documents from plaintiffs' creditors.[1]  The documents sought are to support defendant

---

[1]    The eight categories are as follows: (1) Any telephone numbers you provided to NCO Financial Systems, Inc.; (2) The amount placed for collection with NCO Financial Systems, Inc. on or about October 18, 2011 in the amount of $200.58; (3)

13cv131

1    NCO's defense that it called plaintiffs to collect a debt on behalf of a creditor and had

2    plaintiffs' prior express consent to be called.  If defendant can prove that plaintiffs

3    provided prior express consent to their creditors for the calls, then under the TCPA

4    defendant is not liable as the third party collector.  *In re Rules & Regs. Implementing*

5    *Tel. Consumer Prot. Act of 1991*, FCC Declaratory Ruling No. 07–232, 23 FCC Rcd.

6    559 ¶10 ("Calls placed by a third party collector on behalf of that creditor are treated

7    as if the creditor itself placed the call").  Whether there was prior express consent for

8    the calls is "an affirmative defense for which the defendant bears the burden of proof."

9    *Grant v. Capital Mgmt. Servs., L.P.*, 449 Fed. Appx. 598, 600 n.1 (9th Cir. 2011).

10   Thus, the documents sought are relevant to this litigation.

11        Plaintiffs object to defendant's discovery requests as overbroad, harassing, a

12   fishing expedition, and an invasion of privacy.  Plaintiffs' objections are overruled.  By

13   filing this TCPA case against defendant NCO, plaintiffs placed at issue their creditors'

14   documentary evidence of prior express consent.  Defendant proffers that such evidence

15   of prior express consent is maintained by plaintiffs' creditors.  Under the facts of this

16   case, the bases for plaintiffs' objections are outweighed by the public interest of

17   ascertainment of the truth in connection with legal proceedings.  Defendant should be

18   afforded the opportunity to obtain evidence of prior express consent to defend itself

19   against liability.

20        Pursuant to binding precedent from the FCC, third party collectors are not liable

21   under the TCPA if the consumer provided the relevant creditor with prior express

22   consent for the call.  *See* FCC Declaratory Ruling No. 07–232, 23 FCC Rcd. 559 ¶10;

23   *Van Patten v. Vertical Fitness Group, LLC*, No. 12cv1614, 2014 WL 2116602, *6

24   (S.D. Cal. May 20, 2014) ("this Court is inclined to follow the many other cases that

25   

26   The identity of person or persons obligated to ADT Security Services, Inc. on your
     Account Nos. 7194267, regarding 2404937; (4) The terms and conditions of any
27   agreements between you and Aileen Martinez, including any and all amendments
     thereto, governing your relationship; (5) The address you provided to NCO Financial
     Systems, Inc. for Aileen Martinez; (6) The work (place of employment) telephone
28   number you provided to NCO Financial Systems, Inc. for Aileen Martinez; (7) The
     account application supplied by Aileen Martinez, including any revisions,
     modifications, reaffirmations related thereto, <u>containing a contact telephone number(s)
     for Aileen Martinez</u>; and (8) Documents Containing Telephone Number (415) 519-
     8588.  (ECF No. 85 (emphasis in original).)

treat the FCC Orders as binding"). This precedent supports the proposition that defendant NCO may rely on any documents in the creditors' possession. *See also Wills v. Optimum Outcomes, Inc.*, No. 13cv26, 2014 WL 220707, *4 (D. Utah Jan. 21, 2014).

Plaintiffs object to the timing of defendant's request, arguing defendant should already be in possession of its prior express consent evidence. However, there simply is no legal authority for the proposition that third party collectors must already be in possession of documents in order to use them for purposes of defending against a TCPA case. In fact, the FCC recognizes that "[t]he creditors are in the best position to have records kept in the usual course of business showing such consent." *See* FCC Declaratory Ruling No. 07–232, 23 FCC Rcd. 559 ¶10. Thus, here, discovery directed to the relevant creditors' own documentary evidence of prior express consent is highly relevant and appropriate.

Moreover, because the parties are governed by a protective order in this case, the Court concludes that plaintiffs' privacy rights will be adequately protected.

## B.   Subpoenas to Carriers

The parties' Joint Statement raises a discovery dispute over two categories of document requests included as part of the subpoenas served on plaintiffs' telephone carriers.

The first category of documents in dispute concerns defendant NCO's request from the carriers for "any and all records reflecting" the identity of the subscriber(s) for the relevant telephone account(s). Defendant NCO argues that this information is relevant to standing to sue under the TCPA. Plaintiffs object on relevance grounds. (ECF No. 85 at 12.) Plaintiffs' relevance objection is overruled. Documents reflecting the identity of the subscriber over time are relevant to standing to sue. *Gutierrez v. Barclays Group*, No. 10cv1012, 2011 WL 579238, *5 (S.D. Cal. Feb. 9, 2011) ("TCPA is intended to protect the telephone subscriber, and thus it is the subscriber who has standing to sue for violations of the TCPA.").

/ / /

13cv131

For this first category of documents, the parties also dispute the time period for which telephone carriers should produce such records. Defendant argues that the time period requested (January 1, 2010 to the present) is relevant because: it reflects the class period; the complaint contains a prayer for injunctive relief; and the complaint alleges, in some places, that calls continued to the present. Plaintiffs object on relevance grounds to records for the time period after the filing of the complaint as the calls ceased after the filing of the complaint. For the reasons stated at oral argument, and because documents reflecting the identity of the subscribers over time are relevant to both prior express consent and standing to sue, plaintiffs' relevance objection is overruled.

The second category of documents in dispute concerns "any and all [call] records for the account(s) related to telephone number(s) 415-[###]-[####] and 415-[###]-[####] from January 1, 2010 to present." Defendant argues that these documents are relevant as they were identified by plaintiffs in their initial disclosures. Further, defendant argues they have the potential to show the extent of damages, whether plaintiffs were forwarding calls, whether calls were received from NCO telephone numbers, and whether the calls at issue ever connected such that they amount to the making of a call under the TCPA. Plaintiffs object on relevance grounds, arguing only calls from NCO are relevant, and the documents requested would disclose irrelevant information, including records of all calls to and from doctors, lawyers, family or friends.

Plaintiffs propose that defendant provide all telephone numbers used by defendant so that plaintiffs might redact all other calls from the telephone records before providing a redacted copy of the records to defendant. At the hearing, the Court indicated that if plaintiffs were allowed to redact telephone call records and only produce the calls plaintiffs believe to be actionable calls placed by defendant, plaintiffs would be limited in their proof at trial to those calls appearing on the redacted call documents. Plaintiffs were not amenable to this limitation. Plaintiffs' position was

13cv131

that they should be allowed to provide defendant with redacted telephone records (in lieu of a third party subpoena to the service provider), while reserving the right to argue that defendant has legal liability for calls plaintiffs allege were placed, but which might not appear on the redacted telephone records.

The Court agrees that in this TCPA case calls to and from uninvolved parties such as doctors, lawyers, family or friends would be irrelevant. However, at oral argument, plaintiffs' counsel indicated that plaintiffs may seek to hold defendant liable for calls made to plaintiffs that do not appear on plaintiffs' telephone records. Under these circumstances, plaintiffs' relevancy objection is overruled. Defendant is entitled to complete and unredacted telephone records to determine whether or not the calls plaintiffs ascribe to NCO appear in telephone records. To the extent that any privacy right exists over these records, defendant's need for the records in presenting a defense in this action outweighs any privacy right possessed by plaintiffs. *See Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 1001 (C.D. Cal. 2012) ("[T]he disclosure of telephone numbers, as well as the date, time, and duration of calls does not represent a significant intrusion of Plaintiff's privacy.") (citing cases). Further, the protective order in this case should protect plaintiffs' privacy rights.

For this second category of documents, the parties resolved their dispute over the time period for which telephone carriers should produce such call records. At oral argument, the parties agreed that plaintiffs could narrow the time period for the call records, and that plaintiffs would then be limited to that narrowed time period for purposes of summary judgment and trial. Should plaintiffs decide to narrow the time period for the call records, then they must provide defendant with a writing that sets forth this agreement to be bound by the narrowed time period. There is nothing further for the Court to resolve on this time period issue.

/ / /

/ / /

/ / /

### C. Subpoenas Complied with in Round One

In a prior round of discovery, NCO served subpoenas on various non-parties. Due to procedural deficiencies, NCO agreed to withdraw and re-serve these subpoenas. However, four non-parties complied prior to NCO's notice of withdrawal. The non-parties that complied include three creditors (Bowling Green Orthopedics, Stoneberry/Masseys/Mason Easy-Pay, PNC Bank, N.A.) and one telephone carrier (Verizon). The parties' discovery dispute over these documents is duplicative of the disputes outlined above. Accordingly, for the reasons stated above, plaintiffs' objections to documents requested from the creditors and telephone carrier are overruled with the exception that plaintiffs may redact the call records from Verizon to the extent they fall outside the time period for which the relevant plaintiff seeks to hold defendant NCO liable.

## III. Conclusion

For the reasons stated above, plaintiffs' objections to documents requested from third party creditors and telephone carrier are overruled with the exception that each plaintiff may narrow the time period of call records to the extent they fall outside the time period for which a plaintiff seeks to hold defendant NCO liable. Should plaintiffs decide to narrow the time period for the call records, then they must provide defendant with a writing that sets forth their agreement to be bound by the narrowed time period.

Should the parties determine an addendum to their protective order (ECF No. 53) is appropriate, the parties may jointly move the court to amend the protective order on or before **July 22, 2014**.

IT IS SO ORDERED.

DATED: July 8, 2014

JILL L. BURKHARDT
United States Magistrate Judge

13cv131