# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Molnar, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>NCO Financial Sys., Inc.,<br>　　　　　　　　　　Defendant. | CASE NO. 13cv131-BAS (JLB)<br><br>ORDER RULING ON DISCOVERY DISPUTES SET FORTH IN THE PARTIES' JOINT STATEMENT<br><br>[ECF No. 89] |

Before the Court is a Joint Statement seeking resolution of the parties' discovery dispute over the sufficiency of plaintiffs' responses and objections set forth in plaintiffs' initial and supplemental disclosures, and in response to defendant NCO Financial Systems, Inc.'s interrogatories and requests for production of documents. The plaintiffs in this action are Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden, and Antoinette Stansberry. The operative complaint (ECF No. 66) prays for certain relief, including an order certifying the classes outlined in the complaint and appointing each of the named plaintiffs as class representatives.

Having considered the arguments of counsel, the Court ORDERS that, on or before **September 23, 2014**, plaintiffs shall supplement their discovery responses and complete their production of documents in accordance with the following rulings:

1. Plaintiffs' objections to the interrogatories concerning the identification of plaintiffs and identical to exemplar Interrogatory No. 2 (ECF No. 89 at 3) are OVERRULED. The information sought is likely to lead to the discovery of relevant

1 | information concerning plaintiffs' adequacy and standing as class representatives.[1]  As
2 | a result, Defendant's argument regarding the sufficiency of Plaintiffs' initial
3 | disclosures is deemed MOOT;

4 |      2. Plaintiffs' objections to the discovery requests concerning the identification
5 | of communications with defendant and identical to exemplar Interrogatory No. 3, and
6 | exemplar Request for Production Nos. 5, 10, and 17 (ECF No. 89 at 4-5) are
7 | OVERRULED.  The information sought is likely to lead to the discovery of relevant
8 | information concerning plaintiffs' adequacy as class representatives, plaintiffs' claims
9 | and damages, and defendant's defenses;

10 |      3. Plaintiffs' objections to the interrogatories concerning damages and identical
11 | to exemplar Interrogatory No. 11 (ECF No. 89 at 5-6) are OVERRULED.  The
12 | information sought on damages is required under Fed. R. Civ. P. 26(a)(1)(A)(iii) and
13 | relevant as the operative complaint alleges plaintiffs suffered both statutory and actual
14 | damages;

15 |      4. Plaintiffs' objections to the discovery requests concerning agreements with
16 | counsel/funding the litigation and identical to exemplar Interrogatory 13 and Request
17 | for Production 20 (ECF No. 89 at 7) are OVERRULED.  *See Gusman v. Comcast*
18 | *Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014) ("Plaintiff's retainer and fee agreement
19 | with counsel in this [Telephone Consumer Protection Act] case is relevant to the Rule
20 | 23(a)(4) analysis of whether Plaintiff is an adequate representative of the class.");

21 |      5. Plaintiffs' objections on the grounds of overbreadth and undue burden to the
22 | discovery requests concerning sanctions against counsel and identical to exemplar
23 | Interrogatories 20 and 21 (ECF No. 89 at 8) are SUSTAINED.  The parties are directed
24 | to meet and confer as to whether the requests can be narrowed;

25 |      6. Plaintiffs' objections on the grounds of relevance and harassment to the
26 | discovery requests concerning prior judicial proceedings and identical to exemplar

---

[1] This Order addresses the objections argued by the parties in their Joint Statement and does not preclude plaintiffs from withholding documents based on a legitimate claim of privilege.

Request for Production of Documents No. 16 (ECF No. 89 at 9-10) are SUSTAINED IN PART.  However, plaintiffs shall produce discovery identifying any felony convictions and any criminal convictions (misdemeanor or felony) the elements of which involve dishonesty or false statements.  Plaintiffs also shall produce discovery sufficient to identify any civil cases in which plaintiffs sought class representative status through the filing of a complaint or a motion for class certification; and

      7. Plaintiffs' objections to the discovery requests concerning plaintiffs' debts and communications relating to said debts and identical to exemplar discovery requests listed in Section VII of the Joint Statement (ECF No. 89 at 11) are OVERRULED.  The information sought is likely to lead to the discovery of relevant information concerning the defense of this action.

      IT IS SO ORDERED.

DATED:  September 10, 2014

_____
JILL L. BURKHARDT
United States Magistrate Judge