**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
*doug@djcampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

[Additional Counsel on Signature Block]

*Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR and WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY, on behalf of themselves, all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 3:13-cv-00131-BAS-JLB<br><u>CLASS ACTION</u><br><br>**JOINT MOTION TO CONTINUE DEADLINE TO PARTICIPATE IN COURT'S INFORMAL DISPUTE RESOLUTION PROCEDURE AND/OR FILE A JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DEFENDANT'S RESPONSES TO PLAINTIFFS' DISCOVERY AND PLAINTIFFS' RESPONSES TO THE COURT'S ORDER OF SEPTEMBER 10, 2014**<br><br>Hon. Magistrate Jill L. Burkhardt |

Plaintiffs Jeffrey Molnar, Wesley Thornton, Aileen Martinez, Chiquita Bell, Teyia Bolden and Antoinette Stansberry ("Plaintiffs") and Defendant NCO Financial Systems, Inc. ("NCO" or "Defendant") (collectively, the "Parties"), by and through their counsel of record, respectfully move this Court for an Order continuing the deadline to participate in the Court's informal dispute resolution procedure and/or file a joint statement for determination of discovery dispute regarding Defendant's responses to Plaintiffs' discovery requests.

WHEREAS, on July 25, 2014, Plaintiffs served Requests for Production of Documents to Defendant NCO Financial Systems, Inc. Set Four and Interrogatories on behalf of Plaintiff's Thornton, Martinez, Bell, Bolden and Stansberry via electric service.

WHEREAS, on August 28, 2014, Defendant served its Responses to Plaintiff's Request for Production of Documents, Set Four and Plaintiff's Interrogatories on behalf of Plaintiff's Thornton, Martinez, Bell, Bolden and Stansberry via electric service.

WHEREAS, on September 10, 2014, the Parties arranged for a meet and confer to discuss Defendant's responses to Plaintiffs' discovery **RFPs 43, 44, 94 – 137**.

WHEREAS, on September 11, 2014, a formal in-person meet and confer conference was held at the Law Offices of Ronald A. Marron. Plaintiffs' counsel Alexis Wood and Kas Gallucci and Defendant's counsel Damien Richard attended in person. Out of town Plaintiffs' counsel, J. Dominick Larry and out of town Defendant's counsel, Michael Slodov and James Schultz attended via telephonic conference.

WHEREAS, NCO objected to Plaintiffs' requests on the grounds of undue burden by asserting that during the time frame at issue, the number of accounts placed with NCO for collection was in excess of 100 million accounts, and as NCO's call volume exceeded 15-20 million calls per month on average, the requests called for NCO to search through and identify calls and produce information relating to roughly between 720 million and 1.14 billion calls.

WHEREAS, during the meet and confer the Parties discussed a Sampling Protocol in which Defendant would produce a statistically significant sample of Defendant's

1

accounts in response to Plaintiffs' Request for Production of Document Nos. 43, 44 and 94-137.  The Parties believe a Sampling Protocol would diminish the need for Plaintiffs to seek the Court's intervention in compelling Defendant to produce all responsive documents to those Requests.

WHEREAS, on Tuesday September 23, 2014, Plaintiff proposed a Sampling Protocol involving a sample size of 1100 NCO accounts. NCO is expected to evaluate the proposed Sampling Protocol to assess its feasibility on September 30, 2014, and will advise Plaintiff how long the Sampling will take to complete.  The Parties expect to reach a consensus regarding the feasibility of any such Sampling—i.e., whether or not (and if so, on what terms) a Sampling is feasible—no later than October 3, 2014.

WHEREAS, the Parties jointly request that the Court continue the deadline to bring a discovery dispute to the Court's attention by 63 days. The Parties' jointly called the Court on Friday, September 26, 2014, to inform the Court of the Parties' request.

WHEREAS, should the Parties need additional time to resolve any dispute related to discovery and/or the Sampling Protocol, the Parties agree to promptly inform the Court.

WHEREAS, Plaintiffs were ordered to provide supplemental responses to NCO's discovery directed to the Plaintiffs by September 23, 2014, ECF No. 104.

WHEREAS, on September 23, 2014, Plaintiffs provided their supplemental responses.

WHEREAS, on September 24, 2014, counsel for NCO requested a meet and confer regarding the sufficiency of Plaintiffs' supplemental responses.

WHEREAS, on September 26, 2014, a formal in-person meet and confer conference was held at the Law Offices of Sessions, Fishman, Nathan and Israel. Plaintiffs' counsel Alexis Wood, Kas Gallucci and Doug Campion attended and Defendant's counsel Damien Richard attended in person.  Out of town Plaintiffs' counsel, J. Dominick Larry and out of town Defendant's counsel, Michael Slodov attended via telephonic conference.

WHEREAS, Plaintiffs' counsel represented that they would produce the documents identified in their supplemental responses, and would respond or provide amended supplemental responses to interrogatory no. 2 (with additional identifying information), Interrogatory no. 3 (regarding communications with NCO) and concerning damages as required by par. 3 of the order [Dkt. No. 104], all by October 3, 2014.

GOOD CAUSE exists to grant the Parties' joint request as the Parties are diligently working to informally resolve their discovery dispute with a sampling protocol which will save the Parties substantial time and money and will also preserve judicial economy. The Parties believe 63 days should allow the Parties enough time to resolve any outstanding discovery dispute, but will promptly notify the Court should additional time be needed.

THERFORE, the Parties jointly move the Court for an order extending the deadline to participate in court's informal dispute resolution procedure and/or file a joint statement for determination of discovery dispute regarding defendant's responses to Plaintiffs' discovery until Monday, December 1, 2014, and as to Plaintiff's responses to the Court's order [Dkt. No. 104], by October 10, 2014.

DATED: September 29, 2014         Respectfully submitted,

By:
*Ronald A. Marron*
**LAW OFFICES OF RONALD A. MARRON,**
RONALD A. MARRON
SKYE RESENDES
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

By:
*Douglas J. Campion*

3

**LAW OFFICES OF DOUGLAS J. CAMPION, APC**
DOUGLAS J. CAMPION
*doug@djcampion.com*
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-003


By:
*Nick Larry*
**EDELSON PC**
Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *pro hac vice*)
cdore@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiffs and the Proposed Class*


DATED: September 29, 2014   **SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.C.**
By:
Michael D. Slodov, Ohio SCR # 0051678
*Admitted pro hac vice*

*Attorneys for Defendant NCO Financial Systems, Inc.*

4

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Mr. Slodov, counsel for Defendant, and that I have obtained Mr. Slodov approval for his electronic signature to this document.

Dated:       September 29, 2014           By: *Ronald A. Marron*
                                          RONALD A. MARRON
                                          **LAW OFFICES OF RONALD A. MARRON**

5