UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jeffrey Molnar, et al., <br><br> Plaintiff, <br><br> v. <br><br> NCO Financial Systems, Inc., <br><br> Defendant. | Civil No.   13cv131-BAS (JLB) <br><br> **Amended Scheduling Order** <br><br><br> **[ECF Nos. 61, 81, 103]** |

Good cause appearing, **IT IS HEREBY ORDERED:**

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial regarding merits on or before **February 19, 2015**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial regarding merits on or before **February 19, 2015**. On or before **March 12, 2015**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected

to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All merits expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 26, 2015**. Any contradictory or rebuttal information shall be disclosed on or before **April 9, 2015**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All discovery, including expert discovery, shall be completed by all parties on or before **May 7, 2015**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. The Court expects counsel to make every effort to resolve all disputes without court intervention. Counsel must promptly and in good faith

meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website). All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred to resolve the dispute **and** participated in an informal teleconference with the Court. **A failure to comply in this regard will result in a waiver of a parties discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

  5. Plaintiffs shall file their motion for class certification on or before **January 19, 2015.** All other pretrial motions, other than motions to amend or join parties, or motions *in limine*, shall be <u>filed</u> on or before **June 8, 2015**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. <u>**Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly**</u>. Failure of counsel to timely request a motion date may result in the motion not being heard.

  Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

  Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

  6. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or

otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **May 12, 2015**, at **1:30 p.m.** in the chambers of Magistrate Judge Jill L. Burkhardt.[1] Counsel shall lodge **confidential** settlement statements by e-mail to efile_Burkhardt@casd.uscourts.gov and in accordance with Magistrate Judge Burkhardt's Civil Chambers Rules, no later than **May 4, 2015**. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a list of all attorney and non-attorney attendees for the Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the conference. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of a corporate entity, an authorized representative of the

---

[1] The Court welcomes the parties to request additional settlement conferences at any stage in the litigation. The parties may request a settlement conference by jointly calling chambers or by filing a Joint Motion.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **August 31, 2015**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

9. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

10. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **August 24, 2015**.

11. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **August 31, 2015**.

12. Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **August 31, 2015**. **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

13. The proposed pretrial order shall be lodged with the district judge's chambers on or before **September 4, 2015** and shall be in the form prescribed in Local Rule 16.1.f.6.c.

14. The final pretrial conference is scheduled on the calendar of the Honorable Cynthia Bashant for Monday, **September 21, 2015** at **11:00 a.m.**

15. All motions *in limine* are due no later than **October 5, 2015** .

16. All responses to the motions *in limine* are due no later than **October 19, 2015**.

17. The parties shall submit the following no later than **October 19, 2015**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case.

18. The parties shall exchange final exhibit and witness lists no later than **November 10, 2015**.

19. A hearing for the motions *in limine* is scheduled for Monday, **November 9, 2015** at **10:30 a.m.**

20. The trial in this matter shall commence on Tuesday, **November 17, 2015** at **9:00 a.m.**

21. The dates and times set forth herein will not be modified except for good cause shown.

22. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: November 24, 2014

JILL L. BURKHARDT
United States Magistrate Judge