**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>*Defendant*. | Case No. 3:13-cv-00131-BAS-JLB<br><br>**DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Cynthia A. Bashant<br>Magistrate: Hon. Jill L. Burkhardt<br><br>Hearing Date:   March 23, 2015<br>Courtroom:   4B |

Pursuant to 28 U.S.C. § 1746, I, Kas L. Gallucci, hereby declare and state as follows:

1. I am a member in good standing of State Bar of California, and the United States District Court for the Southern District of California. I, along with my co-counsel, represent Plaintiff Wesley Thornton ("Plaintiff") in the above-captioned action. I have personal knowledge of the facts stated herein, and if called to do so, I could and would testify competently thereto. I make this Declaration in support of Plaintiff's Motion for Class Certification.

*The Class Definition and Exclusionary Criteria*

2. In light of Defendant's anticipated commonality and ascertainability challenges to class certification, Plaintiff's Class definitions were crafted carefully to only include those individuals for whom NCO would have no evidence of consent. This was done by identifying certain criteria and account entries in NCO's records that could be suggestive of consent, and using objective criteria to ensure that individuals associated with those entries were not included within the Class definitions.

3. First, Plaintiff's Definitions are limited to individuals called regarding a Qualifying Debt, which is defined as: "any debt sent to NCO for collection, other than those debts originating with any of the following entities: Lester E. Cox Medical Centers Cox-Monett Hospital, Inc. ("Cox Health"); Houston Methodist Hospital; All Children's Hospital, Inc.; North Arkansas Regional Medical Center; AT&T, Inc.; Capital One Financial Corporation; Eligibility Patient Advocacy Liaison Services; Freeman Health System; Mercy Medical Center; Mount Sinai Medical Center; Oregon Health and Science University Hospitals and Clinics; Riverside Community Hospital; UAB Medicine; UAMS Medical Center; Nationwide Mutual Insurance Company; General Financial Solutions; UHS Development; University of Washington Medicine; the federal student loan program; Sprint/United Management Company; Bank of America Corporation; TD Bank, N.A.; or PNC Bank, N.A." (*See* Plaintiff's Memorandum in Support of Motion for Class Certification, at 7–8.)

4. The reasoning for this exclusion is that NCO provided evidence that each of these creditors could have, during the process of contracting with consumers, obtained consent to call those consumers on their cellular telephones regarding any debts arising out of the contract.

5. Next, both of Plaintiff's Class definitions are limited to those individuals who received the calls at issue on Qualifying Cellular Telephone Numbers. The definition of Qualifying Cellular Telephone Number includes several other exclusionary criteria intended to ensure that the Classes include only those individuals for whom NCO could not have any record of consent.

6. The definition of Qualifying Cellular Telephone Number (in addition to being limited to cellular telephone numbers) begins by excluding any number that was the first number called for *any* account in NCO's records. The reasoning here is that the first number called is most likely to have been provided to NCO's creditor-client directly by the consumer, arguably evincing consent to be called on that phone number about that particular debt.

7. Next, the Qualifying Cellular Telephone Number definition excludes any number with "type-in" listed in the "source" field of NCO's records (meaning that the phone number had been manually typed in by an NCO representative). (*See* Exhibit 2 at 130–32.) Again, the reasoning here is to exclude numbers potentially provided directly to NCO by consumer-debtors themselves.

8. Following that, the definition of Qualifying Cellular Telephone Number excludes any number associated with any one of several account note entries which, arguably, could evince consent to receive calls on that number.

9. Specifically, the definition of Qualifying Cellular Telephone Number excludes any telephone number associated with *any* entry in NCO's account notes containing *any* of the following "Action Codes"[1] (listed by "datapath"[2]):

---

[1] "Action Codes" are abbreviated codes that identify the action undertaken during a specific call (such as calling a residence, or leaving a message). (*See, e.g.*, Exhibits

      a.    Datapath 13 – NY Marlin: SU
      b.    Datapath 22 – Credit Trust: CP, SU
      c.    Datapath 9 – Trigger NAG: CP, SG
      d.    Datapath 7 – AMEX: EE, SU, UD, UR
      e.    Datapath 99 – Main Data: CP, SG
      f.    Datapath 2 – Main 2: CP, SG

10. Additionally, the definition of Qualifying Cellular Telephone Number excludes any telephone number associated with *any* entry in NCO's account notes containing *any* of the following "Result Codes"[3] (listed by "datapath"):

      a.    Datapath 13 – NY Marlin: NH, NW
      b.    Datapath 22 – Credit Trust: CN, GI, CN, IO, NW
      c.    Datapath 9 – Trigger NAG: CN, GN, GW, NN, UH, UW
      d.    Datapath 7 – AMEX: CN, DO, DW, FW, GN, IV, MI, NH, NN, PH, SP, VN
      e.    Datapath 99 – Main Data: CN, GI, GN, IO, JL, NN, RO
      f.    Datapath 2 – Main 2: CM, CN, GI, GN, GW, IO, MI, NN, UH, UW

11. Next, the definition of Qualifying Cellular Telephone Number excludes any telephone number associated with *any* entry in NCO's account notes containing *any* of the following in the "Transaction Comments"[4] field:

      a.    VERIF
      b.    OKAY

---

12, 13.) The Action Codes are sorted by "datapath," and each datapath has its own set of Action Codes with their own meanings. (*Id.*)

[2] A "datapath" is a distinct grouping of data within NCO's record systems, usually used to separate records related to specific clients or lines of business. (*See* Ex. 2 at 152:3–20.)

[3] "Result Codes" are similar to action codes, with the exception that they identify the result of a call (e.g., a busy signal, or reaching the consumer's voicemail). (*See, e.g.*, Exhibits 12, 13.) Like Action Codes, the Result Codes are sorted by "datapath." (*Id.*)

[4] The Transaction Comments field contains a description of each particular call that is created by the NCO agent or dialer that performed the call. (*See, e.g.*, Exs. 6, 7.)

3
*Molnar, et al. v. NCO Financial Systems, Inc.*, No. 13-cv-131
DECLARATION OF KAS L. GALLUCCI

      c.    CELL
      d.    CONSENT
      e.    CONFIRM
      f.    PHN NUMBER
      g.    UNASSIGNED
      h.    INVALID PHONE
      i.    FAX
      j.    MRD
      k.    ATTY
      l.    NOT GOING THRU

These abbreviations suggest either (a) a single conversation between an NCO representative and the consumer, where the consumer could have provided consent, (b) a series of conversations between NCO representatives and the consumer, increasing the likelihood of the consumer providing consent to be called again at the same number, or (c) an invalid telephone number.  Each was excluded in order to help ensure that the Classes are comprised solely of individuals for whom NCO has no record of consent.

      12.    Finally, the definition of Qualifying Cellular Telephone Number excludes any telephone number associated with *any* entry in NCO's account notes containing *any* of the following in the "Current Consent" field:[5]

      a.    CLIENT
      b.    PRIOR CLIENT
      c.    PRIOR_CLIENT
      d.    DEBTOR
      e.    CONSUMER
      f.    CREDIT
      g.    WRITTEN

---

[5]    The Current Consent field identifies the current form (if any) of consent to call a particular phone number that NCO has within its records. (Ex. 2 at 225:14–18.)

      h.    ORAL

13. Each of the aforementioned exclusions functions to limit the Classes to those individuals for whom NCO has no documented evidence of consent.

14. As detailed in the Declaration of Jeffrey A. Hansen, attached as Exhibit 3 hereto, application of the applicable Class criteria to NCO's call sample results in the identification of 39 accounts and cell phone numbers potentially belonging to Autodialer Class members, and 12 accounts and cell phone numbers potentially belonging to Robocall Class members.

15. Given the sample size of 76,533 calls (64,398 of which occurred during the Class period), and NCO's representations that it made roughly 1 billion calls during the Class period, (*see* Ex. 1), it is highly likely that each Class comprises hundreds of thousands of members.

16. Specifically, applying the scripts described in the Hansen declaration to NCO's entire call database, one would expect roughly 600,000 unique accounts to potentially fall within the Autodialer Class, and roughly 185,000 unique accounts to fall within the Robocall Class.

17. Even accounting for the sample's omission of information regarding the sources of the debts associated with individual accounts (which prevented application of the Qualifying Debt criteria to the sample), or the "source" and "Result Code" columns (which prevented the application of the full set of Qualifying Cellular Telephone Number criteria to the sample), it is clear that both classes likely number in the hundreds of thousands.

***Plaintiff Wesley Thornton's Participation In the Case and Efforts on Behalf of the Classes***

18. Since my firm was first contacted by Mr. Thornton regarding his potential participation in this case, I have witnessed Mr. Thornton working zealously to advocate for the best interests of the Classes he seeks to represent.

19. Mr. Thornton's participation has ranged from providing many of the facts that formed the foundation for the pleadings in this case, to responding to Defendant's discovery requests, sitting for his deposition, and otherwise assisting counsel with the prosecution of this case.

***Exhibits***

20. Attached hereto as Exhibit 1 is a true and accurate copy of excerpts of Defendant NCO Financial Systems, Inc.'s Responses to Plaintiff's Requests for Production of Documents, Set Four, which was produced in discovery by Defendant.

21. Attached hereto as Exhibit 2 is a true and accurate copy of excerpts of the Transcript of the Rule 30(b)(6) Deposition of Greg Stevens in this action.

22. Attached hereto as Exhibit 3 is a true and accurate copy of the Declaration of Jeffrey A. Hansen.

23. Attached hereto as Exhibit 4 is a true and accurate copy of the Rule 26(a)(2) Expert Disclosure, Written Report, and Declaration of Jeffrey A. Hansen (exhibits excluded).

24. Attached hereto as Exhibit 5 is a true and accurate copy of the Expert Report of Ken Sponsler (exhibits excluded), produced by Defendant in this action.

25. Attached hereto as Exhibit 6 is a true and accurate copy of excerpts of a document labeled "Fact Sheet," regarding Plaintiff Wesley Thornton, and produced by Defendant in this action.

26. Attached hereto as Exhibit 7 is a true and accurate copy of excerpts of the representative call log sample produced by Defendant in this action.

27. Attached hereto as Exhibit 8 is a true and accurate copy of excerpts of a document titled "NCO Collector Training Manual: April 2013," produced by Defendant during discovery in this action.

28. Attached hereto as Exhibit 9 is a true and accurate copy of excerpts of a document titled "NCO Collector Training Manual: April 2008," produced by Defendant during discovery in this action.

1  29. Attached hereto as Exhibit 10 is a true and accurate copy of excerpts of the Transcript of the Deposition of Wesley Thornton in this action.

30. Attached hereto as Exhibit 11 is a true and accurate copy of excerpts of Defendant NCO Financial Systems, Inc.'s Responses to Plaintiff Wesley Thornton's Interrogatories.

31. Attached hereto as Exhibit 12 is a true and accurate copy of Defendant NCO Financial Systems, Inc.'s Action Codes, Result Codes and Status Codes, dated July 18, 2012.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 23rd day of January, 2015 in San Diego, California.

/s/ Kas L. Gallucci
Kas L. Gallucci
LAW OFFICES OF RONALD A. MARRON