# EXHIBIT 10

# In the Matter Of:

## MOLNAR, et al. vs. NCO FINANCIAL SYSTEMS

13-CV-0131-BAS-JLB

# WESLEY ALLEN THORNTON

*January 09, 2015*



800.211.DEPO (3376)
EsquireSolutions.com

**EXHIBIT 10 - PAGE 172**

```
1              UNITED STATES DISTRICT COURT

2              SOUTHERN DISTRICT OF CALIFORNIA

3

4

5   JEFFREY MOLNAR, et al.,         )

6          Plaintiffs               )

7   V.                              ) CASE NO:

8   NCO FINANCIAL SYSTEMS, INC.     ) 13-CV-0131-BAS-JLB

9          Defendant                )

10

11

12         Deposition of WESLEY ALLEN THORNTON

13                   Arlington, VA

14              Friday, January 9, 2015

15                    9:00 a.m.

16

17

18  Job No: 255339

19  Pages: 1-157

20  Reported by:  Kenneth Norris

21

22
```



800.211.DEPO (3376)
EsquireSolutions.com

**EXHIBIT 10 - PAGE 173**

1  Deposition of WESLEY ALLEN THORNTON

2  Held at the Offices of:

3

4  REGUS CONFERENCE ROOM

5  Suite 700

6  1655 North Fort Myer Drive

7  Arlington, VA 22209

8  (703) 351-5299

9

10

11

12

13  Pursuant to Notice, before Kenneth Norris, a

14 Registered Professional Reporter and Notary Public in

15 and for the State of Virginia.

16

17

18

19

20

21

22



```
 1   APPEARANCES:

 2       ON BEHALF OF THE PLAINTIFF:

 3       BENJAMIN H. RICHMAN, ESQUIRE

 4           Edelson, PC

 5           350 North LaSalle Street, Suite 1300

 6           Chicago, Illinois 60654

 7           (312) 589-6370

 8           E-mail:brichman@edelson.com

 9

10

11       ON BEHALF OF THE DEFENDANT:

12       JAMES K. SCHULTZ, ESQUIRE

13           Sessions, Fishman, Nathan & Israel, LLC

14           55 West Monroe Street, Suite 1120

15           Chicago, Illinois 60603-5130

16           (312) 578-0990

17           E-mail:jschultz@sessions-law.biz

18

19

20

21

22
```



```
 1                      CONTENTS
 2
 3   EXAMINATION OF WESLEY ALLEN THORNTON            Page
 4        By Mr. Schultz                                5
 5        By Mr. Richman                             152
 6
 7
 8
 9   Exhibits                                        Page
10   1    Disconnect Notice from New River Light      64
11        And Power
12   2    Documents from Honda American Finance       65
13   3    Discovery Responses                         81
14   4    First Amended Complaint                     81
15   5    Original Complaint                          83
16   6    Consolidated Class Action Complaint         83
17   7    Retainer Agreement with Ronald A. Marren   107
18   8    Printout of Google Voice Message           117
19   9    Defendant's Offer of Judgement             136
20
21
22
```



```
 1              P R O C E E D I N G S
 2   Whereupon,
 3                  WESLEY ALLEN THORNTON,
 4   was called as a witness and, having been duly sworn,
 5   was examined and testified as follows:
 6                      EXAMINATION:
 7   BY MR. SCHULTZ:
 8       Q.   Can you please state your full name,
 9   spelling your last name for the record like you just
10   did it?
11       A.   Wesley Allen Thornton, T-H-O-R-N-T-O-N.
12       Q.   Let the record reflect that this is the
13   deposition of Wesley Allen Thornton being taken in the
14   case of Jeffrey Molnar, et al., versus NCO Financial
15   Systems.  Today's deposition is being taken pursuant
16   to notice and pursuant to the applicable Federal Rules
17   of Civil Procedure and the local rules of the Southern
18   District of California.
19            Wes, we met a little bit ago.  It's okay if
20   I call you Wes, right?
21       A.   That's fine.
22       Q.   I'm Jim, if you need to yell at me for
```

1  it your understanding that on those calls you had
2  given consent to be called on those debts?
3          MR. RICHMAN:  Objection to the extent it
4  calls for a legal conclusion, but you can answer it.
5          THE WITNESS:  Yes.
6  BY MR. SCHULTZ:
7      Q.   Okay.  And to put it bluntly here, your
8  complaint, your gripe in this case is you don't think
9  that NCO had consent to call you on the 202 number?
10          MR. RICHMAN:  Same objection.
11          THE WITNESS:  Yes.
12  BY MR. SCHULTZ:
13      Q.   All right.  And you understand that this
14  case is also filed as a putative class action?
15      A.   Yes.
16      Q.   Have you ever been involved in any class
17  action lawsuits before?  Either as a class member or
18  as a class rep?
19      A.   Yes.
20      Q.   In which context?  Both?  It was a bad
21  question.
22      A.   Only as a member.

1  Q. And as it relates to American Honda Finance,
2  you had given them the 828 number?
3  A. Yes.
4  Q. So, again, your lawyer is going to object to
5  this being a legal conclusion, but is it your
6  contention then in this case is that you did not
7  consent to being called by either those creditors or
8  NCO on your 202 number despite the fact that you had
9  given the cell number for 828 to the creditors?
10  MR. RICHMAN: Objection to the extent it
11  calls for a legal conclusion.
12  Go for it.
13  THE WITNESS: No, I did not give consent.
14  BY MR. SCHULTZ:
15  Q. Got it.
16  And, again, I'm going to keep probing a
17  little bit on -- I get that we're getting into the
18  legal aspect of the case a little bit, but is the
19  reason why you feel like there wasn't consent is
20  because you hadn't given the 202 number?
21  A. Yes.
22  MR. RICHMAN: Same objection. Sorry. Go



1  ahead.

2       THE WITNESS:  Yes.

3  BY MR. SCHULTZ:

4     Q.  So it's your understanding that the consent

5  you gave -- strike that.

6       Would you agree that by giving that 828

7  number to the New River Light and Power and American

8  Honda Finance that you gave consent to be called on

9  your cell phone number, the 828 cell phone number?

10       MR. RICHMAN:  Objection.  Legal conclusion.

11       You can answer.

12       THE WITNESS:  Yes.

13  BY MR. SCHULTZ:

14     Q.  When you changed cell phone numbers from the

15  828, there was a gap, right?  Between the 828 and the

16  202 numbers you had a prepaid one, right?

17     A.  Yes.

18     Q.  At any point in time did you tell either New

19  River Light and Power or American Honda Finance that

20  you had a new telephone number?

21     A.  No.

22       MR. SCHULTZ:  This will be T-3.

1   A.   Yes.

2   Q.   Okay.

3        And you're okay doing that?

4   A.   Yes.

5   Q.   Okay.

6        And in your complaint here, the consolidated class action complaint we marked as Exhibit 6, I think it's alleged that the class could be in the hundreds of thousands of people. Do you understand that that class that you're representing could be hundreds of thousands or maybe even millions of people?

12  A.   Yes, I understand.

13  Q.   Okay.

14       And you're okay with making decisions on behalf of that size of -- that many people?

16  A.   Yes.

17  Q.   Have you done anything to prepare yourself to serve as a class representative, so that you can make those decisions in a knowing and meaningful way?

20  A.   Yes, I've consulted.

21  Q.   With your lawyers?

22  A.   Yes.

```
 1      Q.  Besides consulting with your lawyers, have
 2   you done anything to prepare yourself to be a class
 3   representative?
 4      A.  I feel that they're knowledgeable enough to
 5   let me know what I'm -- what I need to do.
 6      Q.  Okay.  That's fair.
 7          We have talked a little bit about the
 8   recovery that you're seeking in this case.  You
 9   understand that the same recovery would apply to the
10   class members, right?
11      A.  Yes.
12      Q.  And that any recovery they get would be the
13   same as what you get?
14          MR. RICHMAN:  Objection.  Calls for a legal
15   conclusion, but go ahead.  And speculation.
16          But go ahead.
17          THE WITNESS:  I'm not -- not as
18   understanding of the details, when it comes down to
19   that.
20   BY MR. SCHULTZ:
21      Q.  Okay.
22          Well, let me try to make sure you understand
```



1  at least what I think the law is.

2      You would understand that as a class
3  representative representing this class, that you would
4  be entitled to the same recovery that they're entitled
5  to, the absent class members?

6      A.  Yes.

7      Q.  And that these people that aren't
8  participating in the class action, aren't giving
9  depositions or answering discovery and things like
10 that, they are going to be entitled to recover at the
11 same rate that you would be?

12     A.  Yes.

13         MR. RICHMAN:  Objection.  Calls for a legal
14 conclusion, but go ahead.

15         THE WITNESS:  Yes.

16 BY MR. SCHULTZ:

17     Q.  And that's something you're comfortable
18 with?

19     A.  Yes.

20     Q.  You're okay with the idea that they are
21 going to do the same as you do in this case?

22     A.  Yes.



1   Q.   Okay.

2        Do you have -- have you done anything as far

3   as trying to estimate or plan on how much money you

4   might recover in this case?

5   A.   It's fruitless.

6   Q.   Why is that?

7   A.   Because I don't want to get my hopes up or

8   get it let down, so I have not.

9   Q.   So like the corporation, you know, put

10  projections and stuff like that.  You haven't in your

11  mind put a price tag as far as what you think your

12  case is worth or anything like that?  Just you

13  personally, not in anything as far as what you've

14  consulted with your lawyers on?

15       MR. RICHMAN:  Objection.  Asked and

16  answered.  You can go ahead.

17       THE WITNESS:  I can take 200 and multiply it

18  by 1500, if that's what you're asking.  But I don't

19  know how that pertains to the case or to any

20  settlement or to any other litigation that goes on

21  beyond that.

22  BY MR. SCHULTZ:



REPORTER'S CERTIFICATE

State of Virginia, City of Arlington, to Wit:

I, KENNETH NORRIS, a Notary Public of the State of Virginia, City of Arlington, do hereby certify that the within named witness personally appeared before me at the time and place herein set out, and after having been duly sworn by me, according to law, was examined. I further certify that the examination was recorded stenographically by me and this transcript is a true record of the proceedings.

I further certify that I am not of counsel to any of the parties, nor in any way interested in the outcome of this action.

As witness my hand and notarial seal this 9th day of January, 2015.

_____
KENNETH NORRIS
Notary Public

My Commission Expires: 2-28-15

Notary Registration Number: 7501816

1  DEPOSITION ERRATA SHEET
2
3  Our Assignment No.  255339.310311
4  Case Caption:  JEFFREY MOLNAR, et al.
5  vs.  NCO FINANCIAL SYSTEMS, INC.
6
7  DECLARATION UNDER PENALTY OF PERJURY
8  I declare under penalty of perjury
9  that I have read the entire transcript of
10  my Deposition taken in the captioned matter
11  or the same has been read to me, and
12  the same is true and accurate, save and
13  except for changes and/or corrections, if
14  any, as indicated by me on the DEPOSITION
15  ERRATA SHEET hereof, with the understanding
16  that I offer these changes as if still under
17  oath.
18  Signed on the _____ day of
19  _____, 20___.
20
21  _____
22  WESLEY ALLEN THORNTON