UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Jeffrey Molnar, et al.,<br>                              Plaintiffs,<br>vs.<br>NCO Financial Systems, Inc.,<br>                              Defendant. | Case No.: 13-cv-131-BAS (JLB)<br>**ORDER DENYING MOTION FOR SANCTIONS**<br>[ECF No. 120] |
|---|---|

Presently before the Court is Defendant's Motion for Discovery Sanctions. (ECF No. 120.) Defendant requests, under Fed. R. Civ. P. 37, "an order barring Plaintiffs from introducing evidence relating to communications and damages not disclosed to date in connection with any motion, at a hearing, or at a trial." (ECF No. 120-1 at 3.)

On September 10, 2014, this Court ordered Plaintiffs to respond to discovery requests concerning damages and the identification of communications with Defendant. (ECF No. 104.) The parties agree that, on September 23 and October 6, 9, and 10, 2014, Plaintiffs provided Defendant with supplemental interrogatory responses and documents. Defendant argues that the supplemental discovery responses are deficient, and thus, the Fed. R. Civ. P. 37 sanction sought is

1  appropriate.  Plaintiffs respond on the merits and argue that the parties did not meet
2  and confer regarding the content of the motion before the Court.
3       Having reviewed the record before the Court, Defendant's Motion for
4  Discovery Sanctions (ECF No. 120) is DENIED WITHOUT PREJUDICE.  First,
5  the Court is not persuaded that the parties completed the meet and confer process
6  with respect to the sufficiency of Plaintiffs' supplemental responses.  Second,
7  Defendant has failed to carry its burden of showing Plaintiffs' discovery responses
8  are incomplete, and therefore, in violation of this Court's prior discovery order.[1]
9       Granting Defendant's motion would foreclose Plaintiffs from utilizing any
10 documents they may later unearth, effectively barring subsequent good faith
11 supplementation.  There is no evidence before the Court that Plaintiffs are
12 withholding documents or information within their possession, custody or control
13 with respect to the discovery sought.  Thus, the sanction sought by Defendant is
14 inappropriate at this time.
15      However, if Defendant can provide or subsequently uncover credible
16 evidence that Plaintiffs (a) have deliberately retained documents relevant to
17 proving (or disproving) their damages or communications with NCO; and (b) has

---

[1] For example, Defendant argues that Plaintiffs' responses are deficient because they identify their communications with NCO by directing NCO to see its own records.  However, Plaintiffs' responses identify the exact bates numbers of responsive documents in NCO's possession. (ECF No. 121-2.)  This is permissible under Fed. R. Civ. P. 33(d).

done so in an effort to prevent these documents' exposure prior to a decision on Plaintiffs' motion for class certification (or for the sake of obtaining another tactical advantage), Defendant can seek leave to file an appropriate motion, after meeting and conferring with Plaintiffs.

Finally, Defendant complains that Plaintiffs' interrogatory responses are unverified. Plaintiffs do not dispute that their responses are unverified. Defendant is entitled to have from the Plaintiffs verified responses to its interrogatories.

For the reasons stated above, IT IS ORDERED:

1. Defendant's Motion for Discovery Sanctions (ECF No. 120) is DENIED WITHOUT PREJUDICE; and

2. Plaintiffs shall provide Defendant with verified (and supplemented, if appropriate) interrogatory responses on or before **February 20, 2015**.

Dated: February 5, 2015

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge