Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *pro hac vice*)
cdore@edelson.com
J. Dominick Larry
nlarry@edelson.com (Admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

(additional counsel on signature block)

*Counsel for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, WESLEY THORNTON, AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN, and ANTOINETTE STANSBERRY individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation,<br><br>*Defendant*. | Case No. 3:13-cv-00131-BAS-JLB<br><br>**JOINT MOTION FOR REQUEST FOR TELEPHONIC APPEARANCE BY FOUR PLAINTIFFS AT MANDATORY SETTLEMENT CONFERENCE**<br><br>**Date:       June 17, 2015**<br>**Time:       9:00 A.M.**<br>**Location:  Chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, Sam Diego, California 92101** |

# JOINT MOTION FOR REQUEST FOR TELEPHONIC APPEARANCE BY FOUR PLAINTIFFS AT THE MANDATORY SETTLEMENT CONFERENCE

Plaintiffs Aileen Martinez, Chiquita Bell, Teyia Bolden, and Antoinette Stansberry (collectively "Plaintiffs"), jointly with Defendant NCO Financial Systems, Inc., by and through their undersigned counsel and pursuant to Judge Burkhardt's Civil Chambers Rules II(C) and VIII, respectfully request that the Court enter an order allowing Plaintiffs to appear telephonically for the Parties' Mandatory Settlement Conference ("MSC"). In support of the instant motion, Plaintiffs state as follows:

1. In its November 24, 2014 Amended Scheduling Order, the Court directed the Parties to participate in an in-person MSC set for May 12, 2015 at 1:30 PM before Magistrate Judge Jill L. Burkhardt. (*See* Dkt. 127.)

2. On April 28, 2015, Judge Burkhardt granted the Parties' Joint Motion to Continue, and the in-person MSC was reset for June 17, 2015 at 9:00 AM. (*See* Dkt. 178.)

3. Pursuant to Rule II(C), all named parties and their counsel are required to appear in person at the MSC unless circumstances suffice to excuse their presence.

4. However, on January 23, 2015, Plaintiff Thornton filed his motion for class certification, seeking to be appointed as class representative for two proposed classes. (Dkt. 134.) Plaintiffs Martinez, Bell, Bolden, and Stansberry did not joint in that motion, are not seeking to represent any proposed classes, and are proceeding with their claims on a wholly individual basis.

5. Accordingly, Plaintiffs Martinez, Bell, Bolden, and Stansberry respectfully request leave to participate by telephone at the MSC. Plaintiff Thornton, and Plaintiffs' counsel, will be appearing in person at the MSC.

6. Given Plaintiffs' aim at the MSC—namely, to reach a class-wide settlement—Plaintiffs (excluding Thornton) believe there are sufficient grounds to excuse them from personally appearing at the MSC. Plaintiffs Martinez, Bell, Bolden,

and Stansberry's telephonic appearance will not inhibit their ability to meaningfully participate in, or contribute to, the settlement conference.

7. Further, allowing these Plaintiffs to appear telephonically would allow them to satisfy their obligations in this case, while at the same time avoiding any disruptions to their individual ongoing work and family commitments caused by the need to travel for a physical appearance in San Diego (as well as to conserve the significant resources associated with such travel).[1] Although Plaintiffs recognize that distance and cost of travel *alone* do not constitute adequate grounds to excuse their personal appearance, each has substantial grounds justifying excusal of their in-person appearance at the settlement conference.

8. For instance, Plaintiff Stansberry, in addition to having work and childcare commitments, is currently caring for her elderly father, such that traveling to and from the settlement conference would impose a substantial burden. She is, however, able to meaningfully participate in the conference by telephone.

9. Likewise, Plaintiff Martinez is currently caring for her elderly mother, and would therefore be unable to travel overnight to and from the settlement conference. Like Plaintiff Stansberry, Plaintiff Martinez is able to meaningfully participate by telephone.

10. Plaintiff Bolden, similarly, is the caretaker and provider for three children, including an 8-month-old baby, such that requiring her in-person appearance at the conference would impose a substantial burden and cost. As with Plaintiffs Martinez and Stansberry, Plaintiff Bolden is able to participate in the settlement conference by telephone as necessary.

---

[1] Of course, to the extent the Court disagrees and orders that these Plaintiffs appear in-person at the MSC, they will make the necessary arrangements to do so.

11. Finally, Plaintiff Bell is the provider for two children, and cannot feasibly travel to and from the settlement conference. As with the other Plaintiffs, Plaintiff Bell is able to participate in the settlement conference by telephone.

12. In light of the foregoing, Plaintiffs Stansberry, Martinez, Bolden, and Bell believe extraordinary circumstances exist justifying their telephonic participation in the June 17th settlement conference with the Court.

WHEREFORE, Plaintiffs Aileen Martinez, Chiquita Bell, Teyia Bolden, and Antoinette Stansberry, jointly with Defendant NCO Financial Systems, Inc., respectfully request that the Court enter an Order granting Plaintiffs Martinez, Bell, Bolden, and Stansberry leave to appear by telephone at the MSC in this matter.

Respectfully Submitted,

**AILEEN MARTINEZ, CHIQUITA BELL, TEYIA BOLDEN,** and **ANTOINETTE STANSBERRY** individually,

Dated: June 5, 2015            By: s/ J. Dominick Larry
                                   *Counsel for Plaintiffs*

Jay Edelson (Admitted *pro hac vice*)
jedelson@edelson.com
Rafey S. Balabanian (Admitted *pro hac vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *pro hac vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *pro hac vice*)
cdore@edelson.com
J. Dominick Larry (Admitted *pro hac vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Ronald A. Marron
ron@consumersadvocates.com
Alexis M. Wood

alexis@consumersadvocates.com
Kas Gallucci
kas@consumersadvocates.com
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, California 92103
Tel: 619.696.9006
Fax: 619.564.6665

Douglas J. Campion
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Tel: 619.299.2091
Fax: 619.858.0034

Keith J. Keogh (Admitted *pro hac vice*)
keith@keoghlaw.com
KEOGH LAW, LTD
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
Tel: 312.726.1092
Fax; 312.726.1093

|  |  |
|---|---|
| DATED: June 5, 2015 | By: <u>s/ James K. Schultz</u><br>James K. Schultz (*pro hac vice*)<br>**SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.C.**<br>*Attorney for Defendant* |

## **SIGNATURE CERTIFICATION**

    Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to James Schultz, counsel for Defendant, and that I have obtained his approval for his electronic signature to this document.

Dated:       June 5, 2015                              By: s/ J. Dominick Larry