# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MOLNAR, *ET AL.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No. 13-cv-00131-BAS(JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING *EX PARTE* APPLICATION SEEKING LEAVE TO FILE DOCUMENTS UNDER SEAL (ECF NO. 132);**<br><br>**(2) GRANTING *EX PARTE* MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (ECF NO. 145);**<br><br>**(3) GRANTING *EX PARTE* APPLICATION SEEKING LEAVE TO FILE DOCUMENTS UNDER SEAL (ECF NO. 157); AND**<br><br>(4) **GRANTING *EX PARTE* MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (ECF NO. 161)** |

　　　The parties have filed several unopposed *ex parte* motions to file documents under seal in connection with a Motion for Class Certification filed by Plaintiff Wesley Thornton ("Plaintiff"). (*See* ECF Nos. 132, 145, 157, 161.)

///

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178–79.

Records attached to non-dispositive motions, however, are not subject to the strong presumption of access. *Id.* at 1179. Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c). *Id.* (internal quotations omitted). "[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Kamakan*a, 447 F.3d at 1180 (requiring a "particularized showing" of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A blanket protective order is not itself sufficient to show "good cause" for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus., Inc.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Unless the denial of a motion for class certification would constitute the death knell of a case, "the vast majority of []courts within this circuit" treat motions for class certification as non-dispositive motions to which the "good cause" sealing

standard applies. *Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-WHA(NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (citing I*n re High–Tech Employee Antitrust Litig.*, No. 11-cv-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (compiling cases and, though recognizing that "there may be circumstances in which a motion for class certification is case dispositive," stating that "the Court applies a 'good cause' standard here in accordance with the vast majority of other courts within this circuit"))).

## II.  DISCUSSION

### A.  Plaintiff's Unopposed *Ex Parte* Application (ECF No. 132)

Plaintiff seeks to file certain documents under seal in connection with the filing of Plaintiff's Motion for Class Certification. Plaintiff states Defendant NCO Financial Systems Inc. ("NCO") designated several of the documents "confidential" pursuant to the Protective Order in this case because the documents contain proprietary information relating to NCO's "internal accounts and also their call logs and collection efforts." (ECF No. 132 at p. 3, lines 17-19.) Plaintiff also seeks to file under seal documents that contain, reference, quote, and attach "personal identifiers," including Social Security numbers, dates of birth, financial account numbers, and home addresses. (*Id.* at p. 4, lines 2-5.) Lastly, Plaintiff seeks to file under seal records of Plaintiff's accounts with certain creditors and other personal financial information. (*Id.* at p. 4, lines 10-11.) Having reviewed the lodged documents, and good cause appearing, the Court **GRANTS** Plaintiff's unopposed *ex parte* application seeking leave to file the documents lodged at ECF No. 133 under seal.

### B.  NCO's Unopposed *Ex Parte* Motion (ECF No. 145)

NCO seeks to file certain documents under seal in conjunction with NCO's opposition to Plaintiff's Motion for Class Certification. NCO argues several of the lodged documents contain third party account information, which they are prohibited from placing on the public record by virtue of federal law and contractual restrictions.

NCO also asserts certain lodged documents contain information amounting to trade secrets and confidential commercial information. Having reviewed the lodged documents, and good cause appearing, the Court **GRANTS** NCO's unopposed *ex parte* motion seeking leave to file the documents lodged at ECF Nos. 146 and 147 under seal.

### C. Plaintiff's Unopposed *Ex Parte* Application (ECF No. 157)

Plaintiff seeks to file certain documents under seal in connection with the filing of his reply in support of his Motion for Class Certification. Plaintiff argues good cause exists to file the lodged documents under seal because they constitute proprietary business information. Having reviewed the lodged documents, and good cause appearing, the Court **GRANTS** NCO's unopposed *ex parte* application seeking leave to file the documents lodged at ECF No. 158 under seal.

### D. NCO's Unopposed *Ex Parte* Motion (ECF No. 161)

NCO seeks to file certain documents under seal in connection with the filing of its surreply to the Motion for Class Certification for the same reasons discussed in its prior motion to seal (ECF No. 145). Having reviewed the lodged documents, and good cause appearing, the Court **GRANTS** NCO's unopposed *ex parte* motion seeking leave to file the documents lodged at ECF No. 162 under seal.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the unopposed *ex parte* motions to seal (ECF Nos. 132, 145, 157, 161).

**IT IS SO ORDERED.**

**DATED: September 30, 2015**

Hon. Cynthia Bashant
United States District Judge